U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 17 PM 4:04

BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

************************************
SCOTT TRAUDT,                      *
Plaintiff                          *
                                   *
v.                                 *   Docket Number: 2:24-cv-782
                                   *   **JURY TRIAL DEMANDED**
ARI RUBINSTEIN                     *
Defendant                          *
                                   *
GTS SECURITIES LLC                 *
GTS EQUITY PARTNERS LLC            *
GTS EXECUTION SERVICES LLC         *
Defendant                          *
                                   *
CHARLES W. SCHWAB AND CO. INC.     *
SCHWAB HOLDINGS, INC.              *
Defendant                          *
                                   *
FINANCIAL INDUSTRY                 *
REGULATORY AUTHORITY               *
Defendant                          *
                                   *
GARY GENSLER                       *
US SECURITIES AND EXCHANGE         *
COMMISSION                         *
Respondent                         *
                                   *
************************************

NOW COMES Scott Traudt, Plaintiff in the above-captioned matter, and does present this MOTION IN LIMINE FOR LIMITED CLASS ACTION CERTIFICATION PURSUANT TO F.R.C.P. 23 FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IN THIS MATTER in order to preserve the litigation rights of 65,000 MMTLP shareholders similarly positioned.

## MOTION IN LIMINE FOR LIMITED CLASS ACTION CERTIFICATION PURSUANT TO F.R.C.P. 23 FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS IN THIS MATTER

### A. Matters within the pleadings

1

Traudt incorporates all of the factual allegations #'s 1 through #187 of Traudt's COMPLAINT in this matter as the factual basis for this motion. In summary:

1. At this juncture there has been no legally defensible reason proven by FINRA for the unrestricted and ongoing U3 trading halt of 9 December 2022 in the MMTLP security.

2. Over 65,000 people have been locked out of their investment in MMTLP and the total economic damage to this group almost certainly 99% US nationals is over $1.65 billion US.

3. Over 800 FOIA requests filed by MMTLP shareholders have been filed with the SEC to obtain answers to why the trading was cutoff with fully two days left to trade by FINRA. All that has been obtained were the emails from FINRA's Fraud Detection Vice-President Sam Draddy showing the fraud was known for an extended period *before* the halt. (**See Appendix A.**)

4. The convoluted nature of how MMTLP came to trade against the specific instructions of the management of MMAT and TRCH shows at the very least that there was an entire repertoire of document fraud and even brazen back dating (as FINRA changed the date of the D-1 filing in MMTLP *months* after the U3 trading halt) that FINRA was a part of in full.

5. It is impossible for any member of the class of 65,000 MMTLP share holders at this juncture to ascertain what regulatory scheme may be employed to greatly truncate the statute of limitations for fraud in this catastrophic event and prevent MMTLP shareholders from being able to sue and defend their interests. The past is a predictor of future actions, and FINRA, Rubinstein, Schwab, and GTS all have the means and the

necessary resources to create a statute of limitations tolling false flag event to the detriment of all 65,000 shareholders.

6. Under 28 USCS 1658(b), the statute of limitations for security fraud is two years. At the very least, this means that 8 December 2024 would be the last day by which any of the 65,000 shareholders could file suit to protect their interests in a US District Court if the interpretation by this court is that the U3 trading halt of 9 December 2022 was the earliest date by which discovery of the fraud and RICO activities *inter alia* could have been discovered by reasonable due diligence.

7. Evaluating #6, above, there is now a growing body of evidence that the fraud and RICO activities of the defendants and other named individuals in the complaint have actively concealed share counts, offshore broker-dealers, and the amount of naked shorting done illegally using counterfeits supplied by Rubinstein and GTS, and that these dates preceded 9 December 2022.

8. All 65,000 shareholders are firmly and conclusively clustered as one group meeting the numerosity, commonality, and typicality requirements of FRCP 23.

