# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, )<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>ARI RUBINSTEIN, )<br>GTS SECURITIES LLC, )<br>GTS EQUITY PARTNERS LLC, )<br>GTS EXECUTION SERVICES LLC, )<br>CHARLES W. SCHWAB AND CO. INC., )<br>SCHWAB HOLDINGS, INC., )<br>FINANCIAL INDUSTRY REGULATORY )<br>AUTHORITY, )<br>   Defendants, )<br>)<br>GARY GENSLER, )<br>US SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>   Respondent )<br>) | Case No. 2:24-cv-782 |

**MOTION TO HOLD RULE 12 RESPONSE DEADLINE IN ABEYANCE OR IN THE ALTERNATIVE FOR AN UNOPPOSED 20-DAY EXTENSION FOR <u>CHARLES SCHWAB & CO., INC. AND SCHWAB HOLDINGS, INC.</u>**

Defendants Charles Schwab & Co., Inc. and Schwab Holdings, Inc. (collectively, "Schwab") request that the Court hold their obligation to file a Rule 12 response to the Complaint in abeyance pending resolution of their Motion to Stay in Favor of Arbitration (ECF No. 8). In the alternative, Schwab and Plaintiff have agreed to a 20-day extension of the Rule 12 deadline insofar as it relates to Schwab. As grounds therefore, Schwab submits as follows:

*Smith v. Spizzirri,* 601 U.S. 472 (2024), strongly suggests that defendants seeking to redirect a federal district court case to arbitration should ordinarily seek

a stay of the litigation, pursuant to 9 U.S.C. § 3, rather than a dismissal of the case, pursuant to Fed. R. Civ. P. 12.  *See Spizzirri*, 601 U.S. at 477 ("[Section 3] overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration.").  Schwab has done so here.

A motion to stay under § 3 of the FAA does not fall within the ambit of Rule 12(h)(1).  *See Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 985 (7th Cir. 2024).  *Spizzirri* does not address a related question: whether filing a motion to stay under § 3 of the FAA tolls the time to file a "responsive pleading" under Fed. R. Civ. P. 12(a).  Because the answer to that question is not yet clear, Schwab submits this motion out of an abundance of caution.

The purpose of the FAA is "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *Spizzirri*, 601 U.S. at 478 (quoting (*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).  It would be inconsistent with that purpose for the Federal Rules of Civil Procedure to require a responsive pleading prior to the resolution of a § 3 motion to stay.  Here, as in many cases, a responsive pleading would be in the form of a motion to dismiss, which is not an "easy" exercise.  Accordingly, Schwab respectfully asks the Court to hold its responsive pleading deadline in abeyance pending resolution of its Motion to Stay In Favor of Arbitration.  *See Spizzirri*, 601 U.S. at 478 ("District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires.").

In the alternative, Plaintiff has consented to Schwab's request for an additional

20 days to file its responsive pleading.[1]  If the Court declines to hold the responsive pleading deadline in abeyance, Schwab respectfully requests that the Court grant this assented-to extension of time, such that Schwab's response to the Complaint is due on or before **September 3, 2024**.

DATED at Burlington, Vermont, this 14th day of August 2024.

By: */s/ Justin B. Barnard*
Justin B. Barnard, Esq.
Anne B. Rosenblum, Esq.
**DINSE P.C.**
209 Battery Street
Burlington, VT  05401
802-864-5751
jbarnard@dinse.com
arosenblum@dinse.com

Jeff Goldman, Esq. (admitted *pro hac vice*)
Felipe Escobedo, Esq. (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
jeff.goldman@morganlewis.com
felipe.escobedo@morganlewis.com

*Counsel for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.*

---

[1] Plaintiff declined to consent to Schwab's request to stay or hold in abeyance the deadline for its response to the Complaint pending resolution of the Motion to Stay In Favor of Arbitration.

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, the foregoing **Motion to Hold Rule 12 Response Deadline In Abeyance Or In the Alternative For An Unopposed 20-Day Extension for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.** is being filed through the CM/ECF system and that a copy of the same will be sent electronically to all registered participants. A paper copy of the above-referenced documents will also be sent to the Plaintiff at the following address:

Scott Traudt
191 Kibling Hill Road
Strafford, VT 05072

*/s/ Jeff Goldman*
Jeff Goldman
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
jeff.goldman@morganlewis.com