UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, </br></br> Plaintiff, </br></br> v. </br></br> ARI RUBINSTEIN, </br> GTS SECURITIES, LLC, </br> CHARLES W. SCHWAB & CO., INC., </br> FINANCIAL INDUSTRY </br>  REGULATORY AUTHORITY, and </br> GARY GENSLER, </br></br> Defendants. | Case No. 2:24-cv-00782 |

### FINANCIAL REGULATORY AUTHORITY'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Pursuant to Local Rule 7(a)(3), Defendant Financial Regulatory Authority ("FINRA"), by and through undersigned counsel, submits this opposition to pro se Plaintiff Scott Traudt's Motion for Extension of Time (ECF 16) filed with the Court on Friday, August 23, 2024 (the "motion"). For the reasons set forth below, the motion should be denied as to Defendant FINRA.

The motion requests the Court to "set 17 September 2024 as the synchronized date by which all defendants can file their responses to the complaint." Motion at 2, ¶ 4.[1] In fact, pursuant to F.R.C.P. 4(d)(3), FINRA has until October 7, 2024 to respond to the Amended

---

[1] The operative document to which FINRA will respond at the appropriate time is the Amended Complaint, filed on July 23, 2024 (ECF 4).

Complaint, so the "extension" to September 17 is not an extension at all, but rather a curtailment of FINRA's procedural rights by almost three (3) weeks.

Plaintiff commenced this action on July 17, 2024 by filing his original Complaint naming several defendants.[2] Plaintiff purported to serve FINRA by simply mailing a copy of the lawsuit papers to FINRA's Washington, DC office. On August 7, 2024, undersigned counsel for FINRA emailed Mr. Traudt, explaining that FINRA had not been properly served,[3] but offering to waive formal serve under F.R.C.P. 4(d), thereby saving him the costs of making formal service. Accordingly, undersigned counsel included in his email to Mr. Traudt a link to the federal Rule 4(d) waiver form, AO398. See **Exhibit A** hereto (August 7 email from Walter Judge to Scott Traudt). Later on August 7, Mr. Traudt returned the signed form ("Notice of Lawsuit and Request to Waive Service of a Summons" addressed to FINRA) to undersigned counsel. See **Exhibit B** hereto. Promptly by email dated August 8, 2024, undersigned counsel returned a signed waiver of service form (AO399). In that email, undersigned counsel advised Mr. Traudt that by signing and returning the waiver of service, FINRA would have until October 7, 2024 to respond to the Amended Complaint under F.R.C.P. 4(d)(3). See **Exhibit C** hereto. In subsequent emails, Mr. Traudt has never controverted FINRA's contention that it has until October 7 to respond.[4] Accordingly, FINRA has at least until October 7 to respond to the Amended Complaint, not September 17.

---

[2] As alluded to in the GTS and Rubenstein Defendants' Motion to Dismiss filed on August 23 (ECF 18) ("the GTS motion"), this is one many lawsuits filed by Mr. Traudt. GTS Motion at 4, n.4. The GTS motion does not list them all.

[3] FINRA has an authorized agent for service of process.

[4] Although Mr. Traudt has had FINRA's waiver form since August 8, he has not filed it with the Court. Nor has he filed any proof of service for any defendant with the Court. Thus, FINRA does not know if and when any of the other defendants have been served.

On August 23, 2024, via an email received by undersigned counsel at 11:11 AM, Mr. Traudt sent his motion for extension to defense counsel and wrote, "If anyone objects, let me know by the end of the day please." Undersigned counsel for FINRA was not able to respond by the end of the day on August 22, but on August 23 at 1:02 PM undersigned counsel emailed Mr. Traudt that FINRA could not agree to the motion, and reminded him that FINRA has until October 7 to respond to the Amended Complaint. See **Exhibit D** hereto. But, by that time, without further notice to FINRA, Mr. Traudt had already filed his motion. ECF 16 (filed 11:16 AM). (Undersigned counsel for FINRA did not file his Notice of Appearance via ECF until later in the day on August 23 (ECF 17) and did not start receiving ECF notices until that time. Therefore, when undersigned counsel emailed Mr. Traudt at 1:02 PM stating that FINRA could not agree to his motion, undersigned counsel was not aware that Mr. Traudt had in fact already filed it.) It does not appear that Mr. Traudt waited for any of the defendants to respond to his August 22 email before he filed his motion the next morning. Nor has Mr. Traudt responded to Exhibit D, either to acknowledge or dispute FINRA's position that it has until October 7 to respond to the Amended Complaint or to acknowledge that he filed his motion before FINRA had a chance to respond to him about it.

In sum, FINRA objects to any attempt Plaintiff now makes to unilaterally shorten the time by which FINRA must respond to the Amended Complaint (Oct. 7, 2024). Accordingly, FINRA will respond to the Amended Complaint in the form of a motion to dismiss under Fed. R. Civ. P. 12 on or before Monday, October 7. Therefore, Plaintiff's motion should be denied as to FINRA.

FINRA's motion to dismiss will include, among other grounds, a defense based on lack of personal jurisdiction. FINRA's appearance herein to respond to Mr. Traudt's motion should

not be construed as consent to personal jurisdiction in this forum. In addition, unless the Court stays Plaintiff's two (2) other pending premature and inappropriate "discovery" motions (ECF 13 and 14), FINRA will have no choice but to respond and oppose those motions before it will have an opportunity to assert its personal jurisdiction defense. ECF 13 was filed on August 16 and ECF 14 was filed on August 20, and, therefore, FINRA has until August 30 and September 3, respectively, to respond to those motions. Because FINRA will not be seeking affirmative relief from the Court in opposing those motions (but only the denial of them), FINRA's opposition to those motions also should not be construed as consent to personal jurisdiction.[5]

Finally, Plaintiff's remaining assertions in his motion, which consist of legal conclusions and gratuitous, unsupported, and inflammatory statements against FINRA (motion at 2-3 and n.1), and have nothing to do with an extension of time, do not warrant a response at this time.

Dated at Burlington, Vermont, this 25th day of August, 2024.

                                              DOWNS RACHLIN MARTIN PLLC

By:   /s/ Walter E. Judge, Jr.
      Walter E. Judge, Jr., Esq.
      199 Main Street
      P.O. Box 190
      Burlington, VT 05402-0190
      (802) 863-2375
      wjudge@drm.com

      ATTORNEYS FOR DEFENDANT

---

[5] In an email dated August 20, undersigned counsel explained to Mr. Traudt that there was no procedural or substantive basis for his proposed discovery motions. FINRA's time for responding to the Amended Complaint was more than a month away; not all parties have appeared; the parties have not conferred on a pre-trial schedule under F.R.C.P. 26(d)(1); and FINRA would be moving to dismiss under Rule 12 all of his claims against it. But he filed the discovery motions anyway.

## CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Sunday, August 25, 2024, I electronically filed with the Clerk of Court the foregoing Response to Plaintiff's Motion for Extension of Time to Respond to Complaint, using the CM / ECF system.  The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.  I also certify that I served the document by email on the pro se plaintiff and counsel of record:

Scott Traudt
sct545@proton.me

Felipe Escobedo, Esq.
felipe.escobedo@morganlewis.com
Jeff Goldman, Esq.
jeff.goldman@morganlewis.com
Justin B. Barnard, Esq.
jbarnard@dinse.com
Anne B. Rosenblum, Esq.
arosenblum@dinse.com

Jonathan R. Voegele, Esq.
jonathan@moka.law

    /s/ Walter E. Judge, Jr.
Walter E. Judge, Jr.

22988497.1