**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| SCOTT TRAUDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00782 |
| | ) | |
| ARI RUBINSTEIN, | ) | |
| GTS SECURITIES, LLC, | ) | |
| CHARLES W. SCHWAB & CO., INC., | ) | |
| FINANCIAL INDUSTRY | ) | |
|   REGULATORY AUTHORITY, and | ) | |
| GARY GENSLER, | ) | |
| | ) | |
| Defendants. | ) | |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

I.      **PRELIMINARY STATEMENT**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this memorandum of law in opposition to Plaintiff's motion for expedited discovery (ECF No. 14).

Plaintiff filed his motion for expedited discovery without regard for the Federal Rules governing the timing and scope of discovery, and without regard for the fact that each and every claim against FINRA is subject to outright dismissal.  There is no reason why this issue should even be before the Court at this time.  The motion was filed: (i) before FINRA was properly served; (ii) before FINRA's response to the complaint is due (after FINRA agreed to waive service of process); (iii) before FINRA's co-defendants' motions to dismiss were filed; (iv) before a motion to compel arbitration filed by one of the co-defendants has been decided; and (v) before any Rule 26(f) conference has been conducted (a prerequisite to any discovery under the Federal Rules).

Under the circumstances, there is no basis to order expedited discovery. The expedited discovery being sought does not relate to any preliminary matters before the Court (one of the few exceptions to the general rule that no discovery is permitted before a Rule 26(f) conference). Further, all discovery is subject to being stayed (and FINRA intends to request such a stay following the filing of its motion to dismiss) because numerous courts have held that entities such as FINRA are not subject to the burdens of discovery when they have immunity from suit, and the claims are subject to dismissal.  As discussed in FINRA's concurrently filed opposition to Plaintiff's motion for a preservation order (the "FINRA Preservation Order Opposition"), FINRA intends to seek dismissal of Plaintiff's Complaint because: (i) FINRA is not subject to personal jurisdiction in this Court; (ii) FINRA is absolutely immune from suit because all of FINRA's alleged misconduct was regulatory in nature; (iii) there is no private right of action against FINRA for acts or omissions in connection with its duties as a regulator; (iv) RICO claims cannot be predicated on alleged securities fraud; and (v) Plaintiff otherwise fails to adequately plead a civil

RICO claim against FINRA. However, because Plaintiff's motion is an improper attempt to weaponize the discovery process, FINRA is compelled to respond to this motion in advance of filing its motion pursuant to Fed. R. Civ. P. 12(b)(2) and (6).[1]

Plaintiff also fails to establish any basis for the extraordinary relief being sought. First, Plaintiff has not demonstrated an urgent need for the requested discovery—he simply wants to skip all procedural requirements and obtain early discovery on the merits of his purported claims, which are subject to dismissal. Second, Plaintiff fails to establish that his request for expedited discovery would not impose a significant burden upon FINRA if it is required to produce the requested information (to the extent that information even exists). For these reasons, and others discussed herein, Plaintiff's motion for expedited discovery should be denied.

## II.   STATEMENT OF FACTS

Capitalized terms and phrases not defined herein have the meaning set forth in the FINRA Preservation Order Opposition. FINRA incorporates by reference the statement of facts contained in the contemporaneously filed FINRA Preservation Order Opposition, which FINRA supplements with the following.

### A.   Plaintiff's Efforts to Obtain Expedited Discovery Are Premature

As discussed in the FINRA Preservation Order Opposition, this motion is one of several attempts by Plaintiff to prematurely obtain discovery in this case. With this motion, Plaintiff seeks the following:

---

[1] By filing this opposition to Plaintiff's motion, FINRA does not intend to submit to the jurisdiction of this Court. Given the premature nature of Plaintiff's motion, FINRA reserves all arguments in support of its anticipated motion to dismiss, including lack of personal jurisdiction.

1.    Electronic Blue Sheets for the MMTLP stock. (ECF No. 14, at p. 2). Plaintiff offers no rationale for why expedited discovery of this allegedly relevant information is warranted. The same is true for all of the requests.

