UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT,                    ) | |
|                                  ) | |
|     Plaintiff,            ) | |
|                                  ) | |
| v.                               ) | Case No. 2:24-cv-00782 |
|                                  ) | |
| ARI RUBINSTEIN,                  ) | |
| GTS SECURITIES, LLC,             ) | |
| CHARLES W. SCHWAB & CO., INC.,   ) | |
| FINANCIAL INDUSTRY               ) | |
|  REGULATORY AUTHORITY, and    ) | |
| GARY GENSLER,                    ) | |
|                                  ) | |
|     Defendants.          ) | |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), by and through its undersigned counsel, submits this Memorandum of Law in Opposition to Plaintiff's Motion for an Evidentiary Hearing Under Rule 43(c) of the Federal Rules of Civil Procedure ("Motion") (ECF No. 32).

## I.  INTRODUCTION

Once again, Plaintiff attempts to circumvent all safeguards that exist in the FRCP's discovery rules, and before the Court has an opportunity to consider threshold, dispositive motions by all of the defendants, in the hopes of supporting unsubstantiated conspiracy theories relating to MMTLP. In the Motion, Plaintiff seeks an order for an evidentiary hearing concerning the veracity of a FINRA employee's affidavit submitted to this Court solely to provide background information in support of FINRA's opposition to Plaintiff's Motion for Expedited Discovery (ECF 29). Like Plaintiff's other premature motions, however, this Motion fails as a matter of law and should be denied for numerous independent reasons.

First, Plaintiff's Motion for Expedited Discovery requires the Court to resolve a legal question for which an evidentiary hearing pursuant to Rule 43(c) is unnecessary. Second, the testimony that Plaintiff seeks to elicit by the Motion is irrelevant to deciding the merits of any pending motion before the Court. Finally, the Motion (and in fact, any discovery) is premature at this stage in the proceeding – before FINRA has been afforded an opportunity to respond in any way to Plaintiff's Amended Complaint. Accordingly, Plaintiff's Motion should be denied.

## II.  ARGUMENT

### A.  An Evidentiary Hearing Pursuant to FRCP 43(c) is Unnecessary to Resolve the Legal Question Presented in Plaintiff's Motion to Expediate Discovery.

Rule 43(c) provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."

1

Fed. R. Civ. P. 43(c).  Within the Second Circuit, courts recognize that the purpose of Rule 43(c) is to "focus on and flush out what, if any, essential evidence the plaintiff can adduce" warranting the relief sought via motion.  *See Davis v. Costa-Gavras*, 650 F. Supp. 153, 156 (S.D.N.Y. 1986).  Plaintiff concedes "the Rule grants the Court discretion to order an evidentiary hearing ***when there are factual disputes material to the resolution of a motion***." (ECF No. 32, at 2, emphasis supplied.)  Plaintiff, however, cannot demonstrate either of these preconditions because: (1) there is no present factual dispute presented in Plaintiff's Motion for Expedited Discovery that the testimony of Mr. Draddy will assist the Court in resolving; and (2) the testimony sought is not material to any motion currently pending before the Court.

Plaintiff instead appears to conflate Rule 43 with the discovery process itself.  Plaintiff's Motion contends that the requested evidentiary hearing is necessary to "test the weight, sufficiency, and truthfulness" of Mr. Draddy's affidavit, which was filed in support of FINRA's opposition to the Motion to Expediate Discovery (ECF No. 29).  The Motion for Expedited Discovery, however, presents only the pure legal question of whether the discovery process afforded by the FRCP should be expedited, on a limited basis, in this case.  As outlined in FINRA's Opposition to that motion, Plaintiff's Motion for Expedited Discovery fails to assert that there are any preliminary proceedings before the Court justifying expedition, nor does he otherwise establish an urgent need for the discovery.[1]  Simply put, Plaintiff's Motion for Expedited Discovery does not present any dispute that an evidentiary hearing regarding Mr. Draddy's affidavit would assist this Court in resolving.  Instead, the motion presents only a legal question – whether the discovery rules and

---

[1] To the extent Plaintiff's reply brief in support of the Motion for Expedited Discovery purports to newly assert requests for preliminary injunctive relief, such requests are, among other things, procedurally deficient.  FINRA intends to address those issues in its opposition to Plaintiff's Motion to Hold Motions in Abeyance.  (ECF No. 39.)

