**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SCOTT TRAUDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:24-cv-00782 |
| | ) |
| ARI RUBINSTEIN, | ) |
| GTS SECURITIES, LLC, | ) |
| CHARLES W. SCHWAB & CO., INC., | ) |
| FINANCIAL INDUSTRY | ) |
|  REGULATORY AUTHORITY, and | ) |
| GARY GENSLER, | ) |
| | ) |
| Defendants. | ) |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY'S OPPOSITION AND MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT (ECF 37)**

Defendant Financial Industry Regulatory Authority ("FINRA"), by and through its undersigned counsel, submits this Memorandum of Law in Response to Plaintiff's Motion for Leave to Exceed Page Limit (ECF 37) on his Reply to FINRA's Opposition to Plaintiff's Motion for Limited Expedited Discovery.

Granting a motion for leave to file an overlength brief is within the Court's discretion. *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) ("The district court generally 'has broad discretion to determine whether to overlook a party's failure to comply with local court rules.'"). While FINRA typically would not file a response to such a motion, or object to a modest overlength filing, it is filing its response to highlight for the Court numerous reasons why Plaintiff's extremely overlength reply is unnecessary and procedurally improper.[1]

First, Plaintiff's Reply in support of his Motion for Expedited Discovery (ECF No. 37) (the "Overlength Reply") is a full 17 pages OVER the 10-page limit in Local Rule 7(a)(5)(B). This is in addition to the 33 pages of briefing and 26 appendices (totaling 115 pages) in support of his related (and frivolous) Motion for a Preservation Order and his opening brief on the Motion for Expedited Discovery. [ECF Nos. 13, 14.]

Second, Plaintiff's Overlength Reply asks this Court to consider a host of topics wholly irrelevant to the Motion for Expedited Discovery, including:

    (i)    Plaintiff's positions on arguments he anticipated FINRA would make in its Motion to Dismiss [ECF No. 36, at 1-2, 7-9, 19-20];

    (ii)    Improper and meritless constitutional challenges [ECF No. 36, at 4, 8-22]; and

---

[1] Contrary to Plaintiff's claim that FINRA did not respond to his pre-motion attempt to meet and confer (ECF No. 37, p. 2), FINRA did in fact respond. FINRA explained to Plaintiff that it could not consent in the abstract and would want to understand the length or reasons additional pages were needed. Plaintiff proceeded with his motion without further discourse.

  (iii) Random musings such as (a) who fired the first shots in the Revolutionary War, (b) the use of M18A1 claymore mines by the United States Military since the Vietnam War, (c) BRICS membership, and (d) Plaintiff's view of securities regulation in Europe and Asia, among other things. [ECF No. 36, at fns. 3, 4, 7, 20.]

None of these issues have any bearing on the pending Motion for Expedited Discovery. In fact, nothing in Plaintiff's Overlength Reply provides support for the relief sought on the Motion for Expedited Discovery.

  Third, Plaintiff's Overlength Reply concludes with a request for oral argument and a demand that the Court:

a. Find various FINRA Rules unconstitutional, issue a permanent injunction against FINRA and the SEC to ban implementation of any rule similar to Rule 203(b)(2), and order a temporary injunction on FINRA Rule 6440(a)(3) "until its terms are constitutionally defined with specificity by Act of Congress and its timelines are also so defined." Overlength Reply p. 25 nos. 1-4.

b. "Hold a hearing on the existence of FINRA and whether it is legally performing *any* duties on behalf of the US government or should be shut down as violative of the Appointments Clause *inter alia*." Overlength Reply p. 26 no. 5.

c. Deny FINRA immunity in this action. Overlength Reply p. 26 no. 6.

  Plaintiff attempts to use the Overlength Reply as a vehicle to expand the scope of this case, obtain relief that is not related to the claims before this Court, and circumvent the Federal Rules of Civil Procedure (which provide for presentation of threshold defenses for the Court's consideration before getting into issues related to discovery and related matters). The basis for seeking this relief is not clear—but it certainly has nothing to do with the Motion for Expedited Discovery. Further, there is no injunction application before the Court (and Plaintiff could not establish any of the elements to obtain the injunctive relief sought in the Overlength Reply)

regarding FINRA's rules, or FINRA's performance of its regulatory duties.[2]  The requests for injunctive relief in the Overlength Reply also have nothing to do with the claims asserted and relief sought in Plaintiff's Amended Complaint (RICO claims for damages associated with Plaintiff's investment in the MMTLP security).

