# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

SCOTT TRAUDT,

                Plaintiff,

        v.

ARI RUBINSTEIN, GTS SECURITIES LLC,
GTS EQUITY PARTNERS LLC,
GTS EXECUTION SERVICES LLC,
CHARLES W. SCHWAB AND CO. INC.,
SCHWAB HOLDINGS, INC., FINANCIAL
INDUSTRY REGULATORY AUTHORITY,

                Defendants,

GARY GENSLER, US SECURITIES AND
EXCHANGE COMMISSION,

                Respondent.

CASE NO.  2:24-cv-782

## DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO HOLD ALL MOTIONS TO DISMISS AND MOTIONS FOR ARBITRATION IN ABEYANCE

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") files this memorandum in opposition to Plaintiff Scott Traudt's ("Plaintiff") Motion to Hold all Motions to Dismiss and Motions for Arbitration in Abeyance (ECF No. 39) (the "Abeyance Motion").

## I.    <u>INTRODUCTION</u>

Plaintiff's Abeyance Motion again disregards the orderly disposition of Plaintiff's claims, and it requires the Court to entertain (and FINRA to respond to) another wholly meritless motion. In his Abeyance Motion, Plaintiff seeks to stay all of the pending motions, including the Defendants' dispositive motions. Instead of having the Court rule on those motions, Plaintiff asks the Court to first rule on his requests for injunctive relief, including a request to deny FINRA's immunity defense in this case, which are not properly before this Court.

There is no legal basis to delay adjudication of FINRA's Motion to Dismiss. The Federal Rules of Civil Procedure afford FINRA an opportunity to challenge the merits of Plaintiff's claims and whether they should proceed before this Court at all. Delaying a decision on FINRA's motion would result in judicial inefficiencies. The arguments and relief that Plaintiff asks this Court to consider prior to deciding FINRA's Motion to Dismiss were raised, for the first time, in his over-length reply brief filed in support of his Motion for Limited Expedited Discovery (ECF No. 36) ("Expedited Discovery Reply"). Because well-settled law establishes that issues raised for the first time on reply may not be considered by the Court, the arguments and requests for relief included in Plaintiff's Expedited Discovery Reply are not properly before the Court. Moreover, the requests for injunctive relief are also fatally defective because Plaintiff failed to provide FINRA the notice required under FRCP 65 and because the Amended Complaint does not contain any requests for injunctive relief against FINRA. Finally, even if Plaintiff's requests for injunctive

relief were properly before the Court (they are not), Plaintiff could not establish he has standing to seek the requested relief.

Put simply, while the Federal Rules of Civil Procedure do not explicitly provide for the relief Plaintiff seeks, those same rules do explicitly provide FINRA an opportunity to challenge the Amended Complaint.  In addition, denying Plaintiff's Abeyance Motion will not preclude him from seeking relief from the Court or making any arguments.  Accordingly, Plaintiff's Abeyance Motion must be denied.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   The Parties and Plaintiff's Claims

Plaintiff's Amended Complaint in this action names as Defendants (i) GTS Securities LLC, GTS Equity Partners LLC, GTS Execution Services, LLC, and Ari Rubenstein (the Chief Executive Officer of GTS Securities, LLC) (collectively, the "GTS Defendants"); (ii) Charles W. Schwab and Co., Inc. and Schwab Holdings, Inc. (the "Schwab Defendants"); and (iii) FINRA. The Amended Complaint also identifies the Securities and Exchange Commission ("SEC") and the SEC's chairman, Gary Gensler, as Respondents, against whom Plaintiff sought a Writ of Mandamus.  *See* ECF No. 4.[1]

Plaintiff's sole cause of action against FINRA is a civil RICO claim based on allegations of insider trading in the MMTLP security. [See Amended Complaint, ¶¶ 186-195.]  Plaintiff's Amended Complaint does not contain any other causes of action against FINRA, and it does not seek any injunctive relief against FINRA.

