UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT,<br>    Plaintiff,<br><br>    v.<br><br>ARI RUBINSTEIN,<br>GTS SECURITIES LLC,<br>GTS EQUITY PARTNERS LLC,<br>GTS EXECUTION SERVICES LLC,<br>CHARLES W. SCHWAB AND CO. INC.,<br>SCHWAB HOLDINGS, INC.,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY,<br>    Defendants,<br><br>GARY GENSLER,<br>US SECURITIES AND EXCHANGE<br>COMMISSION,<br>    Respondent | Case No. 2:24-cv-782 |

**CHARLES SCHWAB & CO., INC. AND SCHWAB HOLDINGS, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO HOLD ALL MOTIONS TO
DISMISS AND MOTIONS FOR ARBITRATION IN ABEYANCE**

  Defendants Charles Schwab & Co., Inc. and Schwab Holdings, Inc. (collectively, "Schwab") respectfully oppose Plaintiff Scott Traudt's motion docketed as ECF No. 39 ("Traudt's Motion").

  Insofar as applicable to Schwab, Traudt's Motion seeks to postpone adjudication of Schwab's Motion to Stay in Favor of Arbitration (ECF No. 8) (the "Arbitration Motion") until after the Court determines whether "Defendant Financial Industry Regulatory Authority ("FINRA") possesses immunity" and resolves Mr. Traudt's premature, miscellaneous motions for injunctive relief against FINRA.

1

Traudt's Motion at 1-2. The Motion does not provide any basis upon which this Court could—let alone should—defer its decision on the Arbitration Motion.

The Arbitration Motion was filed almost six weeks ago, on August 14, 2024. Schwab agreed to two extensions for Mr. Traudt to respond to the Arbitration Motion. Mr. Traudt's eventual opposition (ECF No. 50) failed to forward any legally-cognizable basis upon which the Court could decline to enforce his arbitration agreements with Schwab—which include an agreement to arbitrate all disputes of any sort, including any questions of arbitrability. Notably:

- Mr. Traudt does not raise any objection to the authenticity of the arbitration agreements attached to the Arbitration Motion, or to the accuracy of Schwab's quotations from those agreements.

- Mr. Traudt does not deny that he executed the arbitration agreements attached to the Arbitration Motion.

- Mr. Traudt does not have any response to Schwab's showing that the Federal Arbitration Act, 9 U.S.C, § 1 *et seq.* governs the disposition of the Arbitration Motion.

- Mr. Traudt's arguments about his arbitration agreement are largely policy arguments that seem to presuppose that the Court has authority to decline to enforce arbitration agreements, which it does not. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) ("[T]he use of the word 'shall' creates an obligation impervious to judicial discretion.") (internal quotation marks omitted).

- To the extent Mr. Traudt makes any legal arguments concerning the arbitration agreements, those arguments are plainly incorrect.
    - Mr. Traudt argues by analogy to an old Eleventh Circuit case about an arbitration agreement that covered only "disputes arising out of or relating to" a contract. ECF No. 50 at 17 (citing *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001). But Mr. Traudt's arbitration agreements with Schwab covers any dispute whatsoever, including any dispute about the breadth of an arbitration clause.
    - Mr. Traudt asserts that a Vermont[1] statute and/or Vermont equitable principles render his arbitration agreements partially unenforceable. ECF No. 50 at 14-16. But the FAA preempts any state law or principle that limits the enforceability of arbitration agreements or that disfavors arbitration. *See, e.g., Preston v. Ferrer*, 552 U.S. 346, 349 (2008). Further, Mr. Traudt's unconscionability argument is premised on his impossible contention that Schwab violated his constitutional rights. *See Dillard v. Sec. Pac. Corp.*, 85 F.3d 621 (5th Cir. 1996) ("Dillard argues vociferously that the arbitration clause violates his Seventh Amendment right to jury trial. This argument is meritless. Private actors such as [a brokerage firm] . . . cannot

---

[1] In addition, Vermont law does not apply to the relevant arbitration agreements.

3

violate Dillard's constitutional rights.").[2]

In short, Mr. Traudt lacks any colorable argument against the enforcement of his arbitration agreements.

Under the Federal Arbitration Act, when a Court is presented with the circumstances typified here, the Court's task is "'to move the parties to an arbitrable dispute ***out of court and into arbitration as quickly and easily as possible***.'" *Spizzirri*, 601 U.S. at 478 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)) (emphasis added). Invoking similar principles, the Supreme Court has also explained that the pendency of a motion to compel arbitration ought to stop litigation activities involving the parties subject to that motion. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023) (explaining that even when a district court denies a motion to compel arbitration, and the moving party appeals, the district court must postpone the moving party's discovery obligations until after the appeal is resolved).

Mr. Traudt's Motion seeks to turn these principles on their head. He seeks to

---

[2] To the extent Mr. Traudt attempts an argument that his theories or causes of action are immune from arbitration agreements, that argument would fail for the reasons set forth in the Arbitration Motion. *See Rodriguez de Quijas v. Shearson/American Exp. Inc.*, 490 U.S. 477, 485 (1989) (holding pre-dispute agreement to arbitrate Securities Act of 1933 claims enforceable); *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 238 (1987) (holding pre-dispute agreement to arbitrate RICO claims enforceable); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 636 (1985) (recognizing that claims under the Sherman Antitrust Act are arbitrable); *Olde Discount Corp. v. Tupman*, 1 F.3d 202, 208 (3d Cir. 1993) ("[T]he arbitration of securities disputes now is not only permitted, but favored, under federal law, according to the line of decisions culminating in *McMahon* and *Rodriguez de Quijas*.").

4

hold Schwab in active litigation notwithstanding Schwab's timely assertion of its rights under the applicable arbitration agreements. There is a reason Traudt's Motion fails to offer the Court even a single example of any case where a federal court has allowed similar relief: that relief would be directly contrary to the Federal Arbitration Act.

Traudt's Motion should be denied and Mr. Traudt's claims against Schwab should immediately be stayed in favor of arbitration.

DATED at Burlington, Vermont, this 24th day of September 2024.

By:   */s/ Justin B. Barnard*
Justin B. Barnard, Esq.
Anne B. Rosenblum, Esq.
**DINSE P.C.**
209 Battery Street
Burlington, VT  05401
802-864-5751
jbarnard@dinse.com
arosenblum@dinse.com

Jeff Goldman, Esq. (admitted *pro hac vice*)
Felipe Escobedo, Esq. (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
jeff.goldman@morganlewis.com
felipe.escobedo@morganlewis.com

*Counsel for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, the foregoing document is being filed through the CM/ECF system and that a copy of the same will be sent electronically to all registered participants. A paper copy of the foregoing document will also be sent to the Plaintiff, at the address stated on his Complaint.

    */s/ Jeff Goldman*
Jeff Goldman, Esq. (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
jeff.goldman@morganlewis.com

*Counsel for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.*