**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SCOTT TRAUDT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:24-cv-00782 |
| | ) |
| ARI RUBINSTEIN, | ) |
| GTS SECURITIES, LLC, | ) |
| CHARLES W. SCHWAB & CO., INC., | ) |
| FINANCIAL INDUSTRY | ) |
|   REGULATORY AUTHORITY, and | ) |
| GARY GENSLER, | ) |
| | ) |
|     Defendants. | ) |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY AND ALL PENDING DISCOVERY MOTIONS, AND INCORPORATED MEMORANDUM OF LAW**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion for a Protective Order Staying Discovery and All Pending Discovery Motions [ECF Nos. 13, 14, and 32] until this Court rules on FINRA's Motion to Dismiss [ECF No. 44].

## I.  INTRODUCTION

On September 16, 2024, FINRA filed its Motion to Dismiss in this action. [ECF No. 44]. Among other things, FINRA's Motion to Dismiss is predicated on its regulatory immunity as a self-regulatory organization ("SRO"). To date, Plaintiff has filed three discovery-related motions seeking, among other things: (i) a preservation order targeting trading data and internal communications and records; (ii) expedited discovery requiring FINRA to produce Electronic Blue Sheet Data and all emails related to the decision to halt trading in MMTLP between November 2022 and December 9, 2022; and (iii) an evidentiary hearing to allow Plaintiff to question a FINRA employee regarding sworn testimony [ECF Nos. 13, 14 & 32] (collectively, the "Discovery Motions"). However, "SRO immunity provides protection not only from liability, but also from the burdens of litigation, including discovery, and should be 'resolved at the earliest stage in litigation.'" *In re Facebook, Inc. IPO and Secs. and Derivative Litig.*, 986 F. Supp. 2d 428, 448 (S.D.N.Y. 2013) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Accordingly, because FINRA's regulatory immunity extends to discovery, all discovery and any decisions on the Discovery Motions should be stayed until the Court rules on FINRA's Motion to Dismiss.

Alternatively, this Court should exercise its discretion under Rule 26 of the Federal Rules of Civil Procedure to impose such a stay. Because FINRA's Motion to Dismiss is dispositive,

1

FINRA should not be subject to discovery burdens until this Court resolves FINRA's motion.[1] Moreover, if FINRA is dismissed from the action, Plaintiff's Discovery Motions will become moot. Judicial economy therefore mandates a discretionary stay pursuant to FRCP 26.

FINRA respectfully submits that because the relevant authorities dictate a discovery stay in these circumstances, the Court should grant FINRA's motion and stay discovery and the Discovery Motions pending the outcome of FINRA's Motion to Dismiss.

## II.   RELEVANT BACKGROUND

Plaintiff initiated this action by filing a complaint on July 17, 2024, which he amended on July 23, 2024 (the "Amended Complaint"). [ECF Nos. 1, 4]. Plaintiff's Amended Complaint asserts one cause of action against FINRA – an alleged violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act by purportedly participating in "Fraudulent Activities in Connection with the Purchase or Sales of Securities" in violation of Section 78j(b) of the Securities and Exchange Act of 1934 (the "Exchange Act"). [ECF No. 4, Am. Compl., ¶¶ 186-96]. The claims asserted against all Defendants relate to the trading of the MMTLP security.

Before FINRA's response to Plaintiff's Amended Complaint was due, Plaintiff filed numerous motions, including, the Discovery Motions. [ECF Nos. 13, 14 & 32]. Plaintiff also issued multiple third-party subpoenas. If discovery is not stayed, FINRA anticipates Plaintiff will continue efforts to push for early disclosures and expedited discovery.

On September 16, 2024, FINRA filed its Motion to Dismiss Plaintiff's Amended Complaint. [ECF No. 44]. Co-defendants GTS Securities LLC, GTS Equity Partners LLC, GTS

---

[1] In addition to FINRA's assertion of regulatory immunity, in its Motion to Dismiss, FINRA also challenges this Court's personal jurisdiction over FINRA. None of the discovery requested by Plaintiff is jurisdictional in nature or otherwise necessary to resolve FINRA's jurisdictional challenge.

