## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-782 |
| ) | |
| ARI RUBENSTEIN, ) | |
| GTS SECURITIES LLC, ) | |
| GTS EQUITY PARTNERS LLC, ) | |
| GTS EXECUTION SERVICES LLC, ) | |
| CHARLES W. SCHWAB AND CO. INC., ) | |
| SCHWAB HOLDINGS, INC., ) | |
| FINANCIAL INDUSTRY REGULATORY ) | |
| AUTHORITY, ) | |
| Defendants, ) | |
| ) | |
| GARY GENSLER, ) | |
| US SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| "Respondent" ) | |

## CHARLES SCHWAB & CO., INC. AND SCHWAB HOLDINGS, INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants Charles Schwab & Co., Inc. and Schwab Holdings, Inc. (collectively, "Schwab") submit this opposition in response to Plaintiff Scott Traudt's ("Plaintiff") motion for sanctions (Dkt. No. 55). Plaintiff's motion is really a back-door attempt to seek untimely discovery in this Court, despite having agreed that he would pursue any claims against Schwab—including any dispute about the scope of his arbitration agreement—in arbitration. The motion should be denied in its entirety.

Schwab also respectfully submits that the points and authorities herein are further support for Schwab's pending motion to stay in favor of arbitration (Dkt. No.

1

8).   Schwab and Plaintiff specifically contracted that Plaintiff would raise any disputes against Schwab—including the disputes stated in the present motion—in arbitration, not in court.   The Federal Arbitration Act requires enforcement of that agreement.  *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019) ("[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue.").

Since the commencement of this lawsuit, Schwab has been clear that this dispute belongs in arbitration.   Schwab argued as much in its earlier motion to stay in favor of arbitration.  *See* Dkt. No. 8.   Although Plaintiff's submission runs many pages, *nowhere* in his filing does he deny the authenticity of his arbitration agreement with Schwab.  As explained in Schwab's motion, the governing arbitration agreement is broad; that arbitration provision covers all disputes, including all disputes about arbitrability.  *See id.* at 4 ("Any controversy or claim arising out of or relating to (i) this Agreement . . .; (ii) the Account, . . .; (iii) transactions in the Account or any other Schwab account; . . . including any controversy over the arbitrability of a dispute, will be settled by arbitration.").

Thus, under the plain terms of Plaintiff's arbitration agreement with Schwab, any objections that Plaintiff may have as to the enforceability of his arbitration provision is, per the terms of the contract that he agreed to and signed, to be decided in arbitration.  *See Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1192–93 (2024) ("[P]arties can form multiple levels of agreements concerning arbitration.   At a basic level, parties can agree to send the merits of a dispute to an arbitrator.   They can also 'agree

by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes.'" (quoting *Henry Schein*, 586 U.S. at 65)).

To be clear: Plaintiff is entitled to make arguments as to why his arbitration agreements should not be enforced, however insubstantial those arguments may be. But he is not entitled to make those arguments in this forum.  Plaintiff specifically agreed to make those types of arguments *to the arbitrator*.  For that reason, all of Plaintiff's arguments against the enforcement of his arbitration agreement are not only meritless but also beside the point.

It follows that Plaintiff is not entitled to discovery outside of an arbitration proceeding.  Indeed, just eighteen months ago, the Supreme Court explained that the bar against discovery prior to adjudication of a motion to compel arbitration is so high that it applies even after a district court *denies* a motion to compel arbitration, as long as the party moving to compel is pursuing the statutorily-permitted appeal.  *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) ("If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost.").  Numerous federal district courts have recognized that *Bielski* necessarily implies a prohibition on discovery during the district court's consideration of a motion to compel arbitration. *See, e.g.*, *Garage Door Sys., LLC v. Blue Giant Equip. Corp.*, No. 1:23-CV-02223-JMS-KMB, 2024 WL 1621185, at *2 (S.D. Ind. Apr. 15, 2024) ("Granting a stay of discovery

is important because '[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators.'" (quoting *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002))); *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *2 (E.D. Tex. July 1, 2024). And at least two courts of appeals have recognized that allowing discovery prior to a decision on a motion to compel arbitration entitles the party moving to compel to appeal. *See Cameron Par. Recreation #6 v. Indian Harbor Ins. Co.*, 92 F.4th 1152 (5th Cir. 2024) (per curiam) (holding that district court's allowance of discovery as to arbitrability was erroneous and appealable); *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, No. 21-3108, 2023 WL 5378845, at *2 (3d Cir. Aug. 22, 2023) ("[T]he District Court's order denying a protective order effectively denies [the] pending motion to compel arbitration . . . ."). Once in arbitration, Plaintiff will have substantial rights to discovery[1]—and he may bring any disputes about the scope of discovery to the arbitrator's attention. He cannot, however, jump the gun by seeking discovery prior to commencing an arbitration.

One final point bears mention. Plaintiff invokes certain recordkeeping rules promulgated by the U.S. Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA") as the basis on which Schwab should face sanctions for spoliation. *See, e.g.*, Dkt. No. 55 at 4 (citing SEC Rule 17a-4 and FINRA Rule 4511). Plaintiff's dispute about his access to Schwab's records is

---

[1] *See* FINRA Discovery Guide (2013), *available at* https://www.finra.org/sites/default/files/ArbMed/p394527.pdf.

4

a dispute—and it belongs in arbitration.  And, in any case, the SEC recordkeeping rules do not provide Plaintiff with any rights whatsoever.  As the Supreme Court plainly put it, the statute under which those rules were promulgated "does not, by its terms, purport to create a private cause of action in favor of anyone." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979); *see also Schwartz v. Barney*, 219 F. App'x 227, 228 (3d Cir. 2007) (dismissing as frivolous a pro se plaintiff's appeal of the district court's denial of his effort to compel inspection of a document from a brokerage firm).

For the foregoing reasons, and for all the reasons stated in Schwab's earlier motion, Dkt. No. 8, the Court should deny Plaintiff's motion and grant Schwab's motion to stay in favor of arbitration.

DATED at Burlington, Vermont, this 7th day of October 2024.

By:    */s/ Justin B. Barnard*
        Justin B. Barnard, Esq.
        Anne B. Rosenblum, Esq.
        **DINSE P.C.**
        209 Battery Street
        Burlington, VT 05401
        Tel: (802) 864-5751
        jbarnard@dinse.com
        arosenblum@dinse.com

        Jeff Goldman, Esq. (admitted *pro hac vice*)
        Felipe Escobedo, Esq. (admitted *pro hac vice*)
        **MORGAN, LEWIS & BOCKIUS LLP**
        One Federal Street
        Boston, MA 02110
        Tel: (617) 341-7700
        jeff.goldman@morganlewis.com
        felipe.escobedo@morganlewis.com

        *Counsel for Charles Schwab & Co., Inc. and*
        *Schwab Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2024, the foregoing document is being filed through the CM/ECF system and that a copy of the same will be sent electronically to all registered participants.  A paper copy of the foregoing document will also be sent to the Plaintiff, at the address stated on his Complaint.


*/s/ Jeff Goldman*
Jeff Goldman