# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT,<br>        Plaintiff,<br><br>        v.<br><br>ARI RUBENSTEIN,<br>GTS SECURITIES LLC,<br>GTS EQUITY PARTNERS LLC,<br>GTS EXECUTION SERVICES LLC,<br>CHARLES W. SCHWAB AND CO. INC.,<br>SCHWAB HOLDINGS, INC.,<br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY,<br>        Defendants,<br><br>GARY GENSLER,<br>US SECURITIES AND EXCHANGE<br>COMMISSION,<br>        "Respondent" | Case No. 2:24-cv-782 |

### CHARLES SCHWAB & CO., INC. AND SCHWAB HOLDINGS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Defendants Charles Schwab & Co., Inc. and Schwab Holdings, Inc. (collectively, "Schwab") respectfully submit this brief response to Plaintiff Scott Traudt's motion to strike Schwab's motion to dismiss (ECF No. 70). While Schwab does not see Mr. Traudt's motion as presenting any colorable grounds for relief or warranting a lengthy response, it writes to make the following limited points:

*First*, Plaintiff's motion to strike is misplaced. Schwab's motion was filed on the date the Court ordered it be filed. *See* ECF No. 10. While Schwab agrees with Plaintiff that, under *Smith v. Spizzirri*, 601 U.S. 472 (2024), a motion to stay in favor

1

of arbitration probably forestalls any obligation to file a responsive pleading pursuant to Rule 12, *see* ECF No. 9, this Court reasonably held otherwise.  Schwab complied with the Court's order.  Schwab did so in the alternative and without waiver of its motion to compel arbitration.  *See* ECF. No. 68 at 1–2; ECF. No. 8.  Plaintiff's arguments that Schwab has contradicted itself, *see* ECF. No. 70 at 2–4, are baseless.

*Second,* to the extent that Plaintiff plans to seek leave to assert additional claims, *see* ECF No. 70 at 4–5, his request is not properly before the Court, as he has not moved to amend his complaint.  More importantly, as to Schwab, no amendment could counteract Plaintiff's agreement to arbitrate all controversies with Schwab.

*Third,* Schwab is sensitive to the fact that the volume of pleadings in this case has grown disproportionately to the case's merits and does not wish to worsen that problem.  Nonetheless, should the Court prefer full briefing on these issues, or any other issues, Schwab is happy to provide it.

DATED at Burlington, Vermont, this 21st day of October 2024.

By: */s/ Justin B. Barnard*
Justin B. Barnard, Esq.
Anne B. Rosenblum, Esq.
**DINSE P.C.**
209 Battery Street
Burlington, VT 05401
Tel: (802) 864-5751
jbarnard@dinse.com
arosenblum@dinse.com

Jeff Goldman, Esq. (admitted *pro hac vice*)
Felipe Escobedo, Esq. (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110

2

Tel: (617) 341-7700
jeff.goldman@morganlewis.com
felipe.escobedo@morganlewis.com

*Counsel for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, the foregoing document is being filed through the CM/ECF system and that a copy of the same will be sent electronically to all registered participants. A paper copy of the foregoing document will also be sent to the Plaintiff, at the address stated on his Complaint.

                                              */s/ Justin B. Barnard*
                                              Justin B. Barnard