UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-00782 |
| | ) |
| ARI RUBINSTEIN, | ) |
| GTS SECURITIES, LLC, | ) |
| CHARLES W. SCHWAB & CO., INC., | ) |
| FINANCIAL INDUSTRY | ) |
| REGULATORY AUTHORITY, and | ) |
| GARY GENSLER, | ) |
| | ) |
| Defendants. | ) |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY AND ALL PENDING DISCOVERY MOTIONS**

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), by and through its undersigned counsel, submits this Reply Memorandum of Law in Support of its Motion for a Protective Order (the "Motion") Staying Discovery and All Pending Discovery Motions [ECF Nos. 13, 14, and 32] until this Court decides FINRA's motion to dismiss [ECF No. 44].[1]

## I.   INTRODUCTION

Plaintiff's opposition fails to address FINRA's principal arguments supporting its Motion. Specifically, Plaintiff offers no rebuttal to FINRA's assertion that the regulatory immunity defense raised in its motion to dismiss precludes discovery from commencing prior to the Court deciding that motion. Nor does Plaintiff address FINRA's discretionary stay arguments under Rule 26(c) of the Federal Rules of Civil Procedure. Instead, Plaintiff, apparently conceding that the automatic stay provision in the Private Securities Litigation Reform Act ("PSLRA") applies to his claim against FINRA, spends the bulk of his opposition arguing that the automatic stay should be lifted. But as explained in detail below, Plaintiff's arguments miss the mark.

## II.   ARGUMENT

### A.   Discovery Should be Stayed Until the Court Determines Whether FINRA's Regulatory Immunity Bars Plaintiff's Claim.

Plaintiff fails to counter FINRA's argument that discovery should be stayed pending the Court's resolution of FINRA's motion to dismiss, which asserts, among other defenses, that regulatory immunity bars Plaintiff's sole claim against FINRA in this action. Instead, Plaintiff attempts to oppose the <u>merits</u> of FINRA's regulatory immunity argument by claiming FINRA is

---

[1] FINRA specifically incorporates its oppositions to Plaintiff's motion for a protective order [ECF No. 28] and Plaintiff's motion for limited discovery [ECF No. 29] into this Motion as if fully set forth herein.

unconstitutional, a claim Plaintiff first asserted in a reply brief in support of a discovery motion.[2] *See* [ECF No. 72, Opp. to FINRA Motion for Protective Order, at p. 13-14; ECF No. 36, at p. 8-19]. But whether FINRA is ultimately entitled to regulatory immunity is a question to be resolved in deciding FINRA's motion to dismiss—the merits of it having no bearing on whether discovery should be stayed pending such decision. Indeed, existing law provides that conducting discovery pending a ruling on a potentially dispositive immunity defense is inappropriate because immunity provides protection "not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). By failing to address this argument, Plaintiff concedes that the Court's pending decision on FINRA's motion to dismiss necessitates a stay of discovery in the interim. *See, e.g., Scott v. JPMorgan Chase & Co.*, 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014) (plaintiff deemed to have admitted claims that were governed by arbitration agreement where plaintiff failed to counter defendant's arguments on the

---

[2] Of course, Plaintiff cannot assert claims in a reply brief that are not asserted in his amended complaint. *See Thomas v. Egan*, 1 Fed.Appx. 52, 54 (2d Cir. 2001) ("A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim."); *see also, Connelly v. Ferguson*, 2022 WL 123800, at *3-4 (D. Vt. Jan. 13, 2022) (noting that plaintiff could not assert a cause of action raised for the first time in opposition to summary judgment motion, because it was not pled).

