Scott Traudt
191 Kibling Hill Rd.
Strafford, VT 05072
802-318-0429

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 NOV 25 AM 8: 39

CLERK
BY _____AL_____
DEPUTY CLERK

24 November 2024

Clerk of the Court
US District Court
11 Elmwood Avenue, Room 200
Burlington, VT 05401

Re: *Scott Traudt v. Ari Rubenstein* et. al, Case No. 2:24-cv-782

Dear Clerk of the Court:

I am the Plaintiff in the above-referenced matter. I write to provide the court with supplemental authority relevant to the current *Motion for a Stay in Favor of Arbitration* filed by Defendant Charles Schwab and Co. Inc. on or about 14 August 2024and also as it has bearing on Plaintiff's Motion for Declaratory Judgment and Injunctive Relief of 8 November 2024.

On 22 November 2024, the DC Circuit Court of Appeals ruled in *Alpine Securities Corp. v. Financial Industry Regulatory Authority and United States of America* (Case No. 1:23-cv-01506, https://media.cadc.uscourts.gov/opinions/docs/2024/11/23-5129-2086156.pdf)

**Summary**

The court found that Alpine demonstrated a likelihood of success on its private nondelegation claim, as FINRA's expulsion orders take effect immediately without prior SEC review, effectively barring Alpine from the securities industry. The court held that this lack of governmental oversight likely violates the private nondelegation doctrine. The court also found that Alpine faced irreparable harm if expelled before SEC review, as it would be forced out of business.

The court reversed the district court's denial of a preliminary injunction, instructing it to enjoin FINRA from expelling Alpine until the SEC reviews any expulsion order or the time for Alpine to seek SEC review lapses. However, the court did not grant a preliminary injunction on Alpine's Appointments Clause claims, as Alpine did not demonstrate irreparable harm from participating in FINRA's expedited proceeding itself. The case was remanded for further proceedings consistent with the appellate court's findings.

**Applicability to *Traudt***

The key event in *Traudt* was the U3 trading halt issued by FINRA to halt trading in MMTLP stock on 9 December 2022. Traudt assumes that the court is familiar with the fact pattern in

1

*Traudt*. This U3 halt was never validated by the Securities Exchange Commission ("SEC"). Mirroring this new ruling in *Alpine*, this clearly ran afoul of the private non-delegation doctrine:

For a delegation of governmental authority to a private entity to be constitutional, the private entity must act only "as an aid" to an accountable government agency that retains the ultimate authority to "approve[ ], disapprove[ ], or modif[y]" the private entity's actions and decisions on delegated matters. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 388, 399, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); see Association of American R.R.s v. Department of Transp., 721 F.3d 666, 671 (D.C. Cir. 2013) (*Amtrak I*), vacated on other grounds, 575 U.S. 43, 135 S.Ct. 1225, 191 L.Ed.2d 153 (2015); see also *Association of American R.R.s v. Department of Transp.*, 896 F.3d 539, 546 (D.C. Cir. 2018) (private delegation constitutional where government agency "exercise[s] authority and surveillance" over the private entity) (quotation marks omitted); *Oklahoma v. United States*, 62 F.4th 221, 228–229 (6th Cir. 2023) (similar); *National Horsemen's Benevolent & Protective Ass'n v. Black*, 53 F.4th 869, 880 (5th Cir. 2022) (similar); *Walmsley v. Federal Trade Comm'n*, 117 F.4th 1032, 1039–1040 (8th Cir. 2024) (Where a statute gives the government agency "broad power to subordinate the [private entity's] enforcement activities, the statute is not unconstitutional in all of its applications."). *Alpine* § 17.

The majority opinion in *Alpine* might as well been ascribing to the unfortunate victims of the U3 halt ordered by FINRA when they opined in Alpine that:

The remaining preliminary-injunction factors—irreparable harm, the balance of equities, and the public interest—also support Alpine.

Alpine faces irreparable harm because it faces a grave risk of being forced out of business before full SEC review, rendering any opportunity for later review at best inadequate and, at worst, moot. A business's "destruction in its current form" commonly qualifies as irreparable harm. *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977); see *In re NTE Conn., LLC*, 26 F.4th 980, 990 (D.C. Cir. 2022) ("[F]inancial injury can be irreparable where no adequate compensatory or other corrective relief will be available at a later date[.]") (formatting modified); *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("Recoverable monetary loss may constitute irreparable harm" if "the loss threatens the very existence of the movant's business."). *Alpine* § 24.

Applied to Traudt's *Motion for Declaratory Judgment and Injunctive Relief*, all of the factors identified in *Alpine* are evident: irreparable harm in the 100% loss of all investments made into MMTLP (ergo "destruction in its current form"); there is no ability save for injunctive relief (a restart in trading in MMTLP for example) to make Traudt whole; the public interest in a fair market not subject to an arbitrary and capricious decision made by an "illegitimate proceeding, led by an illegitimate decisionmaker"[1] (quoting Judge Walker's concurrence and dissent in *Alpine* § 41.)

The question eventually to be put before this Court is whether or not a Writ of Mandamus finds defense within *Alpine* to get MMTLP its last 2 days of FINRA authorized trading back.

---

[1] *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175, 143 S. Ct. 890, 903, 215 L.Ed.2d 151 (2023).

Referencing Traudt's *Motion for Declaratory Judgment* at #5 within Prayer for Relief, this Court could give full effect to the *Alpine* decision in this Court by forcing 2 days of "pay to close trading" that would allow – finally – for short positions to be closed and for the MMTLP shareholders have a chance to be made whole.

Respectfully submitted,

*/s/ Scott Traudt*
SCOTT TRAUDT
*Pro se*
191 Kibling Hill Rd.
Strafford, VT 05072

25 NOV 2024

Cc: All counsel of record via email.