**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SCOTT TRAUDT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ARI RUBINSTEIN, )<br>GTS SECURITIES, LLC, )<br>CHARLES W. SCHWAB & CO., INC., )<br>FINANCIAL INDUSTRY )<br>  REGULATORY AUTHORITY, and )<br>GARY GENSLER, )<br>)<br>    Defendants. ) | Case No. 2:24-cv-00782 |

**FINANCIAL INDUSTRY REGULATORY AUTHORITY INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF (ECF 89)**

Defendant Financial Industry Regulatory Authority Inc. ("FINRA"), by and through its undersigned counsel, submits this Memorandum of Law in Opposition to Plaintiff's Motion for Declaratory Relief and Injunctive Relief (the "Motion") [ECF No. 89].

I.  **INTRODUCTION**

Once again, Plaintiff attempts to circumvent the Court's procedural requirements by requesting, improperly, relief that did not appear in his previously filed operative pleading [ECF No. 4] or in his proposed Second Amended Complaint [ECF No. 88]. By the Motion, Plaintiff seeks declaratory and injunctive relief in relation to a host of generalized constitutional qualms with FINRA's "very existence." However, in addition to the declaratory and constitutional claims not being included in any of Plaintiff's pleadings to date, on November 19, 2024, this Court granted FINRA's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim [ECF No. 103]. As a result, Plaintiff currently has no pending claims in this action against FINRA at all, and his Motion should be summarily denied as moot.

Even if Plaintiff were able to state a claim against FINRA, which he presently does not and cannot, his request for injunctive relief lacks even a modicum of necessary evidentiary support to succeed on the merits. Plaintiff cannot demonstrate suffering any ongoing injury and, even if he could, he fails to proffer any factual support for it or the Court's ability to address it via injunctive relief. The above deficiencies, combined with Plaintiff's lack of Article III standing, and the fact that no court has ever found FINRA to be a state actor, are fatal to the Motion. Accordingly, the Motion should be denied in its entirety.

II.  **ARGUMENT**

    A.  **Declaratory Relief is Not Before this Court.**

Plaintiff's request for Declaratory Relief is simply not properly before this Court for adjudication. "[A] party may not make a *motion* for declaratory relief, but rather . . . must bring

1

an *action* for a declaratory judgment." *Mishcon de Reya N.Y. LLP v. Grail Semiconductor, Inc.*, 2014 U.S. Dist. LEXIS 22168, at *16 (S.D.N.Y. Feb. 20, 2014) (emphasis in original). Here, Plaintiff has no claims currently pending against FINRA and, even when he did, none of those claims or proposed claims asserted or sought to assert a claim for declaratory judgment. As noted by this Court [ECF No. 84], a cause of action is "not properly before the court" where it does not appear in a complaint giving defendants notice. *See Connelly v. Ferguson*, 2022 WL 123800, at *3 (D. Vt. Jan. 13, 2022) (finding cause of action "not properly before the court" where it did not appear in the complaint); *Thomas v. Egan*, 1 F.App'x 52, 54 (2d Cir. 2001) ("A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim."). As a result of Plaintiff's current lack of any operative complaint against FINRA, the Motion must be denied.

      **B.**    **Plaintiff Fails to Make Any Factual Showing Necessary to Support Granting Injunctive Relief.**

Plaintiff also requests injunctive relief in the Motion, but because he has no currently pending claims against FINRA, that request is also moot.

In addition, Plaintiff did not and cannot demonstrate the elements necessary to entitle him to injunctive relief. "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, ***by a clear showing***, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (emphasis in original). To seek such relief, Plaintiff must show "irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 33 (2d Cir. 2010). Plaintiff does not show either.

