**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| SCOTT TRAUDT, )<br>    Plaintiff, )<br>)<br>   v. )<br>)<br>ARI RUBENSTEIN, )<br>GTS SECURITIES LLC, )<br>GTS EQUITY PARTNERS LLC, )<br>GTS EXECUTION SERVICES LLC, )<br>CHARLES W. SCHWAB AND CO. INC., )<br>SCHWAB HOLDINGS, INC., )<br>FINANCIAL INDUSTRY REGULATORY )<br>AUTHORITY, )<br>    Defendants, )<br>)<br>GARY GENSLER, )<br>US SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>    "Respondent" )<br>) | Case No. 2:24-cv-782 |

**CHARLES SCHWAB & CO., INC. AND SCHWAB HOLDINGS, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

  Defendants Charles Schwab & Co., Inc. and Schwab Holdings, Inc. (collectively, "Schwab") respectfully submit this opposition in response to Plaintiff's motion for reconsideration of the Court's order staying his claims against Schwab in favor of arbitration (ECF No. 117).

  Mr. Traudt's motion relies upon false statements, legal errors, and procedural misunderstandings. It should be denied.

  *First*, Plaintiff baselessly alleges that Schwab "spoliated evidence," and falsely asserts that his discovery-related allegations were "never contested" by Schwab. *See*

1

ECF No. 117 at 2, 6–7. Reasoning elliptically, Mr. Traudt contends that because he demanded copies of his written and oral communications with Schwab, and Schwab declined to provide them, Schwab must have "spoliated" its records. In truth, as Schwab told Mr. Traudt, *see* Declaration of Felipe Escobedo ("Escobedo Decl."), Ex. 1 at 2: "While we do retain messages and audio recordings internally, they are not generally available for clients." The fact that Plaintiff has not seen the documents he seeks (and has no right to outside of arbitration[1]) does not mean the documents have vaporized.

Far from "not contest[ing]" Mr. Traudt's baseless allegations of spoliation, Schwab reiterated to Plaintiff multiple times, both in filed documents and emails, that he could not have discovery outside of arbitration. *See* Schwab's Opposition to Plaintiff's Motion for Sanctions, ECF No. 69 at 4 ("Once in arbitration, Plaintiff will have substantial rights to discovery[2]—and he may bring any disputes about the scope of discovery to the arbitrator's attention. He cannot, however, jump the gun by seeking discovery prior to commencing an arbitration."); Escobedo Decl., Ex. 2 at 1 ("Any requests you may wish to make for discovery of documents can be addressed if

---

[1] Plaintiff has asserted that Schwab is required to make and keep certain records pursuant to Exchange Act Rules 17a-3 and 17a-4, 17 C.F.R. § 240.17a-3, and 17 C.F.R. § 240.17a-4. Those rules require registered broker-dealers to maintain certain records, including records of written (but not oral or telephonic) communications with customers. Schwab complies with those regulations. As Schwab explained to Plaintiff, Schwab also retains some recordings of oral communications, even though it is not required to do so. No rule or regulation entitles Mr. Traudt to demand copies of such documents outside the arbitral forum he agreed to use for any disputes with Schwab.

[2] *See* FINRA Discovery Guide (2013), *available at* https://www.finra.org/sites/default/files/ArbMed/p394527.pdf.

2

and when you file an arbitration claim"); Ex. 2 at 2 ("I do not think that your customer service messages with Schwab or TDA have anything to do with the enforcement of your arbitration agreements[.]").[3]

Mr. Traudt's discovery demands may only be addressed in arbitration. *See, e.g., Garage Door Sys., LLC v. Blue Giant Equip. Corp.*, No. 1:23-CV-02223-JMS-KMB, 2024 WL 1621185, at *2 (S.D. Ind. Apr. 15, 2024) ("'[I]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators.'" (quoting *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002))); *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *2 (E.D. Tex. July 1, 2024) (denying plaintiff's request for limited discovery of "certain preliminary issues" as discovery is available in arbitration).

*Second*, Plaintiff is off-base in likening his arbitration agreements to *Glassford v. BrickKicker*, 2011 VT 118, and *Dalury v. S-K-I, Ltd.*, 164 Vt. 329 (1995).[4] *Glassford* and *Dalury* confronted Kafkaesque terms effectively prohibiting legal recourse. This case, to the contrary, is Mr. Traudt's attempt to evade a longstanding, model arbitration clause, repeatedly enforced by the Supreme Court, that refers his case to

---

[3] In gleefully misstating matters of fact, Plaintiff is treating legal process as his plaything, presumably because he feels himself immune from the natural consequences of doing so. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies . . . the factual contentions have evidentiary support[.]").

[4] Assuming the applicability of Vermont law. *Cf. Stinger v. Chase Bank, USA, NA*, 265 Fed. App'x 224, 228 (5th Cir. 2008) ("To determine what state's law applies to the question of unconscionability, we use . . . the choice of law provisions in the [relevant agreements]") (and cases cited therein); *Gay v. CreditInform*, 511 F.3d 369, 390 (3d Cir. 2007) (similar).

an impartial forum acknowledged by federal statute and regulated by the United States Securities and Exchange Commission. *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 81 (2002) (interpreting and upholding arbitration clause with like terms); *Shearson/American Express v. McMahon*, 482 U.S. 220, 233–34 (1987) (holding earlier grounds for "mistrust of arbitration" did "not hold true today for arbitration procedures subject to the SEC's oversight authority"); 15 U.S.C. § 78o(*o*) (authorizing Securities and Exchange Commission to regulate customer arbitration agreements). The arbitration agreements at issue in this case are, therefore, enforceable as a matter of federal law. *See id.*; *see also, e.g.*, *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530 (2012); *Southland Corp. v. Keating*, 465 U.S. 1 (1984).

*Third*, Plaintiff's motion is simply a reformulation of arguments he has already made. *See Latouch v. N. Cnty. Union High Sch. Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("'The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. . . . [A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'")).

For the foregoing reasons, the Court should deny Plaintiff's motion for reconsideration.

DATED at Burlington, Vermont, this 13th day of January, 2025.

       By: */s/ Justin B. Barnard*
          Justin B. Barnard, Esq.
          Anne B. Rosenblum, Esq.
          **DINSE P.C.**
          209 Battery Street
          Burlington, VT 05401
          Tel: (802) 864-5751
          jbarnard@dinse.com
          arosenblum@dinse.com

          Jeff Goldman, Esq. (admitted *pro hac vice*)
          Felipe Escobedo, Esq. (admitted *pro hac vice*)
          **MORGAN, LEWIS & BOCKIUS LLP**
          One Federal Street
          Boston, MA 02110
          Tel: (617) 341-7700
          jeff.goldman@morganlewis.com
          felipe.escobedo@morganlewis.com

          *Counsel for Charles Schwab & Co., Inc. and Schwab Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, the foregoing document and the exhibits cited therein are being filed through the CM/ECF system and that a copy of the same will be sent electronically to all registered participants. A paper copy of the foregoing document and exhibits will also be sent to the Plaintiff, at the address stated on his Complaint.

                                                */s/ Justin B. Barnard*
                                                Justin B. Barnard