UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
*************************************
SCOTT TRAUDT,                        *
Plaintiff                            *
                                     *
v.                                   *    Docket Number: 2:24-cv-00782
                                     *    **JURY TRIAL DEMANDED**
ARI RUBENSTEIN                       *
Defendant                            *    2ND Amended Complaint
                                     *
GTS SECURITIES LLC                   *
GTS EQUITY PARTNERS LLC              *
GTS EXECUTION SERVICES LLC           *
Defendant                            *
                                     *
CHARLES W. SCHWAB AND CO. INC.       *
SCHWAB HOLDINGS, INC.                *
Defendant                            *
                                     *
FINANCIAL INDUSTRY                   *
REGULATORY AUTHORITY                 *
Defendant                            *
                                     *
GARY GENSLER                         *
US SECURITIES AND EXCHANGE           *
COMMISSION                           *
Respondent                           *
                                     *
*************************************
```

### Plaintiff's Reply to Defendant Schwab's Objection to the Motion for Reconsideration

Plaintiff Scott Traudt ("Traudt" or "Plaintiff") files this objection to correct the "alternative history" presented with Charles Schwab and Co. Inc.'s ("Schwab") objection.

<u>1. Schwab's history in the MMTLP trading and in its contractual relationship with Traudt and approximately 7,500 other Schwab clients in MMTLP is best seen in microcosm with the evidence presented in *Traudt v. Rubenstein* across multiple motions and responses:</u>

1

A. After Traudt purchased his shares on 30 November 2022 and the trading halt orchestrated by FINRA at Schwab's behest on 9 December 2022, Traudt filed a notice of litigation email to Schwab on or about 22 December 2022.

B. Traudt demanded payment for his shares at amounts varying from $5000 to $7500.

C. Schwab didn't acknowledge those emails.

D. Traudt filed a 26 June 2024 request for information with Schwab regarding trading in MMTLP. Schwab refused to respond.

E. In October, 2024, Traudt filed a complaint with the Securities and Exchange Commission with Schwab. The SEC acknowledged receiving the complaint but has taken no action. Upon information and belief, Schwab has not even been asked by the SEC to respond to the complaint fully 4 months after their receipt of it.

F. On 20 March 2023, Traudt had a well-documented phone call with TDA/Schwab broker Cameron Fleming in which Schwab that the true trading share price of MMTLP was one hundred times the reported "lit" price and that Schwab requested the U3 halt to "protect itself" or something similar.

G. Traudt requested a playback of the audio on or about 22 March 2023. TDA/Schwab at first said that was acceptable, then in subsequent days refused.

H. Multiple emails that are a part of the record in this case show Schwab went through feats of SEC rule contortionism (admitting they destroyed Traudt's records and the audio) and later, from 14 to 18 September 2024, admitted they destroyed the audio recording that would be pivotal not just to Traudt's recovery but also to the 65,000 other shareholders in MMTLP – not just those holding Schwab accounts.

2

I. Schwab's statements preceding *Traudt* and during show that depending on what day of the week it was or what Schwab *apparatchik* was responding ran the gamut of every conceivable excuse not to release trading, audio, or account data to Traudt. At best, Schwab's responses can be paraphrased as:

"We have the audio and we can play it back for you."

"We have the audio, and we can play it back for you, but you can't record it."

"We have the audio, but we'd rather not play it back for you. We'd prefer for you to talk to one of our most awesome customer service reps about the loss of your MMTLP holdings' investment value. Have a nice day!"

"We have the audio but we won't play it back for you because that's our policy."

"What audio?"

"We have to keep account records and phone call recordings for at least 3 years per SEC rules."

"We are moving your records from TDA to Schwab."

"We don't have to store your records for 3 years. Its company policy."

"We will preserve all your records when we move them from TDA to Schwab."

"We deleted your emails and account records when we moved from TDA to Schwab."

"What emails and trading records?"

"We did a search of our databases on 17 September 2024 and there is no audio stored."

"We found your audio record in October 2024."

"We won't release your newly found audio."

"We know you will get large discovery in arbitration but we can't release your records now in 2025."

