UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SCOTT TRAUDT,
Case No. 2:24-cv-0782
*Traudt v. Rubenstein*

## NOTICE OF SUPPLEMENTAL AUTHORITIES

TO THE HONORABLE COURT:

Plaintiff Scott Traudt respectfully submits this Notice of Supplemental Authorities to bring to the Court's attention newly relevant legal and factual developments regarding the constitutional validity of Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"). These developments have direct and material bearing on Plaintiff's claims in his Second Amended Complaint challenging FINRA's constitutionality, particularly under the Appointments Clause and separation of powers principles.

INTRODUCTION

On February 11, 2025, the United States Department of Justice ("DOJ") filed a letter in *Axalta Coating Systems LLC v. FAA*, No. 23-2376 (3d Cir.), notifying the court that the Acting Solicitor General has determined that multiple layers of removal restrictions on administrative law judges ("ALJs") violate the separation of powers doctrine and Article II of the U.S. Constitution. Consequently, the United States will no longer defend these ALJs in litigation.

This position aligns with Plaintiff's argument that FINRA, as an entity exercising governmental regulatory power, is similarly unconstitutional due to its lack of accountability and multiple layers of insulation from executive control. Given that the DOJ has declined to defend ALJs under similar legal reasoning, FINRA's status as an unconstitutional SRO is further underscored.

LEGAL IMPLICATIONS OF THE DOJ'S POSITION

The DOJ's decision to abandon its defense of administrative law judges mirrors prior instances where the government's refusal to defend an agency structure resulted in courts striking down unconstitutional frameworks. These precedents include:

1. *Seila Law LLC v. CFPB*, 591 U.S. 191 (2020)
   - The DOJ refused to defend the Consumer Financial Protection Bureau's ("CFPB") leadership structure, leading the Supreme Court to find the agency's design unconstitutional under separation of powers doctrine.
   - This case underscores that when the DOJ declines to defend an agency's structure, the courts often find constitutional defects.
2. *Collins v. Yellen*, 594 U.S. ___ (2021)

1

- The DOJ's refusal to defend the Federal Housing Finance Agency's ("FHFA") structure played a role in the Supreme Court ruling that the agency's insulation from presidential removal was unconstitutional.
- This precedent directly parallels the multiple layers of protection insulating FINRA from executive oversight.

3. *Lucia v. SEC*, 585 U.S. 237 (2018)
   - The DOJ conceded that SEC ALJs were improperly appointed under the Appointments Clause, leading the Court to rule their structure unconstitutional.
   - Similar deficiencies exist in FINRA's structure, where regulatory and adjudicatory authority is exercised without compliance with constitutional appointment procedures.

FINRA'S MULTIPLE LAYERS OF PROTECTION FROM EXECUTIVE CONTROL

The DOJ's stance in *Axalta Coating Systems* further highlights that quasi-governmental entities insulated from presidential control violate the Constitution. FINRA's leadership and oversight mechanisms present even greater constitutional deficiencies:

- FINRA's board is composed of unelected officials with rulemaking authority over securities markets, yet it lacks direct presidential oversight or removal power.
- FINRA enforces securities laws without being subject to removal by the President or any elected official, violating Article II's vesting of executive power in the President.
- The SEC's oversight of FINRA is largely illusory, as FINRA acts independently while cloaking itself as a private entity when convenient and as a regulator when challenged.

CONCLUSION

The DOJ's decision not to defend ALJs under *Axalta Coating Systems* solidifies that entities exercising regulatory power without presidential oversight violate the separation of powers doctrine. The same reasoning applies to FINRA, whose existence as a privately-controlled yet governmentally-empowered entity raises serious constitutional concerns.

Accordingly, Plaintiff respectfully requests that this Court take judicial notice of these developments and permit all constitutional claims against FINRA in Plaintiff's Second Amended Complaint to proceed in full.

Please see attached letter from the USDOJ.

Respectfully submitted,

*/s/ Scott Traudt*

Scott Traudt
Plaintiff, Pro Se



**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 532-4747

February 11, 2025

**By CM/ECF**

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

>  Re:   *Axalta Coating Systems LLC v. FAA,* No. 23-2376 (argument scheduled for Feb. 20, 2025)

We file this letter to notify the Court that the Acting Solicitor General has decided that the multiple layers of removal restrictions for administrative law judges in 5 U.S.C. § 7521 do not comport with the separation of powers and Article II and that the United States will no longer defend them in litigation.

Accordingly, at the oral argument scheduled for February 20, the government does not intend to press its merits defense of § 7521. Answering Br. 41-47. But the government continues to argue that petitioner must demonstrate compensable harm from an allegedly unconstitutional removal restriction, Answering Br. 48-49, and the Court can resolve petitioner's removal claim on that ground. *See NLRB v. Starbucks Corp.,* 125 F.4th 78, 88-89 (3d Cir. 2024).

Sincerely,

*/s/ Joshua M. Salzman*
Joshua M. Salzman
U.S. Department of Justice
Civil Division, Appellate Staff