UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| SCOTT TRAUDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-00782 |
| ) | |
| ARI RUBINSTEIN, ) | |
| GTS SECURITIES, LLC, ) | |
| CHARLES W. SCHWAB & CO., INC., ) | |
| FINANCIAL INDUSTRY ) | |
| REGULATORY AUTHORITY, and ) | |
| GARY GENSLER, ) | |
| ) | |
| Defendants. ) | |

### FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S RESPONSE TO PLAINTIFF SCOTT TRAUDT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby responds to the Notice of Supplemental Authorities ("NSA") [ECF No. 133] submitted by Plaintiff Scott Traudt ("Plaintiff") in further support of Plaintiff's pending Motion for Leave to File Second Amended Complaint ("Motion to Amend") [ECF No. 112].

The NSA provides the Court with notice of a February 11, 2025 letter from the Department of Justice ("DOJ") announcing that it will not defend against a constitutional challenge to executive removal restrictions placed on administrative law judges ("ALJ") under 5 U.S.C. § 7521

1

in an unrelated case pending in the Third Circuit, *Axalta Coating Systems LLC v. FAA*, No. 23-2376 (3d Cir.). The NSA should be rejected for multiple reasons.[1]

First, the DOJ letter on which Plaintiff relies is not "supplemental authority." It does not represent binding precedent—or even a non-binding decision. It is simply a statement by the DOJ made in an unrelated case.

Second, the NSA also constitutes an unauthorized sur-reply, as Plaintiff improperly uses the DOJ's letter as an excuse to introduce new arguments relating to cases decided in 2018, 2020 and 2021. *See* NSA p. 1-2 (citing *Collings v. Yellen*, 594 U.S. 220 (2021), *Seila Law LLC v. CFPB*, 591 U.S. 191 (2020), and *Lucia v. SEC*, 585 U.S. 237 (2018)). Notices of supplemental authority (where permitted) are not properly used to inform a court of years-old decisions. *See B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021) ("The purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it, not a venue for submission of additional argument or factual evidence."); *Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013) (noting that notices of supplemental authority under Fed. R. App. P. 28(j) are meant to "advise the court of 'new authorities' a party has learned of . . . not to interject a long available but previously unmentioned issue for decision.").

Third, none of the cases Plaintiff cites in the NSA are relevant to Plaintiff's Motion to Amend. They deal with the constitutional limits of **government agency** authority, not Congressional authority to establish self-regulatory organizations ("SRO") like FINRA. Every

---

[1] As a threshold matter, FINRA notes that while Federal Rule of Appellate Procedure 28(j) allows for filing a notice of supplemental authorities "[i]f pertinent and significant authorities come to a party's attention after the party's brief has been filed" [*see* Fed. R. App. Pr. 28(f)], there is no provision in this Court's Local Civil Rules or the Federal Rules of Civil Procedure for submitting notices of supplemental authorities. Accordingly, Plaintiff's submission should be stricken outright on those grounds.

Circuit Court to consider the question, including the Second Circuit, has found that FINRA (and its predecessor, NASD) is not a government agency. *See* FINRA Opposition to Motion to Amend, ECF No. 123, pp. 22-24 (citing, among others, *D.L. Cromwell Invs., Inc. v. NASF Reg., Inc.*, 279 F.3d 155, 162 (2d. Cir. 2002) ("It has been found, repeatedly, that the NASD itself is not a government functionary.")).

Respectfully submitted this 3rd day of March, 2025

                DOWNS RACHLIN MARTIN PLLC

                By:    /s/ Matthew S. Borick
                        Walter E. Judge, Jr.
                        Matthew S. Borick
                        199 Main Street, P.O. Box 190
                        Burlington, VT  05402-0190
                        Telephone: 802-863-2375
                        Fax: 802-862-7512
                        E-mail: wjudge@drm.com
                        E-mail: mborick@drm.com

                        John P. Mitchell, *Pro Hac Vice*
                        Faegre Drinker Biddle & Reath, LLP
                        105 College Rd. East, P.O. Box 627
                        Princeton, NJ  08542
                        Telephone: 609-716-6500
                        Fax: 609-799-7000
                        Email: john.mitchell@faegredrinker.com

                        *Attorneys for Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on Monday, March 3, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties. In addition, an electronic copy of the filed document is being e-mailed to all parties in the case.

                                                                   /s/ Matthew S. Borick
                                                                   Matthew S. Borick

23390547.1