9. Traudt, as plaintiff in this matter, does not seek nor can he seek to represent any and all other members of the class of 65,000 MMTLP shareholders but for this one slender issue of law and fact that would safeguard the interests of 65,000 MMTLP shareholders who thus far have had NONE of their interests guarded by the SEC, FINRA, or Congressional hearings involving MMTLP's trading halt.[1]

---

[1] Over 70 Congressman and Senators have filed numerous letters with the SEC and FINRA as to why 65,000 MMTLP shareholders were utterly screwed by the U3 trade halt. None of them – despite thousands of emails and calls from constituents – to include members of the US House Finance Committee saw fit to subpoena the infamous

3

## B. Matters outside the pleadings

10. MMAT, the high technology company that merged with TRCH and created the MMTLP preferred dividend that illegally came to trade as MMTLP, is currently selling off its assets at breakneck speed and moving servers and computer files at the behest of its newest Board of Directors.

11. It has sold $80 million US in assets in the last three weeks at fire sale prices ($10 million US) in order to expedite the liquidation of MMAT.

12. Computer systems and servers housed at its former corporate office have been relocated and are now under the command and control with an enterprise with no specific duties to keep corporate records regarding sales, transfers, and investment operations into and out of MMAT by its corporate officers, owners, and *former* corporate officers. (**See Appendix B**).

13. Upon information, belief, and instinct it appears that the rush to destroy MMAT is to conceal the criminal activities involved in the trading of MMTLP.

## C. The legal basis for this motion

Traudt acknowledges that equitable tolling is typically sought once the statute of limitations has already passed and that courts generally apply this doctrine to allow plaintiffs to pursue claims that would otherwise be time-barred due to circumstances beyond their control that prevented timely filing.

In the case of **Traudt v. Rubinstein**, however, equitable tolling should arguably apply at this instant even before the "best case scenario" statute of limitations date of 9 December 2022 tolls out of an abundance of caution and safeguarding in a

---

bluesheets pulled by FINRA's Sam Draddy that showed the cumulative trades of all flavors in the MMTLP fiasco.

securities situation made difficult to assess the statute of limitations issue because of the complicated chain of events leading to the 9 December 2022 U3 halt.

At the very least, Traudt herein makes the court aware of looming statute of limitations issues involving the 65,000 MMTLP shareholders. Traudt further argues that pursuant to FRCP 23(b)(3), this limited motion plainly fits this criteria as the questions of law or fact common to class members *on this solitary issue* predominate over any questions affecting only individual members, and that a limited class action certification to prevent any ambushes of the 65,000 MTLP shareholders at later court dates is superior to other available methods for fairly and efficiently adjudicating the limitations issue right now.

In short, this motion does not:

a. Compromise any members of the MMTLP class' ability and right to sue independently.

b. Truncate any rights and immunities of MMTLP class members.

c. Mandate any financial settlement for the MMTLP class via resolution of Traudt's claims.

In closing, Traudt cites the following case as not exactly on point (Traudt could find no legal cases anywhere where a *pro se* litigant sought and won class action certification of any kind) but fully in keeping with the spirit of what he is trying to do here: in **Harrow v. Department of Defense No: 23-21 US Supreme Court 598 (2024)**, the Supreme Court's analysis indicated the flexibility of procedural deadlines under certain circumstances, although it typically addresses these issues post-expiration. But because Harrow settled on jurisdictional issues that were time sensitive, Traudt has a right

to be fearful of FINRA or SEC "sleight of hand" in forthcoming proceedings and a statute of limitations ambush of all 65,000 MMTLP shareholders.

Traudt hereby requests a Certification Order of this court pursuant to FRCP 23(b)(3) and as a class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state the nature of the action, the definition of the class, the class claims, issues, or defenses, and that a class member may enter an appearance through an attorney if they desire.

Dated: July 17, 2024

Scott Traudt, *pro se ipso*
191 Kibling Hill Road
Strafford, VT 05072

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Motion has been forwarded via US Postal Service First Class to all Defendants this \_\_\_ day of July, 2024.

Dated: 7/17/2024
P.O. tommalow
for service

Scott Traudt
*Pro Se*

6