2.    Emails "regardless of recipient within either FINRA, the SEC, FINRA's Uniform Practice Committee, FINRA's management, or to private parties for the time period of 30 November 2022 to 9 December 2022" and including "Draddy's outgoing emails and incoming emails." (ECF No. 14, at p. 3). The overbreadth of this request speaks for itself—and Plaintiff ignores that electronic discovery and the process for collecting, reviewing, and producing email imposes a significant burden.

3.    "The MMTLP bluesheets in aggregate for MMTLP as they existed on 8 December 2022 at 4:00:00PM EST" with a "grand total of all shares being held of any kind in MMTLP at the termination of its trading that day." (ECF No. 14, at p. 3). Not only is this request duplicative of the first request, but it also demonstrates a fundamental misunderstanding of Blue Sheet Data. For example, Blue Sheet Data reflects detailed transactional data and does not reflect the position held in a specific security on a specific date by any person or entity. See Affidavit of Sam Draddy ("Draddy Aff."), attached as **Exhibit A** to the Declaration of Walter Judge in Support of FINRA's Opposition to Plaintiff's motion for expedited discovery, ¶¶ 8, 19.

4.    "The MMTLP bluesheets in aggregate for MMTLP as they existed on 8 December 2022 at 3:59:59PM EST." (ECF No. 14, at 4). This request, like the third request, is duplicative of the first request and, based on the fundamental misunderstanding of Blue Sheet Data, seeks data that does not exist.

See Pl. Memo. of Law for Expedited Discovery, ECF No. 14, at pp. 2-5.

**B.    FINRA Blue Sheet Data**

Blue Sheet Data is an investigative tool available to FINRA's examination and investigation teams.[2]  Draddy Aff. ¶ 6.  FINRA rules explicitly authorize FINRA to request Blue Sheet Data for the purpose of conducting regulatory investigations. See FINRA Rules 8211, 8213.[3]

---

[2] For the Court's benefit, FINRA is providing the Affidavit of Sam Draddy, which was filed by FINRA in response to a petition for pre-action discovery by another former MMTLP shareholder in New York State Supreme Court, to give this Court background and context for Plaintiff's requests.

[3] FINRA Rule 8211 is publicly available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/8211.  FINRA Rule 8213 is publicly available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/8213.

FINRA issues Blue Sheet Data requests to obtain detailed transactional data regarding a specific security for specified dates that are relevant to an ongoing investigation. Draddy Aff. ¶ 8.

FINRA uses a proprietary system to generate requests for Blue Sheet Data and to store responses from U.S.-based clearing firms. Id. ¶ 13. FINRA considers and treats Blue Sheet Data as highly sensitive and confidential because the data submitted by clearing firms includes confidential personal, financial, and identifying information for individual and other investors, including names, social security numbers, address information, and brokerage account numbers, and the data could reveal the confidential trading approach of firms and their customers. Draddy Aff. ¶¶ 11-12. To maintain confidentiality of the Blue Sheet Data, FINRA strictly limits access to its proprietary system. Draddy Aff. ¶ 9. Further, FINRA does not make Blue Sheet Data publicly available, and it does not voluntarily disclose Blue Sheet Data to third parties except the SEC, other regulators, and law enforcement pursuant to specific regulatory or law enforcement requests. Draddy Aff. ¶ 15.

Blue Sheet Data is complex and difficult to understand without significant knowledge, training, and experience. Draddy Aff. ¶ 17. Blue Sheet Data reflects transactions made by individuals or entities that executed trades in a specific security on specific dates. Draddy Aff. ¶ 19. Blue Sheet Data does not identify the position held in a specific security on a specific date by any person or entity. Id. Further, Blue Sheet Data does not contain information about whether or how a short position was covered or whether a short sale is "naked." Draddy Aff. ¶ 20.

Plaintiff has no basis to seek the Blue Sheet Data or any of the other information he demands as part of the motion for expedited discovery. The motion is baseless and premature and should be denied.

4

III.     **LEGAL ARGUMENT**

      A.     **Plaintiff Fails to Articulate a Basis for Expedited Discovery**

            1.     **Plaintiff's Request Is Not Reasonable or Necessary Given The Procedural Posture of The Case**

Federal Rule of Civil Procedure 26(d) provides that a party to a civil action may not seek discovery before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26. Put simply, courts do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009). As noted in Iqbal, controlled discovery is "especially important" where "defendants are entitled to assert the defense of qualified immunity" in part because "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" Ashcroft, 556 U.S. at 685.  Here, FINRA's motion to dismiss will establish that it is entitled to absolute immunity, which entitles FINRA to avoid the burdens of litigation, including discovery.