2

procedures can or should be expedited in the absence of any assertion of good cause. Resolution of Plaintiff's motion does not necessitate the examination of Mr. Draddy on the topic of his veracity (or any other topic).

Rule 43 is not the discovery tool Plaintiff suggests it to be. Where, as here, no factual dispute needs to be resolved to consider the legal question presented by plaintiff's Motion to Expedite Discovery, Rule 43(c) is not properly invoked. Accordingly, the Motion should be denied.

### B. The Testimony That Plaintiff Seeks to Elicit Is Irrelevant.

Second, Mr. Draddy's testimony is not even material to any pending motion before this Court. FINRA submitted the testimony purely for the purpose of providing background information and context to the Court. Yet Plaintiff lists five issues that he wishes to challenge with respect to the sworn testimony, each of which relates to the content and use of Blue Sheet Data. [ECF No. 32, at 3-5.] But contrary to Plaintiff's claims, how Blue Sheet Data is used, what it contains, whether it can be interpreted by individuals with no training, and the burden of producing the data are immaterial to determining whether Plaintiff is entitled to expedited discovery of that data. In other words, even if everything Plaintiff contends about Blue Sheet Data were correct (it is not), it would have no impact on whether he is entitled to expedited discovery. Factual information about Blue Sheet Data has no bearing on, among other things, whether Plaintiff's Motion for Expedited Discovery is a premature attempt to circumvent discovery rules or whether requiring FINRA to produce that data at this stage in the litigation would be prejudicial and overly burdensome for FINRA. Plaintiff's Motion should be denied because the testimony he seeks to elicit would not help the Court decide his pending Motion for Expedited Discovery.

### C. An Evidentiary Hearing for the Purpose of Eliciting Testimony is Premature at this Stage in the Case.

FINRA has not yet responded to Plaintiff's Amended Complaint. As a result, an evidentiary hearing soliciting testimony under Rule 43(c) to challenge the veracity of a sworn statement presented for the sole purpose of providing the Court with context for Plaintiff's motion is premature at this point in the litigation. *See Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) (finding that a trial court abused its discretion by invoking Rule 43(c) to hear testimony on a 12(b)(6) motion to dismiss because "Rule 43(c) . . . addresses taking testimony at trial, . . . [it] ***has nothing to do with the proceedings at the motion-to-dismiss stage***.") (emphasis added). Here, like the multiple other premature motions that Plaintiff has filed in this case, this motion requires FINRA to respond before it has been afforded the time under the FRCP to file its motion to dismiss the Amended Complaint in which FINRA intends to assert defenses that it contends will preclude Plaintiff's case against FINRA in its entirety. Accordingly, the Motion is premature, at best, and should be denied.

### III. CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court deny Plaintiff's Motion in its entirety; issue an order directing Plaintiff not to file any other preliminary motions

until FINRA has been afforded the time under the FRCP to respond to the Amended Complaint; and grant such other relief as the Court may deem appropriate.

September 13, 2024                                         FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

By:    /s/ Walter E. Judge, Jr.
Walter E. Judge, Jr.
Downs Rachlin Martin PLLC
199 Main Street, P.O. Box 190
Burlington, VT  05402-0190
Telephone: 802-863-2375
E-mail: wjudge@drm.com

John P. Mitchell, *Pro Hac Vice*
Faegre Drinker Biddle & Reath, LLP
105 College Rd. East, P.O. Box 627
Princeton, NJ  08542
john.mitchell@faegredrinker.com

*Attorneys for Financial Industry Regulatory Authority ("FINRA")*

## CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Friday, September 13, 2024, I electronically filed with the Clerk of Court the foregoing Opposition to Motion for Evidentiary Hearing (ECF 32) using the CM / ECF system.  The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.

/s/ Walter E. Judge, Jr.
Walter E. Judge, Jr.

23029365.1