It is also unclear how Plaintiff would have standing to assert injunctive relief claims related to FINRA's rules.  Likewise, Plaintiff's arguments with regard to FINRA's immunity are premature— these are arguments that can and should be briefed and decided by the Court in conjunction with FINRA's motion to dismiss (ECF No. 44).  Plaintiff's Motion for Expedited Discovery, along with all of his motions to date, are part of Plaintiff's scheme to avoid orderly disposition of this case (particularly Plaintiff's most recent Motion to Hold All Motions to Dismiss and Motions for Arbitration in Abeyance (ECF No. 39)). FINRA's opposition to the Motion for Expedited Discovery asserted that, in light of FINRA's intent to seek dismissal based on immunity and several other grounds, Plaintiff failed to establish that his request for expedited discovery does not impose a burden.  However, the Overlength Reply on his discovery-related motion is not an appropriate vehicle by which to oppose FINRA's immunity defense and seek a substantive ruling on the merits, particularly when that threshold, dispositive issue has been properly presented the Court via FINRA's motion to dismiss (ECF No. 44).

Finally, Plaintiff attempts to justify his need for 17 additional pages by leaning on (i) his *pro se* status as "a simple sailor attempting to right a perceived wrong," and (ii) the 11 lawyers that have appeared on behalf of the "Leviathans" that he has sued in this case. [ECF No. 37, at 1-2.] But Plaintiff's *pro se* status does not permit him to disregard all applicable procedural and other

---

[2] To argue that his Motion for Expedited Discovery is the equivalent of seeking injunctive relief, Plaintiff cites Second Circuit case law that is neither applicable nor persuasive.  [*See* ECF No. 37, at 5.]

rules, interject irrelevant issues, and impermissibly burden the defendants and the Court with a cavalcade of irrelevant and improper motions.  Further, Plaintiff is not the "simple sailor" and inexperienced *pro se* plaintiff that he purports to be.  Indeed, he is a serial litigant in courts all over New England, including this Court.  *See, e.g., Traudt v. DaimlerChrysler Motors Co.*, Civ. No. 04-53 (D. Vt. June 30, 2004); *Traudt v. Roberts, et al.*, 1:10-CV-00012 (D.N.H. January 12, 2010); *Traudt v. Huntress, Inc., et al.*, 1:03-CV-00241 (D.R.I. June 16, 2003); *Traudt v. Hard Bottom Fisheries, Inc.*, 1:03-CV-12015 (D. Mass. Oct. 16, 2003); *Traudt v. NH Atty. Gen., et al.*, 1:13-CV-00234 (D.N.H. May 16, 2013); *Traudt v. Traudt,* No. 21-AP-200 (February Term, 2022) (Vt. 2022); *Fayle v. Traudt*, 813 A.2d 58 (R.I. 2003).

In short, Plaintiff's Overlength Reply is replete with arguments that are wholly irrelevant to any motion or other pleading pending before the Court, and there is no justification for an additional 17 pages beyond the applicable 10-page limit prescribed by Local Rules.  Under the circumstances, FINRA requests that, should the Court agree to grant Plaintiff's Motion, it should advise Plaintiff that his *pro se* status does not relieve him of his duty to comply with this Court's rules.  *See e.g., Aris v. N.Y. Guard*, 2023 WL 5003581, at *3 (S.D.N.Y. Aug. 4, 2023) (cautioning *pro se* plaintiff that any future failure to comply with local rules "may result in the rejection of his submission or sanctions.").

Respectfully submitted,

| | |
|---|---|
| September 18, 2024 | FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. |
| | By:  /s/ Walter E. Judge, Jr. |
| | Walter E. Judge, Jr. |
| | Downs Rachlin Martin PLLC |
| | 199 Main Street, P.O. Box 190 |
| | Burlington, VT  05402-0190 |
| | Telephone: 802-863-2375 |
| | E-mail: wjudge@drm.com |
| | |
| | John P. Mitchell, *Pro Hac Vice* |
| | Faegre Drinker Biddle & Reath, LLP |
| | 105 College Rd. East, P.O. Box 627 |
| | Princeton, NJ  08542 |
| | john.mitchell@faegredrinker.com |
| | |
| | *Attorneys for Financial Industry Regulatory Authority ("FINRA")* |

## CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Wednesday, September 18, 2024, I electronically filed with the Clerk of Court the foregoing Defendant Financial Industry Regulatory Authority's Memorandum Of Law In Response To Plaintiff's Motion To Exceed Page Limit using the CM / ECF system.  The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.

　　　　　　　　　　　　　　　　　　　　 */s/ Walter E. Judge, Jr.*
　　　　　　　　　　　　　　　　　　　　Walter E. Judge, Jr.

23037948.1