---

[1] Plaintiff has since filed a motion to dismiss his claims and to withdraw his motion for a Writ of Mandamus against the SEC and Mr. Gensler.  ECF No. 46.

### B.     The Defendants' Responses to Plaintiff's Amended Complaint

Each of the Defendants has filed a motion challenging the Amended Complaint.  The Schwab Defendants responded to Plaintiff's Amended Complaint with a Motion to Stay in Favor of Arbitration with regard to the claims against them.  ECF No. 8 (the "Schwab Motion to Compel Arbitration").  The GTS Defendants responded to Plaintiff's Amended Complaint with a Motion to Dismiss all of the claims asserted against them.  ECF No. 18 (the "GTS Motion to Dismiss").  And, FINRA filed its Motion to Dismiss.  ECF. No. 44 (the "FINRA Motion to Dismiss").  There are multiple, independent grounds to dismiss Plaintiff's RICO claim against FINRA.  *See generally id.*

### C.     Plaintiff's Numerous Discovery Motions

Before FINRA was afforded an opportunity to respond to Plaintiff's Amended Complaint, Plaintiff commenced his "scorched earth" efforts to obtain discovery from FINRA and other non-parties.  Those efforts began with Plaintiff issuing numerous third-party subpoenas, without notice to FINRA and before FINRA was ever served.

Plaintiff also filed a Motion for Expedited Discovery, which FINRA opposed.  See ECF Nos. 14 (Pl's Motion) & 29 (FINRA Opp.).  In response to FINRA's opposition, Plaintiff filed his over-length Expedited Discovery Reply, ECF No. 36, and a Motion for Leave to Exceed Page Limit, ECF No. 37 ("Motion for Leave").

FINRA opposed the Motion for Leave because, in addition to Plaintiff's significant disregard for the limited length provided for in this Court's local rules, almost the entirety of the Expedited Discovery Reply is devoted to impertinent arguments and allegations.  *See generally* ECF No. 36.  Among other things, Plaintiff's Expedited Discovery Reply asks the Court to deem certain FINRA rules unconstitutional, issue a permanent injunction to prevent FINRA and the SEC

from enforcing their rules, hold a hearing related to Plaintiff's challenges to FINRA's existence, and issue a ruling that FINRA is not entitled to immunity in this case. *See* ECF No. 36, pp. 25-26. Notably, these requests for injunctive relief do not appear in Plaintiff's Amended Complaint, Plaintiff did not separately file any request for injunctive relief, and Plaintiff failed to give FINRA notice as required under FRCP 65.

Plaintiff also filed a Motion for an Evidentiary Hearing ("Hearing Motion") seeking to depose the FINRA witness whose affidavit was submitted in support of FINRA's Opposition to Plaintiff's Motion for Expedited Discovery. ECF No. 32. FINRA opposed the Hearing Motion because the testimony sought by Plaintiff is irrelevant to the resolution of the discovery motions pending before the Court, and any such discovery, before deciding FINRA's Motion to Dismiss, is premature. *See generally* ECF No. 42.

Plaintiff also filed a Motion for a Preservation Order ("Preservation Motion"), which FINRA opposed. ECF Nos. 13 (Pl. Motion) & 31 (FINRA Opp.). Like the Expedited Discovery Reply, Plaintiff's reply in support of the Motion for a Preservation Order ("Preservation Reply") was overlength. ECF No. 43. Plaintiff, however, did not seek leave of the Court to file an overlength reply in connection with the Preservation Motion. ECF No. 43.