2

Execution Services, LLC, and Ari Rubenstein (collectively, the "GTS Defendants") have likewise moved to dismiss Plaintiff's Amended Complaint [ECF No. 18], and co-defendants Charles W. Schwab and Co. Inc. and Schwab Holdings, Inc. (the "Schwab Defendants") filed a Motion to Stay in Favor of Arbitration with regard to the claims against them (the "Schwab Motion to Compel Arbitration"). [ECF No. 8].

FINRA now moves this Court for an Order staying all discovery, reserving decision on Plaintiff's Discovery Motions, and directing Plaintiff to refrain from filing any new or additional discovery-related motions until after this Court decides FINRA's Motion to Dismiss.

### III. ARGUMENT

#### A. FINRA's Regulatory Immunity Precludes Discovery.

"Generally speaking, discovery should not be allowed pending the resolution of an immunity question." *NRA of Am. v. Cuomo*, 2022 U.S. Dist. LEXIS 8849, at *10-11 (N.D.N.Y. Jan. 19, 2022) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, ***discovery should not be allowed***.") (emphasis supplied)). This is because immunity provides protection "not merely to avoid standing trial, but also to avoid the burdens of such ***pretrial*** matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (interior quotation marks and citation omitted) (emphasis in original). As such, the United States Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter*, 502 U.S. at 227 (citing *Harlow,* 457 U.S. at 818; *Davis v. Scherer*, 468 U.S. 183, 195 (1984); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6). As a result, immunity is a threshold issue that must be resolved before discovery can proceed in a case. *See In re Facebook, Inc*., 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) (citing "general rule" that discovery

3

should not proceed pending resolution of immunity considerations from *Harlow*); *see also Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018) (immunity represents both a bar on liability and an "entitlement not to stand trial or face the burdens of litigation").

Here, FINRA filed a motion to dismiss the Amended Complaint because all of the conduct Plaintiff alleges FINRA engaged in falls squarely within the scope of FINRA's regulatory duties thus entitling FINRA to regulatory immunity. [ECF No. 44]. In similar circumstances, courts have denied discovery pending resolution of a motion to dismiss filed by FINRA. For example, in *North v. Smarsh*, while FINRA's motion to dismiss was pending, the plaintiffs filed a motion to compel the production of digital records to aid in the court's consideration of various jurisdiction arguments. 160 F. Supp. 3d 63, 87 n.11 (D.D.C. 2015). The court granted FINRA's motion to dismiss and denied the plaintiffs' request for limited discovery because the "Plaintiffs fail[ed] to explain why such production [was] relevant to Defendants' jurisdiction arguments," and the court found that "[n]o production of any documents, . . . could change the fact that . . . FINRA is absolutely immune from suit." *Id*. at 87 n.11, 88; *see also New York by James v. Pennsylvania Higher Educ. Ass. Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting motion to stay discovery pending resolution of motion to dismiss where defendant's motion was predicated on sovereign and intergovernmental immunity because such defenses constituted "the 'strong showing' necessary to weigh in favor of a stay.").

Likewise, here, FINRA's immunity precludes discovery pending a ruling on its Motion to Dismiss. Therefore, FINRA's motion should be granted, all discovery should be stayed, and

4

Plaintiff's Discovery Motions should be held in abeyance until FINRA's Motion to Dismiss is resolved.[2]

### B. Alternatively, The Court Should Stay Discovery Under FRCP 26(c).

Even if immunity did not insulate FINRA from discovery burdens at this stage of the case (it does), the Court should exercise its discretion and stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Under Rule 26(c), a court may issue a protective order "for good cause . . . to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c). Courts in this Circuit evaluate three factors in determining whether sufficient "good cause" exists to stay discovery pending resolution of a motion to dismiss: (i) the strength of the pending motion; (ii) the breadth of discovery sought, and the burden imposed on the responding party; and (iii) the prejudice that would result to the non-responding party if a stay were issued. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Here, all three factors favor a stay of discovery until the Court decides FINRA's Motion to Dismiss.