And even if Plaintiff could raise a constitutional claim not currently pled in his amended complaint, courts nationwide agree that FINRA, like its predecessor the NASD and other SROs, "is a private actor" and not the government. *Desiderio*, 191 F.3d 198, at 206-07 (2d Cir. 1999), *cert. denied* 531 U.S. 1069; *see also Barbara v. New York Stock Exch.*, 99 F.2d 49, 58 (2d Cir. 1996) (noting that the NYSE is a "private, rather than a governmental entity."); *Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.2d 155, 161 (2d Cir. 2002) ("It has been found, repeatedly, that the NASD itself is not a government functionary."). As the Third Circuit emphasized as to the NASD, "Congress preferred self-regulation by a *private* body over direct involvement of a governmental agency." *First Jersey Sec., Inc.*, 605 F.2d 690, at 698 (3d Cir. 1979) (emphasis added); *see also, Epstein v. SEC*, 416 Fed.App'x 142, 148 (3d Cir. 2010) (finding that plaintiff "cannot bring a constitutional due process claim against the NASD, because the NASD is a private actor, not a state actor."). In short, "no court has ever held that FINRA or its relationship with the SEC is unconstitutional." *Kim v. Financial Industry Regulatory Authority, Inc.*, 698 F.Supp.3d 147, 153 (D.D.C. 2023).

issue); *Felske v. Hirschmann*, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A [p]laintiff effectively concedes a defendant's arguments by his failure to respond to them."). Accordingly, the Court should grant the Motion and issue a protective order staying all discovery and discovery-related motions until after deciding FINRA's motion to dismiss.

      **B.    Plaintiff's Reliance on Exceptions to the PSLRA's Automatic Stay Provision is Misplaced.**

Plaintiff spends the bulk of his opposition on irrelevant musings[3] and attempting to refute the automatic stay provision in the PSLRA. [ECF No. 72, at p. 1-7]. But those arguments are unavailing for multiple reasons.

First, while FINRA raised the PSLRA provision in a footnote on the last page of its Motion, FINRA did not rely on the PSLRA's automatic stay provision to seek the protective order requested in its Motion. Indeed, if the PSLRA stay were deemed to apply, FINRA would not need to seek the relief sought in its Motion because such relief would be automatic. Instead, FINRA raised the PSLRA stay as another factor the Court may consider given that Plaintiff asserted only a RICO claim, which is improperly based on alleged securities law violations. But if the PSLRA's automatic stay does apply, as Plaintiff believes it does, FINRA's primary arguments in its Motion (i.e., regulatory immunity and the strength of its pending motion to dismiss) establish further grounds for discovery to be stayed pending this Court's decision.

---

[3] For example, Plaintiff argues that the SEC's purported position in *SEC v. Brda*, 1:24-cv-04806 (S.D.N.Y. 2024), that Mr. Brda orchestrated a short squeeze in the reverse split from Torchlight Energy (symbol TRCH) into Meta Materials, is inconsistent with FINRA's statement in this case that "Plaintiff, along with many others, speculated on a 'short squeeze' in [MMTLP]." [ECF No. 44, at p. 1]. Mr. Brda's alleged actions engineering a short squeeze in TRCH are distinct in time and circumstances from Plaintiff's, and others', speculation that a short squeeze would occur in MMTLP.

Second, Plaintiff's arguments fail to establish any basis to proceed with discovery before the Court decides FINRA's motion to dismiss. Plaintiff argues for lifting the PSLRA's automatic stay, but neither his allegations nor his arguments are sufficiently particularized. For example, Plaintiff claims, without any factual support, that the materials he seeks "have already been produced by FINRA and the SEC as of 5 December 2022 . . . and in the case of *Securities and Exchange Commission v. Brda*, 1:24-cv-04806 (SDNY 2024)." [ECF No. 72, at p. 8]. But, FINRA has not produced the sought after Blue Sheet Data[4] or emails related to MMTLP in any other litigation. And, even if those materials had been produced, absent "exceptional circumstances," such production would not entitle Plaintiff to discovery of those materials prior to the Court deciding FINRA's motion to dismiss in this case. *In re AOL Time Warner, Inc. Securities*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003). In addition, as explained in FINRA's oppositions to Plaintiff's discovery-related motions [ECF Nos. 28, 29], Plaintiff has not made any specific showing that FINRA destroyed evidence. *See In re Vivendi*, 2003 WL 21035383, at *1 (S.D.N.Y. May 6, 2003) (denying motion seeking "documents already produced by defendants to the United States Department of Justice, [and] Securities and Exchange Commission," because plaintiffs failed to "make a specific showing that the 'loss of evidence is imminent as opposed to merely speculative.'"). Plaintiff points only to a single, conclusory allegation that Defendant Charles W. Schwab & Co. Inc. ("Schwab") destroyed "emails and . . . audio recordings." [ECF No. 72, at p. 9]. Schwab's alleged actions, however, do not implicate FINRA, and Plaintiff makes no allegation that FINRA destroyed evidence. In other words, Plaintiff has not established any threat that