1.   Plaintiff Has No Likelihood of Success on the Merits.

Here, Plaintiff seeks "[a]n injunction immediately against FINRA continuing to execute operations using Rule 4560 or Rule 203(b)(2) and ordering FINRA to cease allowing the movement of shares held short to overseas affiliates of US companies or individuals trading in the US stock market." [ECF No. 89, Motion, p. 35 ¶ 6]. Plaintiff does not and cannot demonstrate a likelihood of success on the merits of this argument in any future pleading because all of the conduct he challenges – from the MMTLP trade halt and enforcement of FINRA rules to FINRA's role as an SRO in the securities industry – is regulatory in nature. As a result, Plaintiff's request for injunctive relief is barred by regulatory immunity. *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 105 (2d Cir. 2001) (FINRA is immune "from suit for conduct falling within the scope of [its] regulatory and general oversight functions."); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 99 (2d Cir. 2007) (dismissing claims that SRO "violated its own internal rules" because the "enforcement (or nonenforcement) of these rules clearly implicates the quasi-governmental functions" for which an SRO is entitled to absolute immunity); *see also, Weissman v. NASD, Inc.*, 500 F.3d 1293, 1297 (11th Cir. 2007) ("To determine whether an SRO's conduct is quasi-governmental, we look to the objective nature and function of the activity for which the SRO seeks to claim immunity.").

2.   Plaintiff Proffers No Evidence Whatsoever in Support of the Request for Injunctive Relief.

Further, Plaintiff fails to submit any evidentiary support whatsoever to demonstrate (i) a likelihood of success on the merits, or (ii) irreparable harm if the injunction is not granted. Plaintiff's lack of any evidentiary support is fatal. Where, as here, a plaintiff's "showing" consists only of "a recitation of facts in a memorandum of law," preliminary injunctions are routinely denied. *See, e.g.*, *Lifeng Chen v. New Trend Apparel*, 2011 WL 13551088, at , *1 (S.D.N.Y. Apr.

3

21, 2011) (denying a preliminary injunction where plaintiff failed to submit any supportive admissible evidence and relied entirely on arguments in a memorandum of law); *Perri v. Doe*, 2009 WL 2899563, *1 (E.D.N.Y. Sept. 9, 2009) (denying a preliminary injunction where plaintiff failed to submit any admissible evidence to demonstrate the likelihood of the claim's success). Accordingly, because Plaintiff's request lacks any evidence of the showing required for injunctive relief, and because the Motion is now moot in light of the Court's granting of FINRA's Motion to Dismiss [ECF No. 103], Plaintiff's request for an injunction should be denied.

        3.    <u>Plaintiff Suffers No Ongoing Injury that Would Even be Subject to Injunctive Relief.</u>

Finally, a party moving for injunctive relief must show an irreparable harm that is "likely" *in the absence* of the preliminary injunction. *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998). This showing must be made "before the other requirements for the issuance of [a preliminary] injunction will be considered." *Id*. Here, Plaintiff **does not** make the evidentiary showing required to support a request for injunctive relief in his Motion. The harm alleged in the now dismissed Amended Complaint, and even the procedurally deficient Proposed Second Amended Complaint, was generalized, conclusory, and not particularized. *See, e.g,* [ECF No. 4, Am. Compl. ¶ 196 (asserting "significant financial losses")]; [ECF No. 88, Motion to Amend, at pp. 2-6 (asserting financial harms)]. Simply put, Plaintiff fails to make any showing of irreparable harm that is likely to occur absent an injunction because the conduct he asserts caused him harm – the trade halt – occurred on December 9, 2022.[1] *See* [ECF No. 89, Motion, pp. 8, 18-

---

[1] Notwithstanding Plaintiff's unsupported and inaccurate assertions otherwise, *see, e.g.*, [ECF No. 4, Amended Complaint at ¶ 78]; and [ECF No. 89, Motion p. 25], the trade halt ended on December 13, 2022, when the MMTLP symbol was deleted. *See* Declaration of Walter E. Judge in Support of FINRA's Opposition to the Motion for Declaratory and Injunctive Relief ("Judge Declaration"), Exhibit A, ¶ 9.

4

19, 27]. Accordingly, there is no basis for the injunctive relief sought in the Motion (which was rendered moot in any event by the Court's granting of FINRA's Motion to Dismiss).

### C. There Are No Constitutional Issues Before the Court.

Similar to his request for Declaratory Relief, Plaintiff does not have any pending constitutional claims against FINRA. And for good reason—even if the claims were before this Court (which they are not) – Plaintiff is unable to state constitutional claims against FINRA as a matter of law.