3

"We are telling the US District Court in Vermont that you have every right to your trading records and discovery in arbitration but we'd rather not stipulate (as you asked us to do via email on 27 January 2025) to an agreement whereby we agree to release them to you after we escape containment in this case and get into our comfort zone in arbitration."

2. Schwab speaks with forked-tongue

Its laughable that Schwab tells this Court in its objection that Traudt will get full discovery in arbitration. The travel of anything in arbitration where industry "experts" or former or present broker-dealers or industry reps are one of the three as per the FINRA rules means Traudt – like all others before him – will start out of the gate handicapped. Schwab's filing is at odds with its own client agreement which states discovery will be "limited," too, so again Schwab gets to play fast and loose with the rules because "might makes right."

3. The Court is approving arbitration even with undeniable evidence of spoliation

For this Court to see clear and undeniable evidence of Schwab's malfeasance contractually and uncontestable proof that they are running over SEC rules to save their bottom line and for this Court to ignore nor not even rule on the spoliation evidence will, if Traudt is sent to arbitration, constitute a miscarriage of justice in this Court.

4. Redress of grievances in Congress is impossible as Congress is in on the grift

Americans who saw Grand Theft Stock Market take place on 9 December 2022 in the MMTLP fiasco have lobbied Congress and the SEC for two years to no avail. The courts are our last hope. One chart from one member of Congress alone tells this Court exactly why we have nowhere else to go; this guy has (as of this writing) 3,099 trades valued at over $322 million:[1]

---

[1] See https://www.quiverquant.com/congresstrading/politician/Josh%20Gottheimer-G000583

4



Wherefore:

1. Traudt respectfully submits this and requests this Court to allow Traudt to continue litigation outside of arbitration, that this Court reverse its decision to enforce arbitration, with the offer from Traudt that he will terminate all litigation in this matter against Schwab if Schwab produces its Consolidated Audit Trail Records and electronic blue sheet data (EBS) in MMTLP as of 9 December 2022 and the data shows Schwab did not oversell MMTLP nor did Schwab have any unclosed short positions on its books.

2. Any other relief this Court deems necessary.

Dated: January 28, 2025

Scott Traudt, *pro se ipso*
191 Kibling Hill Road
Strafford, VT 05072

I hereby certify that a true copy of the foregoing was sent to all named defendants and respondent at the addresses delineated below either by 1st Class mail or via email on this 28th day of January, 2025.

SCOTT TRAUDT

**Ari Rubenstein/GTS Securities LLC** Atty. Jonathan R. Voegele, Morris Kandinov LLP, 4915 Mountain Rd., Stowe, VT 05672

**Ari Rubenstein/GTS Securities LLC** Atty. Aaron T. Morris, Morris Kandinov LLP, 4915 Mountain Rd., Stowe, VT 05672

**Ari Rubenstein/GTS Securities LLC** Atty. Jonathan Miller, Williams, Barber & Morel Ltd., Willis Tower, 233 S. Wacker Dr., Ste. 6800, Chicago, IL 60606

**Ari Rubenstein/GTS Securities LLC** Atty. Stephen Fraser, Williams, Barber & Morel Ltd., Willis Tower, 233 S. Wacker Dr., Ste. 6800, Chicago, IL 60606

6

**FINRA** Atty. Walter Judge, DRM, 199 Main St. POB 190 Burlington VT 054020-190

**FINRA** Atty. John P. Mitchell, Faegre, Drinker, Biddle & Reath LLP 105 College Road East 105 College Road East, POB 627 Princeton NJ 08542-0627

**Schwab** Atty. Justin Barnard, Dinse P.C. 209 Battery St., Burlington VT 05401

**Schwab** Atty. Anne B. Rosenblum, Dinse P.C. 209 Battery St., Burlington VT 05401

**Schwab** Atty. Felipe Escobedo, Morgan, Lewis & Bockius LLP One federal St., Boston MA 02110-1726

**Schwab** Atty. Jeff Goldman Morgan, Lewis & Bockius LLP One federal St., Boston MA 02110-1726

**SEC** Atty. Mike Bailey 100 F Street, NE Washington, D.C. 20549