It is incumbent upon a requesting party to justify the request to expedite discovery.  Plaintiff cites Ayyash v. Bank Al-Madina, 233 F.R.D. 325 (S.D.N.Y. 2005), for the proposition that "Courts in this circuit apply a 'flexible standard of reasonableness and good cause' in evaluating motions for expedited discovery." (ECF No. 14, at p.8).  While Plaintiff correctly identifies the standard that applies to his motion, Plaintiff's reliance on Ayyash is misplaced because the facts in that case are easily distinguished. In Ayyash, the court found good cause and allowed expedited discovery concerning the defendants' assets because the plaintiff "made a strong evidentiary showing of the substantiality of his claims" and the defendants had "both incentive and capacity to hide [the assets at issue]." Ayyash, 233 F.R.D. at 327.  Ayyash involved foreign defendants, and the expedited discovery sought by the plaintiff was relevant to the application for "attachment of [defendants'] assets.".  Id. at 326. Under those circumstances, the court found "considerable urgency to plaintiff's

need to seek information about the location of defendants' possible assets within the United States"
and ordered the limited expedited discovery. Id., at 327.

In other words, requests for early discovery should be "reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at" any preliminary proceedings. McCarter & Eng., LLP v. Jarrow Formulas, Inc., No. 3:19CV01124 (MPS), 2019 WL 10630388, at *1 (D. Conn. Aug. 23, 2019) (citing Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728, 731 (S.D.N.Y. 1996)). Indeed, the cases upon which Plaintiff relies in support of his motion consistently establish that expedited discovery may be available, but only in limited circumstances. (See ECF No. 14, at p. 8). For example, Plaintiff cites Russell Reynolds Assocs., Inc. v. Usina, No. 23 CIV. 2369 (JHR), 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023), where the court addressed an expedited discovery request in advance of a preliminary injunction hearing and noted that even there an applicant does not have "an absolute right to merits discovery." Plaintiff also cites Fed. Exp. Corp. v. Fed. Espresso, Inc., No. CIV.A.97CV1219RSPGJD, 1997 WL 736530, at *2 (N.D.N.Y. Nov. 24, 1997), in which the court allowed limited discovery on issues "to be addressed at the preliminary injunction hearing." Further, Plaintiff cites the unpublished decision in The Daily Wire LLC v. U.S. Dep't of State, No. 6:23-cv-609 (D. Tx. Aug. 20, 2024) (slip op. attached as Appx. X to Plaintiff's motion, ECF No. 14-4)—where not only was the expedited discovery related to a pending preliminary injunction request, but the court had already considered and denied the defendants' motions to dismiss and to transfer venue. (Id., at 1).[4]

---

[4] Other cases cited by Plaintiff actually rejected the expedited discovery requests at issue. See Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary, No. 21-CV-6865 (VSB), 2022 WL 2901403, at *3 (S.D.N.Y. July 22, 2022) (denying the expedited discovery because "none of the cases cited by Plaintiffs in their letter-motion involved courts granting limited discovery based

Here, there are no preliminary proceedings before the Court, and Plaintiff has not otherwise established any urgent need for the requested discovery.  Moreover, Plaintiff is seeking expedited discovery even before FINRA has had an opportunity to present its motion to dismiss. Plaintiff argues that his motion to preserve is akin to a preliminary injunction, but that argument defies logic. A motion for preservation of evidence is not a request for a preliminary injunction (which carries an entirely different burden of proof). See Micolo v. Fuller, No. 15-CV-6374EAW, 2016 WL 158591, at *1 (W.D.N.Y. Jan. 13, 2016) (recognizing that while plaintiff "has denominated his motions as a motion for injunctive relief and a motion for a temporary restraining order, it appears from the substance of his submissions that Plaintiff is asking the Court to enter an order requiring the preservation of evidence."). Moreover, the expedited discovery sought by Plaintiff would not inform any issues related to whether a preservation order is necessary.