Consistent with Plaintiff's other filings in this case, the Preservation Reply contains misstatements of fact, irrelevant allegations, and requests for relief that have no relation to the Preservation Motion. Among other things, the Preservation Reply relies on two blatant misconceptions. First, Plaintiff's personal, unsupported belief that the affidavit submitted by FINRA in a prior lawsuit and provided to this Court for purposes of providing background information only, establishes FINRA's destruction of evidence. ECF No. 43 p. 3 & n.2. The portion of the affidavit on which Plaintiff relies (Draddy Aff. ¶ 20) explains that Blue Sheet Data

does not contain a certain type of information; but, it makes no mention that any information or evidence was destroyed.  Second, Plaintiff concludes that the assignment of a CUSIP number, purportedly used previously for TRCH, to another security has resulted in the loss or destruction of evidence.  ECF No. 43, pp. 3-4.  This accusation, however, ignores that FINRA does not assign CUSIP numbers.[2]  Further, Plaintiff fails to provide any basis or support for his conclusion.

Much like the Expedited Discovery Reply, the Preservation Reply seeks relief for which Plaintiff fails to provide any basis.  In the Preservation Reply, Plaintiff demands (a) an injunction against the continued use of FINRA Rule 4560; (b) "an injunction against FINRA's existence" based on the same arguments raised in the Expedited Discovery Reply; (c) an order "[s]trip[ping] FINRA of any immunity…"; and (d) "a Writ of Mandamus against FINRA CEO Robert Cook" to require FINRA to reopen trading of the MMTLP stock.[3]  Again, none of these requests for relief is sought in Plaintiff's Amended Complaint, Plaintiff did not separately file any request for injunctive relief with requisite notice to FINRA under FRCP 65, and no request for a Writ of Mandamus as to Robert Cook or any other FINRA officer has been filed (nor would there be any basis for such a filing).

**D.     Plaintiff's Abeyance Motion**

The instant motion relies on the arguments and the requests for relief raised in Plaintiff's overlength Expedited Discovery Reply.  The Abeyance Motion (ECF No. 39) argues that the Court

---

[2]    CUSIP     numbers     are     assigned     by     CUSIP     Global     Services.     *See* https://www.cusip.com/about/index.html.

[3] The MMTLP security no longer exists as Meta Materials, the company that issued that security, cancelled the shares on December 14, 2022.  *See* Certificate, Amendment or Withdrawal of Designation filed by Meta Materials with the SEC on Dec. 9, 2022, located at https://www.sec.gov/Archives/edgar/data/1431959/000119312522305648/d433696dex332.htm

should decide the requests for relief in Plaintiff's Expedited Discovery Reply before considering the dispositive motions pending in this case. *See* ECF No. 39, p. 10 (asking the Court to ignore the Schwab Defendants' Motion to Compel Arbitration, the GTS Defendants' Motion to Dismiss, and FINRA's Motion to Dismiss "until the Court resolves the legal questions concerning Defendant FINRA's immunity and its authority as a Self-Regulatory Organization").

### III.   ARGUMENT

#### A.   There is no legal basis to prevent FINRA from raising threshold dispositive issues

Plaintiff's Abeyance Motion seeks to prevent this Court from considering FINRA's dispositive motion, which presents threshold issues that should result in a complete dismissal of this action against FINRA. The cases cited by Plaintiff do not support the proposition that a defendant's right to file a dispositive motion can be held in abeyance so the Court can decide limited issues dictated by the plaintiff.  For example, Plaintiff cites *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F3d 83, 96 (2d Cir. 2023), to argue courts can issue a stay to "control disposition of causes with economy of time and effort for itself, for counsel, and for litigants."  However, *Louis Vuitton* addressed only the Court's ability to stay prosecution of a <u>plaintiff's</u> claims, in which case the defendant seeking the stay "bears the burden of establishing its need."  *Louis Vuitton Malletier S.A.*, 676 F.3d at 97.  In contrast, here, Plaintiff seeks to stay his own case, and the only proffered "need" is Plaintiff's desire to have the Court decide his arguments and requests for relief, while trying to avoid the Court's consideration of dispositive arguments advanced by FINRA (and the other Defendants).