On the first factor, "courts tend to consider whether the 'resolution of [the pending motion to dismiss] may dispose of the entire action.'" *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 U.S. Dist. LEXIS 93339, at *3 (S.D.N.Y. May 24, 2022) (citing *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 U.S. Dist. LEXIS 33051, at *2 (S.D.N.Y. Feb. 24, 2022); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 278 (S.D.N.Y. 2006) ("[A] stay of discovery is appropriate

---

[2] FINRA's instant motion contrasts with Plaintiff's recently filed Motion to Hold all Motions to Dismiss and Motions for Arbitration in Abeyance (ECF No. 39) (the "Abeyance Motion"). The Abeyance Motion sought to stay Plaintiff's own case by holding all motions challenging his Amended Complaint in abeyance and proceeding only on arguments he first raised in reply briefs. In contrast, FINRA now seeks to stay discovery and discovery related motions on the grounds that its immunity, and the dispositive nature of its pending Motion to Dismiss, mandate such a stay pursuant to existing authority and precedent.

pending resolution of a potentially dispositive motion" (citations omitted)); *see also Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 U.S. Dist. LEXIS 89789, at *2 (S.D.N.Y. May 10, 2021) (granting a stay where a "motion to dismiss" was "potentially dispositive" (citation omitted)). FINRA's Motion to Dismiss is dispositive because it presents multiple independent bases for complete dismissal, including lack of personal jurisdiction [ECF No. 44, at 5-10]. Courts regularly grant protective orders to parties asserting well-founded jurisdictional defenses. *See, e.g., Lu v. Cheer Holding, Inc.*, 2024 WL 1718821, at *2-3 (S.D.N.Y. Apr. 19, 2024) (staying discovery pending motion to dismiss asserting lack of personal jurisdiction defense); *Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (same); *Port Dock and Stone Corp. v. Oldcaster Northeast, Inc.*, 2006 WL 897996, at *1-2 (E.D.N.Y. Mar. 31, 2006) (same); *Vida Press v. Dotcom Liquidators, Ltd.*, 2022 US. Dist. LEXIS 211786, at *4 (E.D.N.Y. November 22, 2022) (same). Indeed, the Second Circuit has held that except for discovery necessary to decide jurisdictional issues, "until [Plaintiff] has shown a reasonable basis for assuming jurisdiction, [Plaintiff] is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990).

With regard to the second factor, producing any of the discovery that Plaintiff seeks, or is likely to seek if permitted, imposes an undue burden on FINRA. Specifically, Plaintiff's Amended Complaint and the Discovery Motions focus on obtaining Electronic Blue Sheet data, other unspecified trading data, and all emails relating to FINRA's regulatory activities concerning MMTLP between November 2022 and December 9, 2022. [ECF No. 4, Am. Compl. ¶¶ 67, 188-89, n.6; ECF Nos. 13, 14]. But, as FINRA explained in its Opposition to Plaintiff's Motion for Expedited Discovery, and as detailed in the affidavit included therewith, producing Electronic Blue Sheet data imposes a significant burden upon FINRA. [ECF No. 29, FINRA Opposition to

Expedited Discovery, at 11-12; ECF No. 29-2, Affidavit, ¶ 21]. And imposing such a burden on FINRA is particularly inappropriate where it has already filed a Motion to Dismiss that is dispositive based on jurisdictional and immunity grounds. Thus, in a case like this, a stay of discovery is appropriate where "adjudication of [a] pending motion to dismiss may obviate the need for burdensome discovery." *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Finally, the third factor weighs in favor of a stay because Plaintiff would not be prejudiced by a discovery stay where the discovery he seeks (i) is unnecessary at this early stage, and (ii) would be available in the normal course of discovery if his cause of action against FINRA survives FINRA's Motion to Dismiss. *See, e.g., Amron v. 3M Minnesota Mining & Manufacturing Co.*, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (no undue prejudice would result where plaintiff's claims were not "inherently time sensitive" and the case was "still in its early stages."); *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (no prejudice would result where "a discovery schedule ha[d] not been set, discovery ha[d] not occurred, and depositions ha[d] not been taken," and evidence would be preserved pending decision on motion to dismiss); *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (plaintiff would "suffer little prejudice as a result of a stay" and noting that "while there has already been significant motion practice in this case—all of which has been advanced by [plaintiff]—this case is still in its early stages.").