---

[4] Capitalized terms not defined herein have the same meaning as in FINRA's Motion, ECF No. 61.

potentially relevant records within FINRA's possession, which FINRA is required to maintain under Federal law, may be destroyed prior to this Court deciding FINRA's motion to dismiss.

        **C.     Each of the Rule 26(c) Factors Establish That Staying Discovery Until the Court Decides FINRA's Motion to Dismiss is Appropriate.**

Plaintiff fails in his opposition to refute that a discretionary stay under Rule 26(c) of the Federal Rules of Civil Procedure is appropriate here. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (when deciding whether to grant a stay of discovery pending a motion to dismiss, courts consider: (i) the strength of the pending motion; (ii) the breadth of discovery sought, and the burden imposed on the responding party; and (iii) the prejudice that would result to the non-responding party if a stay were issued). Specifically, Plaintiff's opposition does nothing to undercut the strength of FINRA's pending motion to dismiss, which presents multiple independent bases for dismissal that would completely dispose of Plaintiff's sole claim against FINRA. Further, Plaintiff acknowledges that his RICO claim against FINRA lacks merit because he concedes in his reply in support of his motion for limited expedited discovery that RICO claims "cannot be brought if they involve securities fraud . . . ." [ECF No. 36, at n. 22]. Accordingly, a discretionary stay of discovery pending resolution of FINRA's motion to dismiss is appropriate where Plaintiff's RICO claim, by his own admission, is likely to be dismissed. *See Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, 2009 WL 27777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting motion for a stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion 'appear[ed] not to be unfounded in the law.'").

Next, as explained in numerous other filings FINRA has made in this action, producing the Blue Sheet Data, other unspecified trading data, and all emails relating to FINRA's regulatory activities concerning MMTLP between November 2022 and December 9, 2022, is both overly

broad and incredibly burdensome. *See* [ECF No. 29, at p. 11-12; ECF No. 29-2, ¶¶ 21-22]. Plaintiff's claims that FINRA's "size and capabilities" mean his requests would not result in an undue burden or otherwise "interfere with [FINRA's] core regulatory functions" are conclusory and unavailing. *See* [ECF No. 72, at p. 13]; *see also*, [ECF No. 29, at p. 12 ("[T]o produce Blue Sheet Data, FINRA would be required to redirect multiple staff members away from FINRA's regulatory work to identify and export the data . . ." and "to produce the requested email communications, . . . FINRA would be required to engage in an extensive search, collection, review, and production of an unknown number of communications.")].

Finally, Plaintiff fails to articulate any undue prejudice he may suffer resulting from an order staying discovery until the Court decides FINRA's motion to dismiss. In fact, the cases that Plaintiff relies upon actually support a stay. *See In re CFS-Related Securities Fraud Litigation*, 179 F.Supp.2d 1260, 1265-66 (N.D. Okla. 2001) (denying motion to compel where plaintiffs failed to demonstrate "undue prejudice" sufficient to lift the PSLRA's automatic stay because 'delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair.'"); *Miskin v. Ageloff*, 220 B.R. 784, 793-94 (S.D.N.Y. 1998) (reversing bankruptcy court's decision to lift stay, in part because the trustee failed to articulate particularized discovery necessary to avoid undue prejudice). Like the plaintiffs in *In re CFS* and *Miskin*, Plaintiff fails to demonstrate that he would suffer any undue prejudice if he is required to wait until after FINRA's motion to dismiss is decided.