#### 1. Plaintiff Has Not Demonstrated Article III Standing.

First, Plaintiff does not possess standing to assert any constitutional claim. To have such standing, Plaintiff must show that (i) he "has suffered . . . a concrete and particularized 'injury in fact'; (ii) that is 'fairly traceable to the challenged action of the defendant' and (iii) that is 'likely to be redressed by a favorable judicial decision.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). In the Motion, Plaintiff asserts only generalized grievances with FINRA's structure and operations. *See generally* [ECF No. 88, Motion]. This is not enough to establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 556 (1992) ("This Court has consistently held that a plaintiff claiming only a generally available grievance . . ., unconnected with a threatened concrete interest of his own, does not state an Article III case or controversy."); *see also, Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (collecting cases).

In fact, Plaintiff does not predicate the Motion's purported constitutional claims upon any particular FINRA action allegedly taken against him individually.[2] Rather, Plaintiff expressly

---

[2] For example, Plaintiff alleges that FINRA's use of in-house tribunals violates Article III and the Seventh Amendment [ECF No. 88, Motion, p. 6, ¶ 15], yet Plaintiff has not—and cannot—plead

5

states that his claims "challenge the constitutionality of FINRA's structure and its very existence." Motion, p. 2 ¶ 1.  Thus, "[t]he only injury [P]laintiff[] allege[s] is that the law . . . has not been followed," which is "precisely the kind of undifferentiated, generalized grievance" that is not redressable in federal court.  *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (per curiam).  Plaintiff simply cannot circumvent the constitutional bar on asserting generalized grievances by framing FINRA's "very existence" as harm.

Challenges to a regulatory body's constitutional structure are not exempt from Article III's requirement that a plaintiff allege a concrete, particularized injury.  As the Supreme Court has emphasized, constitutional-structure challenges remain "subject to the Article III requirements . . . applicable to all litigants."  *Bond v. United States*, 564 U.S. 211, 225 (2011) (explaining that a litigant must "show actual or imminent harm that is concrete and particular" and that "[t]hese requirements must be satisfied before an individual may assert a constitutional claim").  Because the Motion does not assert a concrete, particularized injury traceable to FINRA and redressable by a favorable judicial determination, and because it is moot in light of the Court's granting of FINRA's Motion to Dismiss, it should be denied.

      2.      <u>FINRA is Not a State Actor.</u>

Second, to establish a constitutional violation, a plaintiff must first "demonstrate 'that in denying plaintiff's constitutional rights, the defendant's conduct constituted state action.'"  *D.L. Cromwell Invs., Inc. v. NASF Reg., Inc.*, 279 F.3d 155, 161 (2d. Cir. 2002) (*quoting Desiderio*, 191 F.3d at 206); *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 256-57 (2d Cir. 2008) (dismissing First Amendment claims and other claims where plaintiff failed to plead state

---

any facts to show that he is subject to a FINRA proceeding that would purportedly require an Article III decisionmaker.

action); *Desiderio*, 191 F.3d at 206-07 (affirming dismissal of plaintiff's Fifth Amendment claim because plaintiff failed to show NASD's actions constituted state action).