> **2.      Plaintiff's Request Is A Thinly-Veiled Attempt to Obtain Premature Discovery**

Plaintiff also argues that expedited discovery is warranted to prevent some purported ongoing harm. (ECF No. 14, at pp. 9-10 (citing Streamlight, Inc. v. Gindi, No. 18-CV-987 (NG), 2018 WL 8967042, at *2 (E.D.N.Y. Apr. 23, 2018), and N. Atl. Operating Co. v. Evergreen Distributors, LLC, 293 F.R.D. 363, 368 (E.D.N.Y. 2013), where the courts allowed limited discovery in copyright/trademark infringement cases)). However, this is not a copyright/trademark infringement case, and the discovery that Plaintiff seeks is irrelevant to any alleged ongoing harm. Plaintiff has offered no reason why the discovery he seeks cannot wait. Rather, Plaintiff's expedited discovery requests are merely "a thinly veiled attempt to circumvent the normal

---

solely on preserving testimony to support a plaintiff's claims"); BKGTH Prods., LLC v. Does 1-20, No. CIV.A. 13-5310, 2013 WL 5507297, at *9 (E.D. La. Sept. 30, 2013) (noting the need to show irreparable harm and whether evidence would be lost or destroyed and holding that "Plaintiff has failed to demonstrate good cause sufficient to warrant granting expedited discovery.").

litigation process."  In re Fannie Mae Derivative Litigation, 227 F.R.D. 142, 142 (D.D.C. 2005) (noting the relevant factors include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.").

The court's decision in Guttenberg v. Emery, 26 F. Supp. 3d 88, 98 (D.D.C. 2014), is instructive.  In that case, in which a preliminary injunction had been filed, the court evaluated reasonableness under the standard articulated by the Southern District of New York in Ayyash. The Guttenberg court noted that:

- The expedited discovery requests were not reasonable because "plaintiffs seek relatively broad discovery on issues going to the merits of their case—their discovery requests are not narrowly tailored to reveal information related to the preliminary injunction as opposed to the case as a whole." Guttenberg, 26 F. Supp. 3d at 98.
- "[T]he document requests are not narrowly tailored to seek information that would show plaintiffs' entitlement to a preliminary injunction." Id.

The Guttenberg court also noted that expedited discovery on the merits of the dispute should not be permitted if a party was moving to dismiss because the defendants would then be "forced to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action . . . ."  Id. at 99 (citing Twombly, 550 U.S. at 558,  (holding that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"); see also 5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1216, 233–34 (3d ed.2004) (cited by the Court in Twombly)).

Such is the case here. Plaintiff's request for expedited discovery seeks information that goes to the merits of his claims, and it is not tailored to address any preliminary matters before this

Court. Moreover, because FINRA's motion to dismiss will be dispositive, to avoid unduly burdening FINRA, discovery should not be permitted at this time.

### B.      Expedited Discovery Would Severely Prejudice FINRA

FINRA intends to file a dispositive motion to dismiss in this case.  Courts in the Second Circuit routinely hold that merits discovery should not proceed until a motion to dismiss is decided. See, e.g., Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 75 (S.D.N.Y. 2013) ("In balancing the various factors, we have been mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction") (citing Filus v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990), where the Second Circuit held that except for discovery necessary to decide jurisdictional issues, "until [Plaintiff] has shown a reasonable basis for assuming jurisdiction, [Plaintiff] is not entitled to any other discovery.").

Moreover, requiring FINRA to engage in expedited discovery would be inconsistent with well-established precedent that FINRA is absolutely immune from suit and all burdens of litigation, including discovery, for claims arising out of its regulatory activities. See In re Facebook, Inc. IPO Sec. & Derivative Litig., 986 F. Supp. 2d 428, 448 (S.D.N.Y. 2013) ("SRO immunity provides protection not only from liability, but also from the burdens of litigation, including discovery, and should be 'resolved at the earliest possible stage in litigation.'"); see also Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); D'Alessio v. New York Stock Exch., Inc., 258 F.3d 93, 105 (2d Cir. 2001), cert. denied, 534 U.S. 1066 (2001) (SRO is immune "from suit for conduct falling within the scope of [its] regulatory and general oversight functions.").  Courts have specifically acknowledged that FINRA (formerly NASD) should not be subject to discovery pending a decision on FINRA's immunity defense.  See,