The remaining cases Plaintiff cites are equally unpersuasive and distinguishable.  *See Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (addressing defendant's request to stay proceedings pending a Circuit Court decision in another case that would be dispositive in

the case at hand); *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482–83 (S.D.N.Y. 2007), aff'd sub nom. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) (denying a defendant's request to stay the plaintiff's case and noting "[t]he party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'") (citations omitted).[4]

Here, Plaintiff cannot reasonably argue hardship or inequity in adjudicating FINRA's defenses in response to the Complaint he filed in this Court. Conversely, granting the Abeyance Motion would impose a significant hardship on FINRA because FINRA (and the other Defendants) would be precluded from obtaining a ruling on the legal deficiencies of Plaintiff's claims, and would be forced to litigate only narrow issues defined by the Plaintiff.

Indeed, a stay would create *inefficiencies* and not eliminate any issues from this case. For example, even if Plaintiff did move for injunctive relief, his RICO claim against FINRA would still be subject to dismissal for the numerous reasons set forth in FINRA's Motion to Dismiss, and the Court would still need to decide FINRA's Motion to Dismiss and the motions filed by the GTS Defendants and the Schwab Defendants. Accordingly, the Abeyance Motion should be denied.

.

---

[4] Plaintiff also cites *Smith v. Spizzirri,* 601 U.S. 472, 477–78, 144 S. Ct. 1173, 1178, 218 L. Ed. 2d 494 (2024) (ECF No. 39, pp. 3-4). *Smith* addresses the stay of claims referred to arbitration under the FAA. It does not support the relief sought by Plaintiff, which would prevent adjudication of FINRA's threshold defenses.

**B.**     **Plaintiff's arguments and requests for injunctive relief raised for the first
time in his Expedited Discovery Reply are not properly before the Court**

Plaintiff's Abeyance Motion is procedurally improper because it seeks a stay to adjudicate

issues that are not properly before the Court.

It is well-settled that arguments raised for the first time in a reply brief should not be

considered by a court.  *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.

1999) ("[N]ew arguments may not be made in a reply brief, and we decline to entertain the theories

so proffered.") (internal citation omitted); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)

("Arguments may not be made for the first time in a reply brief."); *Tavarez v. Moo Organic

Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022) (denying defendant's request to

certify decision for interlocutory appeal raised for the first time on reply because "[g]enerally, a

court does not consider issues raised in a reply brief for the first time because if a party raises a

new argument in a reply brief the opposing party may not have an adequate opportunity to respond

to it."); *Celestin v. Martelly*, 698 F. Supp. 3d 443, 468 (E.D.N.Y. 2023) (same).

Here, Plaintiff seeks a stay and to hold all motions in abeyance so the Court can consider

Plaintiff's arguments about FINRA's regulatory immunity and Plaintiff's requests for injunctive

relief, both of which were raised for the first time in Plaintiff's Expedited Discovery Reply (ECF

No. 36).  Having been raised for the first time in a reply brief, Plaintiff's arguments and requests

for relief are not properly before the Court.  In fact, the immunity defense with which Plaintiff

prematurely takes issue in his Expedited Discovery Reply is one of the grounds upon which

FINRA seeks to dismiss this case.  ECF No. 44.  Thus, Plaintiff is not prejudiced by having the

applicability of FINRA's immunity defense decided in the context of FINRA's Motion to Dismiss.

In addition to being raised for the first time in a reply brief, Plaintiff's requests for injunctive relief also suffer from other fatal defects.  First, Plaintiff failed to provide FINRA with the notice or opportunity to be heard as required by FRCP 65(a).  *See* Fed. R. Civ. Pr. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party").  "Compliance with rule 65(a)(1) is mandatory" because the opposing party must be provided a "fair opportunity to oppose the motion for a preliminary injunction" and "sufficient time to marshal his evidence and present his arguments against the issuance of the injunction…."  *Rosen v. Siegel*, 106 F.3d 28, 31-32 (2d Cir. 1997) (quoting *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir.1992); *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir.1990)).  Here, unlike Plaintiff's requests for injunctive relief, FINRA's Motion to Dismiss is properly before the Court.  A request for an injunction that is procedurally defective cannot justify holding FINRA's Motion to Dismiss, which is properly before the Court, in abeyance.[5]