Here, the information that Plaintiff seeks in the Discovery Motions is not relevant to any time-sensitive injunctive or declaratory relief. Instead, Plaintiff seeks only monetary damages,[3]

---

[3] Plaintiff moved to withdraw his Writ of Mandamus against the Securities and Exchange Commission and Gary Gensler seeking, among other things, to establish "two days of trading in

the pursuit of which would not be impacted by a discovery stay. [ECF No. 4, Am. Compl., p. 49-51]. Further, as FINRA noted in its Opposition to Plaintiff's Motion for a Preservation Order, FINRA is obligated to retain records related to its business for a period of five years anyway. [ECF No. 28, FINRA Preservation Opp., p. 17]. Accordingly, the Court should exercise its discretion to stay discovery and to hold the Discovery Motions in abeyance until FINRA's Motion to Dismiss is decided.[4]

## IV.   CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court grant its motion, stay all discovery, reserve decision on Plaintiff's pending Discovery Motions, and direct Plaintiff

---

MMTLP . . . ." [ECF No. 4, Am. Compl., p. 51; ECF No. 46]. Even if Plaintiff were still requesting that relief, it is not the type of time-sensitive injunctive relief that implicates potential prejudice to Plaintiff. Indeed, as Plaintiff concedes, MMTLP no longer exists. [ECF No. 4, Am. Compl., ¶¶ 27, 57-59]. Accordingly, there is no risk of prejudice to Plaintiff in waiting to conduct discovery until after the Court decides FINRA's Motion to Dismiss.

[4] Though Plaintiff only asserts a RICO Act claim against FINRA, the predicate acts that he alleges give rise to his claim are based on purported violations of the Exchange Act. [*See* ECF No. 4, Amended Compl., Introduction ("This action is brought . . . to recover damages for violations of the Securities Exchange Act of 1934.")] Accordingly, the automatic stay of discovery provision in the Private Securities Litigation Reform Act of 1995 should also preclude Plaintiff from engaging in any discovery pending the Court's decision on FINRA's Motion to Dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B); *see also Riggs v. Termeer*, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003) ("Because the central claims asserted allege securities fraud and seek relief under the securities laws, this case is subject to an automatic stay of discovery under the PSLRA pending resolution of the [pending motion to dismiss]."); *Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004) (finding that the PSLRA "create[s] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss."); *Mori v. Saito*, 802 F.Supp.2d 520, 522-24 (S.D.N.Y. 2011) (applying mandatory stay under the PSLRA where plaintiffs' claims based on an allegedly fraudulent investment scheme were brought under the Exchange Act and RICO).

to refrain from filing any new or additional discovery-related motions until after this Court decides FINRA's Motion to Dismiss.

<u>Certification Pursuant To F.R.C.P. 26(C)(1) And Local Rules 26(c)(1) and 7(a)(7)</u>

On Thursday, September 26, 2024 at 9:35 AM, counsel for FINRA, Walter Judge, emailed Plaintiff Scott Traudt and asked Mr. Traudt if he would assent to this motion to stay discovery involving FINRA until the Court decides FINRA's pending motion to dismiss (ECF 44). Mr. Traudt responded with an unfounded accusation that FINRA had "spoliated" evidence and that he wanted FINRA to agree to his "preservation" request (ECF 13-14) (FINRA has already responded/opposed that request (ECF 28-29, 42). By email at 5:55 PM on September 26, counsel for FINRA advised Mr. Traudt that it deemed his response to be a "no," and that FINRA would proceed with the filing of this motion.

Respectfully submitted, this 1st day of October, 2024.

                            DOWNS RACHLIN MARTIN PLLC

By:    /s/ Walter E. Judge, Jr.
        Walter E. Judge, Jr.
        199 Main Street, P.O. Box 190
        Burlington, VT  05402-0190
        Telephone: 802-863-2375
        E-mail: wjudge@drm.com

John P. Mitchell, *Pro Hac Vice*
Faegre Drinker Biddle & Reath, LLP
105 College Rd. East, P.O. Box 627
Princeton, NJ  08542
john.mitchell@faegredrinker.com

*Attorneys for Financial Industry Regulatory Authority, Inc. ("FINRA")*

<u>CERTIFICATE OF SERVICE</u>

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Tuesday, October 1, 2024, I electronically filed with the Clerk of Court the foregoing Motion to Stay Discovery using the CM / ECF system. The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.

                            <u>/s/ Walter E. Judge, Jr.</u>
                              Walter E. Judge, Jr.