Moreover, the allegations in Plaintiff's claim against FINRA relate to regulatory activities occurring almost two years ago; thus, Plaintiff's claims do not seek the kind of time-sensitive relief that would make a temporary stay of discovery inappropriate. *See Amron v. 3M Minnesota Mining & Manufacturing Co.*, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (undue prejudice would

not result where plaintiff's claims were "not inherently time sensitive" and the case was "still in its early stages."). And as explained above, Plaintiff has not established any threat that the materials he seeks in discovery will be destroyed prior to the Court's decision on FINRA's motion to dismiss. *See* [ECF No. 28, at p. 14-18 (arguing that Plaintiff is not entitled to a preservation order, in part, because FINRA is under numerous legal obligations to preserve documents and Plaintiff has failed to establish that FINRA has allegedly destroyed any potentially relevant evidence)]. Consequently, Plaintiff falls far short of establishing any exceptional circumstances that would justify discovery prior to the Court's decision on FINRA's motion to dismiss. *See In re AOL Time Warner, Inc. Securities*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003).[5]

At bottom, Plaintiff seeks to conduct a fishing expedition hoping to find support for what he acknowledges to be a deficient claim against FINRA prior to the Court deciding the legal sufficiency of said claim. But, as the cases Plaintiff cites hold, discovery for this purpose is plainly improper and a stay would not create undue prejudice. *See Jian v. Chirico*, 2024 WL 3104817, at *7-8 (S.D.N.Y. June 24, 2024) (denying motion to lift the PSLRA discovery stay because the "inability to gather evidence for settlement negotiations or to plan a litigation strategy . . . is not evidence of undue prejudice," and "mere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the PSLRA discovery stay is 'necessary . . . to prevent undue prejudice,' that would otherwise result."); *Faulkner v. Verizon Communications, Inc.*, 156 F.Supp.2d 384, 402-04 (S.D.N.Y. 2001) (lifting discovery stay unnecessary to prevent undue prejudice because "[e]ssentially, plaintiffs seek to lift the stay for the sole purpose of uncovering facts to support the fraud allegations in the Complaint," and "the [PSLRA] clearly contemplates

---

[5] Plaintiff also alleges that Schwab destroyed emails and audio recordings, and, as a result, "expedited and limited discovery is essential in this case to preserve the remaining evidence that may still be at risk." [ECF No. 72, at p. 9]. FINRA is not Schwab.

that 'discovery should be permitted . . . only after the court has sustained the legal sufficiency of the complaint."). Accordingly, FINRA's Motion should be granted.

## III. CONCLUSION

For the foregoing reasons, FINRA's Motion should be granted, and the Court should issue a protective order staying all discovery and pending discovery motions until it has decided FINRA's motion to dismiss.

Respectfully submitted this 24th day of October, 2024.

                DOWNS RACHLIN MARTIN PLLC

By:   /s/ Walter E. Judge, Jr.
       Walter E. Judge, Jr.
       199 Main Street, P.O. Box 190
       Burlington, VT 05402-0190
       Telephone: 802-863-2375
       E-mail: wjudge@drm.com

       John P. Mitchell, *Pro Hac Vice*
       Faegre Drinker Biddle & Reath, LLP
       105 College Rd. East, P.O. Box 627
       Princeton, NJ 08542
       Telephone: 609-716-6500
       Email: john.mitchell@faegredrinker.com

*Attorneys for Financial Industry Regulatory Authority, Inc.*

### CERTIFICATE OF SERVICE

I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Thursday, October 24, 2024, I electronically filed with the Clerk of Court the foregoing Defendant FINRA's Reply Memorandum in Support of Motion for Protective Order to Stay Discovery, using the CM / ECF system. The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties. I also sent a copy of the document to all counsel by email.

                      /s/ Walter E. Judge, Jr.
                      Walter E. Judge, Jr.

23113795.1