Courts considering the issue have held, without exception, that FINRA is not a state actor. *See Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 138 (2d Cir. 2002) ("It is clear that NASD is not a state actor."); *Desiderio*, 191 F.3d at 206 ("Indeed, we have already ruled that the New York Stock Exchange -- a self-regulatory private organization like the NASD -- is not a state actor."); *Barbara v. New York Stock Exch.*, 99 F.3d 49, 58 (2d Cir. 1996) (noting that the NYSE is a "private, rather than a governmental entity"); *D.L. Cromwell, Inc.*, 279 F.3d at 162 ("It has been found, repeatedly, that the NASD itself is not a government functionary."); *Scher v. NASD*, 386 F. Supp. 2d 402, 407-08 (S.D.N.Y. 2005), *aff'd* 218 Fed.Appx. 46 (2d Cir. 2007) (dismissing complaint where plaintiff failed to demonstrate that in allegedly denying her constitutional rights, NASD's conduct constituted state action); *Weinraub v. Glen Rauch Sec., Inc.*, 399 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) ("[I]t is well-settled that neither the NASD, nor its dispute resolution subsidiary, qualifies as a state actor."); *Am. Benefits Grp. Inc. v. NASD*, 1999 WL 605246, at *8 (S.D.N.Y. Aug. 10, 1999) ("[T]he NASD is not a state actor in its role as a self-regulatory organization."); *Graman v. NASD*, 1998 WL 294022, at * 3(D.D.C. Apr. 27, 1998) ("Every court that has considered the question has concluded that NASD is not a governmental actor."); *Meyers v. NASD*, 1996 WL 1742619, at *8-10 (E.D. Mich. Mar. 29, 1996) (finding that allowing the complaint to be amended would be futile because NASD's regulatory actions do not constitute state action); *Dobbins v. NASD*, 2007 WL 2407081, *3 (N.D. Ohio Aug. 22, 2007) ("The absence of state action requires dismissal of the constitutional claims [against NASD]."); *Epstein v. SEC*, 416 F. App'x 142, 148 (3d Cir. 2010) ("Epstein cannot bring a constitutional due process claim against the NASD, because the NASD is a private actor, not a state actor.") (alterations and internal quotation marks omitted); *Mohlman v. FINRA*, 2020 WL 905269, at *6 (S.D. Ohio Feb. 25, 2020) ("Courts have

7

held without exception that FINRA is a private entity and not a state actor." (collecting cases), *aff'd*, 977 F.3d 556 (6th Cir. 2020)); *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 698 (3d Cir. 1979) ("Congress preferred self-regulation by a *private* body over direct involvement of a governmental agency."); *Kim v. FINRA*, 698 F.Supp.3d 147, 153 (D.D.C. 2023) ("[N]o court has ever held that FINRA or its relationship with the SEC is unconstitutional.").

Rather, FINRA is a private entity organized as a not-for-profit corporation under Delaware law that does not receive state or federal funding. *See Meyers*, 1996 WL 1742619, at *1; *see also, Desiderio*, 191 F.3d at 206. No government official serves as a FINRA employee, and the government does not appoint any FINRA employees or officers. *Id*. Because FINRA is not a state actor, Plaintiff would be unable to sustain any constitutional claims against FINRA even if they were properly before the Court, which they are not.

3. Plaintiff's Structural Constitutional Claims Also Fail.

Plaintiff argues that FINRA violates the Article II Appointments Clause and that FINRA's authority derives from an unconstitutional delegation of power. *See* [ECF No. 88, Motion, at ¶¶ 3, 9, 14, 42-53]. This Court should not consider these unpleaded claims because "a court may not grant an injunction when the issues raised in the motion are entirely different from those in the complaint." *Jones v. Taylor*, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220-23 (1945)).

Even if these allegations were properly pleaded, they still fail on the merits. Plaintiff's Appointments Clause argument—which apparently seeks to extend Article II's appointment and removal requirements to FINRA—is foreclosed by Plaintiff's inability to establish that FINRA is part of the government under *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995).

*Lebron* recognized an exceptional category of nominally private companies—there, Amtrak—that are actually "part of the Government" for constitutional purposes because the

government "create[d]" the corporation for "governmental objectives" and "retains for itself permanent authority to appoint a majority of the directors of that corporation." *Id*. at 397, 400. FINRA does not possess any of those unusual characteristics: The government did not create FINRA, *see Scottsdale Cap. Advisors v. FINRA,* 678 F. Supp. 3d 88, 103 (D.D.C. 2023); does not appoint a single member of its board, *see* FINRA Board of Governors, available at https://www.finra.org/about/governance/finra-board-governors, and does not fund or otherwise control it, *see Desiderio,* at 206-07; *Kim*, 689 F.Supp.3d 147, at 157-58; *see also, Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 107 F.4th 415, 440 (5th Cir. 2024) (holding that a "private entity" is "not subject to Article II's Appointments Clause" or removal requirements and that "*Lebron* is the governing test to determine whether an entity is private or public.").