e.g., Shah v. Nat'l Ass'n of Sec. Dealers, 1999 WL 240342, at *4 (N.D. Ill. Apr. 9, 1999) ("Though this litigation is at its early stages, 'courts must resolve immunity defenses before trial, and when possible before discovery.'") (quoting the Seventh Circuit Court of Appeals in Schlessinger v. Salimes, 100 F.3d 519, 523 (7th Cir. 1996), which cited Hunter v. Bryant, 502 U.S. 224, 227 (1991) and Harlow v. Fitzgerald, 457 U.S. 800 (1982)). In Shah, the court found FINRA was entitled to immunity and dismissed the case prior to discovery. Shah, 1999 WL 240342, at *8. In reaching that conclusion, the court relied on, among many other cases, Desiderio v. Nat'l Ass'n of Sec. Dealers, 2 F. Supp. 2d 516, 521 (S.D.N.Y.1998), in which the court held that "the Exchange Act provides no express private right of action against the NASD for common law claims or for claims arising from the NASD's statutory function as a securities regulator."

Further, upon filing its motion to dismiss, FINRA intends to seek a stay on all discovery, pending the outcome of the motion.[5] A stay of discovery is appropriate where "adjudication of [a] pending motion to dismiss may obviate the need for burdensome discovery." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002); see also Hong Leong Fin. Ltd., 297 F.R.D. at 72 (good cause to stay discovery exists where, as here, a defendant has presented "substantial arguments for dismissal.") (citations omitted). This is especially true where, as in this case, a defendant seeks dismissal based on arguments "well founded in the law" that immunity precludes the lawsuit. See New York by James v. Pennsylvania Higher Educ. Assistance Agency, 19 CIV. 9155 (ER), 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (the decision to stay discovery pending a motion to dismiss based on immunity from suit "is bolstered by the Second Circuit's counsel that immunity 'represents not simply a bar on liability but also an entitlement not to stand

---

[5] Because FINRA intends to include lack of personal jurisdiction arguments in its motion to dismiss, it has not yet sought to stay discovery because it does not want to be perceived as waiving such arguments by seeking affirmative relief from this Court.

trial or face the burdens of litigation.'") (quoting Edrei v. Maguire, 892 F.3d 525, 532 (2d Cir. 2018)). Put simply, Plaintiff's request for expedited discovery would impose burdens upon FINRA that its immunity is specifically intended to prevent.

Here, FINRA has already been forced to expend resources to respond to Plaintiff's premature motions and, if the request for expedited discovery is granted, FINRA will be required to engage in substantive merits discovery even before this Court has a chance to consider FINRA's dispositive motion to dismiss.[6]

## C.      Requiring Discovery Would Be Overly Burdensome

Plaintiff also states in conclusory fashion that the expedited discovery he seeks would not impose a burden on FINRA. Pl. Memo. of Law for Expedited Discovery, ECF No. 14, at p.1. Plaintiff's conclusory assertion is completely without merit.

As an initial matter, Congress recognized and addressed the need to prevent speculative fishing expeditions in frivolous securities litigation cases when it enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Under the PSLRA, a private litigant alleging securities fraud must establish the sufficiency of their complaint before they can obtain discovery. In re Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 679 (D. Md. 2000). The PSLRA discovery stay, which applies during the pendency of a motion to dismiss, was designed to eliminate the burden of discovery through fishing expeditions prior to assessing the merits of a case on a motion to dismiss. Westchester Putnam Heavy & Highway Laborers Loc. 60 Benefit Funds v. Sadia S.A.,

---

[6] Plaintiff makes vague references to arguments he intends to make that FINRA is not constitutional and therefore not entitled to immunity (ECF No. 14, at pp. 5-6), but those inchoate arguments do not change the analysis. There is no basis to permit any discovery, least of all expedited discovery, to proceed before the Court decides dispositive motions.

No. 08 Civ. 9528, 2009 U.S. Dist. LEXIS 39243, at *2–4 (S.D.N.Y. May 8, 2009); see also Petrie

v. Elec. Game Card, Inc., 761 F.3d 959, 966 (9th Cir. 2014). In creating the PSLRA discovery stay,

Congress sought to "minimize the incentives to plaintiffs to file frivolous securities class actions"

hoping to "find during discovery some sustainable claim not alleged in the complaint." In re

Worldcom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002).