Finally, when a plaintiff seeks injunctive relief based on claims not pled in the complaint, there is no basis to issue an injunction.  *See, e.g.*, *Barboni v. The Republic of Argentina*, 672 F. App'x 112, 113 (2d Cir. 2016) (the "requested preliminary injunction would have afforded no substantive relief for the breach of contract claim pursued in the complaint" and "seeks to regulate the conduct of the parties and is entirely separable from the merits of [plaintiff's] underlying claim").  Much like the case in *Barboni*, the injunctive relief requested by Plaintiff, which seeks relief from certain FINRA rules and challenges FINRA's very existence, is not relief sought in the Amended Complaint, and there are no allegations in the Amended Complaint that would be remedied by the injunctive relief sought in Plaintiff's reply briefs.

---

[5] The same is true for the Schwab Defendants' Motion to Compel Arbitration and the GTS Defendants' Motion to Dismiss.

In sum, FINRA's Motion to Dismiss is properly before the Court and adjudication of FINRA's Motion to Dismiss should not be stayed in favor of issues that not properly before the Court.

### C.    Plaintiff's remaining arguments are unavailing.

Plaintiff concludes his Abeyance Motion by unsuccessfully attempting to go for the jugular.  Plaintiff describes his own "Domino Theory," espouses his personal belief that there are legitimate grounds to "remove FINRA's immunity," to "dissolve [FINRA] and have its duties properly returned to the SEC…," to have FINRA "declared illegal," and to place FINRA into receivership.  ECF No. 39, pp. 6-8.  Plaintiff's personal, unsupported convictions are far-fetched at best and do not justify staying consideration of FINRA's Motion to Dismiss, which includes threshold defenses.

It bears repeating that no claim asserted in this lawsuit entitles Plaintiff to seek the relief he proposes in his reply briefs.  The Amended Complaint does not assert any constitutional claims.  Further, Plaintiff has not and cannot establish that he has standing to assert claims challenging FINRA's rules, let alone FINRA's very existence.  *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472 (1982) (to establish standing, a plaintiff must demonstrate that: (1) he has suffered an injury resulting from the defendant's challenged conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by the requested relief); *see also Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 37 (1976).  Accordingly, FINRA's Motion to Dismiss, which is properly before this Court, should be heard and decided in accordance with FRCP 12.

## IV.    CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court deny Plaintiff's

Abeyance Motion and grant such other relief to which FINRA may be entitled.

Respectfully submitted,
September 23, 2024                    FINANCIAL INDUSTRY REGULATORY
                                      AUTHORITY, INC.

                                      By:     _/s/ Walter E. Judge, Jr._____
                                              Walter E. Judge, Jr.
                                              Downs Rachlin Martin PLLC
                                              199 Main Street, P.O. Box 190
                                              Burlington, VT  05402-0190
                                              Telephone: 802-863-2375
                                              E-mail: wjudge@drm.com

                                              John P. Mitchell, *Pro Hac Vice*
                                              Faegre Drinker Biddle & Reath, LLP
                                              105 College Rd. East, P.O. Box 627
                                              Princeton, NJ  08542
                                              john.mitchell@faegredrinker.com

                                              *Attorneys for Financial Industry
                                              Regulatory Authority ("FINRA")*


## CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Monday, September 23, 2024, I electronically filed with the Clerk of Court the foregoing Memorandum Of Law In Opposition To Plaintiff's Motion To Hold All Motions To Dismiss And Motions For Arbitration In Abeyance using the CM / ECF system.  The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.

                              */s/ Walter E. Judge, Jr._____
                              Walter E. Judge, Jr.

23047118.1