Finally, Plaintiff's Motion argues that FINRA violates the private nondelegation doctrine.[3] FINRA exercises its regulatory authority under the Exchange Act's requirements and the SEC's close supervision. For example, the SEC reviews rules proposed by FINRA, approves those rules

---

[3] On November 25, 2024, Plaintiff filed a notice of supplemental authority in response to the Motion for a Stay in Favor of Arbitration filed by co-defendant Charles W. Schwab & Co. Inc. ("Schwab"), which also references this Motion in the opening paragraph. [ECF No. 106]. Plaintiff cites the recent decision in *Alpine Securities Corp. v. Financial Industry Regulatory Authority and United States of America*, --- F.4th ---,2024 WL 4863140 (D.C. Cir. Nov. 22, 2024), claiming it is relevant because the "U3 halt [of MMTLP] was never validated by the Securities Exchange Commission [and] this clearly ran afoul of the private non-delegation doctrine." [ECF No. 106, at p. 2.]

The *Alpine* decision has no bearing on this case. The *Alpine* holding does not support Plaintiff's apparent conclusion that every FINRA regulatory activity is subject to collateral attack based on the non-delegation doctrine. Rather, the D.C. Circuit Court of Appeals expressly stated that "our opinion is narrow and limited to expedited expulsion proceedings…." *Alpine*, 2024 WL 4863140, at *10. This case does not involve a disciplinary proceeding, let alone an expedited expulsion proceeding. Plaintiff's notice of supplemental authority is also irrelevant because nothing in the *Alpine* decision changes the fact that Plaintiff currently has no operative complaint in this action, Plaintiff lacks standing to assert any purported constitutional claims, and Plaintiff has failed to make any evidentiary showing entitling him to a preliminary injunction.

9

if "consistent with the requirements of [the Exchange Act]," 15 U.S.C. § 78s(b)(1), (2), and can "abrogate, add to, and delete from" those rules, id. § 78s(c).  The SEC's comprehensive oversight properly cabins FINRA's regulatory authority to a constitutionally permissible subordinate role. "In case after case, the courts have upheld this arrangement, reasoning that the SEC's ultimate control over the rules and their enforcement makes the [self-regulatory organizations] permissible aides and advisors."  *Oklahoma v. United States*, 62 F.4th 221, 229 (6th Cir. 2023) (collecting cases); *see also, Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp*., 2024 WL 1011863, at *9 (D. Utah Mar. 8 2024) (agreeing with cases in which "the Exchange Act has repeatedly been upheld against private nondelegation challenges . . . .").  Plaintiff fails to cite or engage with any of these cases, and for this reason—in addition to the fact that this claim is not properly before this court—his private nondelegation claim also fails.

### III.   CONCLUSION

For all of the foregoing reasons, FINRA respectfully requests that the Court deny Plaintiff's Motion in its entirety and issue an order clarifying that Plaintiff file no further motions against FINRA unless and until there is a future operative pleading against FINRA.

Respectfully submitted,                       DOWNS RACHLIN MARTIN PLLC

By:   /s/ Walter E. Judge, Jr.
      Walter E. Judge, Jr.
      199 Main Street, P.O. Box 190
      Attorneys for FINRA
      Burlington, VT  05402-0190
      Telephone: 802-863-2375
      E-mail: wjudge@drm.com

      John P. Mitchell, Pro Hac Vice
      Faegre Drinker Biddle & Reath, LLP
      105 College Rd. East, P.O. Box 627
      Princeton, NJ  08542
      Telephone: 609-716-6500
      john.mitchell@faegredrinker.com

10

CERTIFICATE OF SERVICE

    I, Walter E. Judge, Jr., attorney for Financial Regulatory Authority, hereby certify that on Monday, November 25, 2024, I electronically filed with the Clerk of Court the foregoing Defendant Financial Industry Regulatory Authority, Inc.'s Opposition to Motion for Declaratory Relief and Injunctive Relief, using the CM / ECF system. The CM / ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties.

                                              __/s/ Walter E. Judge, Jr._____
                                              Walter E. Judge, Jr.

                                              *Attorneys for Financial Industry Regulatory Authority ("FINRA")*

Dated: November 25, 2024

23181025.1