As set forth above, FINRA's motion to dismiss will be dispositive because there are

multiple independent bases supporting dismissal of Plaintiff's claims. Moreover, Plaintiff cannot

refute that producing transactional trade data, such as confidential and non-public Blue Sheet Data,

would impose a significant burden upon FINRA. See Draddy Aff. ¶ 22. For example, to produce

Blue Sheet Data, FINRA would be required to redirect multiple staff members away from FINRA's

regulatory work to identify and export the data from its proprietary system into a workable format

that could be reviewed and prepared for production. Draddy Aff. ¶¶ 21, 21(b). In addition, FINRA

would be required to review each transaction and redact confidential personal, financial, and

identifying information. Id., ¶ 21(f)-(g).

Likewise, Plaintiff's request for "[a]ny and all emails identified in the above referenced

FOIA documents" for a period of 10 days is equally burdensome. (ECF No. 14, at p. 3).

Notwithstanding Plaintiff's unsupported assertion that the request should yield "no more than a

handful of emails easily and rapidly reproduced," to produce the requested email communications,

as Plaintiff demands, FINRA would be required to engage in an extensive search, collection,

review, and production of an unknown number of communications. Such a burden is unreasonable.

See Guttenberg, 26 F. Supp. 3d at 99 ("defendants have already been forced to expend resources

responding to the numerous motions filed by plaintiffs. At the very least, reasonableness dictates

that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery.").

The burdens that expedited discovery would impose upon FINRA far outweigh any alleged urgency. Plaintiff makes a variety of conclusory and speculative statements to argue there is an urgent need for expedited discovery, but none explains why any of the information sought is needed now and cannot await the commencement of discovery as contemplated in the Federal Rules of Civil Procedure (assuming Plaintiff's claims survive a motion to dismiss). (See ECF No. 14, at pp. 10-11).

Finally, Plaintiff's reliance on OMG Fid., Inc. v. Sirius Techs., Inc., 239 F.R.D. 300 (N.D.N.Y. 2006), is misplaced. In OMG Fid., the court permitted expedited discovery and noted that the discovery it was ordering "will in all likelihood occur eventually." But the court's analysis was based on a finding that the discovery was necessary to plaintiff's anticipated preliminary injunction request, and plaintiff would be prejudiced without it. Id. at 305. Here, there is no preliminary injunction request. Further, in OMG, none of the defendants were entitled to any sort of immunity, such that the implications of imposing the burdens of discovery and litigation on a party immune from suit were not a concern. Id.

## IV.  CONCLUSION

The remaining arguments and statements cited by Plaintiff in support of his motion for expedited discovery do not require a different result and thus do not warrant further discussion. There is no basis for expedited discovery, which would prejudice FINRA and cause it to incur an undue burden.  For these reasons, FINRA respectfully requests that the Court deny the motion for expedited discovery.

Dated at Burlington, Vermont, this 30th day of August, 2024.

DOWNS RACHLIN MARTIN PLLC

By: _/s/ Walter E. Judge, Jr._____
      Walter E. Judge, Jr., Esq.
      199 Main Street
      P.O. Box 190
      Burlington, VT 05402-0190
      (802) 863-2375
      wjudge@drm.com

      ATTORNEYS FOR DEFENDANT
      FINANCIAL INDUSTRY
      REGULATORY AUTHORITY

CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Friday, August 30, 2024, I electronically filed with the Clerk of Court the foregoing Opposition to Motion for Expedited Discovery, using the CM / ECF system, which will provide service of such filing to the parties.  I also certify that I served the document by email on the following:

Scott Traudt  sct545@proton.me

Felipe Escobedo, Esq.  felipe.escobedo@morganlewis.com
Jeff Goldman, Esq.  jeff.goldman@morganlewis.com
Justin B. Barnard, Esq.  jbarnard@dinse.com
Anne B. Rosenblum, Esq.  arosenblum@dinse.com

Jonathan R. Voegele, Esq.  jonathan@moka.law
Jonathan D. Miller, Esq.  jm@williamsbarbermorel.com
Stephen A. Fraser, Esq.  saf@williamsbarbermorel.com

      _/s/ Walter E. Judge, Jr._____
      Walter E. Judge, Jr.

23001786.1