## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| SCOTT TRAUDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00782 |
| | ) | |
| ARI RUBINSTEIN, | ) | |
| GTS SECURITIES, LLC, | ) | |
| CHARLES W. SCHWAB & CO., INC., | ) | |
| FINANCIAL INDUSTRY | ) | |
| REGULATORY AUTHORITY, and | ) | |
| GARY GENSLER, | ) | |
| | ) | |
| Defendants. | ) | |

### FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S RESPONSE TO PLAINTIFF SCOTT TRAUDT'S MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S REPLY MEMORANDUM WITH NEW EVIDENCE

### PRELIMINARY STATEMENT

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") opposes Plaintiff Scott Traudt's ("Plaintiff") latest improper motion seeking leave to inundate the Court and the parties with irrelevant materials he read about on the internet concerning a separate proceeding completely unrelated to FINRA (the "Motion to Supplement") [ECF No. 137]. Much of what Plaintiff identifies as "new" evidence was cited in this case long ago, the rest is irrelevant, and none of it bears on the Court's analysis of the futility of Plaintiff's claims against FINRA in the proposed Second Amended Complaint.

The Court should deny the Motion to Supplement, and FINRA also requests that the Court impose sanctions. Plaintiff has been warned against vexatious motion practice. [ECF No. 102 ("Plaintiff is also warned of vexatious filings.")]. Still, he continues to wield his *pro se* status as both a sword and a shield, filing volumes of procedurally improper motions lacking any basis in

1

fact or law without repercussion. This unnecessarily imposes significant burden and expense on FINRA, and sanctions are appropriate to deter further frivolous filings.

Plaintiff's actions have other consequences as well. Notably, on March 10, 2025, Plaintiff posted screenshots on his public X (formerly Twitter) account of an email exchange with FINRA's counsel regarding his plans to file yet another motion in addition to this one, claiming in the post that "FINRA's newest attorney [was] threaten[ing] him with sanctions . . . ." A screenshot of this post is attached hereto as **Exhibit A.** Since that post, FINRA's counsel has received multiple harassing phone calls, including veiled threats, from a wireless number located in Burnsville, Minnesota, which appears to be associated with an MMTLP "community" member. While FINRA's counsel considers separate, appropriate action in response, Plaintiff's vexatious litigation tactics will likely yield further unwarranted threats and harassment.

Accordingly, in addition to denying the Motion to Supplement, FINRA requests that the Court sanction Plaintiff by imposing costs and requiring that he seek and be granted leave from the Court prior to engaging in any further motion practice.[1]

## ARGUMENT

There is no factual or legal basis for Plaintiff's Motion to Supplement.

First, Plaintiff claims that good cause exists for the Court to grant his Motion to Supplement based on "critical new evidence from *SEC v. Brda* . . . consisting of subpoenas and motions which correlate with emails . . . from FINRA's Sam Draddy to SEC personnel." [ECF No. 137, at p. 2]. This "new" evidence consists of

---

[1] Although Plaintiff's present motion is titled as a "motion for leave" to file a supplemental reply, the 10-page motion itself – combined with its 60 pages of attachments – essentially *is* the supplemental reply.

      i.      "[E]mails from FINRA's Sam Draddy and others from November 29, 2021 through to December 5, 2022, to SEC personnel, acknowledging FINRA's fraud/manipulation investigation of MMTLP pre-halt . . . had been going one [sic] for at least a year before the halt"; and

      ii.      Two subpoenas from the SEC to John Brda seeking records in the *In the Matter of Torchlight Energy Resources, Inc.* (FW-04461) bankruptcy case and a motion to exclude evidence filed by John Brda in *SEC v. Brda* et al., Case No.: 4:24-cv-01048-SDJ (E.D. Tex. 2024).

[*See* ECF No. 137, at p. 3].

This "evidence" is neither relevant nor "newly discovered." First, the Sam Draddy emails that Plaintiff cites are not new by any stretch of the imagination. Indeed, Plaintiff's Proposed Second Amended Complaint already includes quotations from these emails. [ECF No. 112-3, ¶¶ 82, 84]. Moreover, the emails attached to Plaintiff's Motion to Supplement (as Exhibit D) are identical to the emails included in Appendix G to Plaintiff's August 2024 Motion for a Preservation Order [*Compare* ECF No. 137-4, Exh. D *with* ECF No. 13-8, Appx. G]. Thus, Plaintiff has had these emails since at least August 2024, and, even if they were relevant (which they are not), any supplementation related to these emails would be duplicative, unnecessary, and completely counter to the intent and objective of filing a motion to supplement.

Second, the subpoenas the SEC may have issued to John Brda and the motion to exclude evidence in the *SEC v. Brda* case are completely irrelevant to Plaintiff's pending Motion for Leave to File a Second Amended Complaint ("Motion to Amend") [ECF No. 112], which depends entirely on the viability of Plaintiff's proffered causes of action as a matter of law, and not on any evidentiary showing. But even if the supposed evidence were new, or implicated FINRA conduct

3

(which it does not), the causes of action asserted in the proposed Second Amended Complaint are not viable. FINRA's Opposition to the Motion to Amend [ECF No. 123] sets forth fully dispositive arguments, including, among others, that the Second Amended Complaint is barred by FINRA's regulatory immunity, and there is no private right of action against FINRA for alleged market manipulation or negligent oversight, which require that the Motion to Amend be denied.

Finally, the Motion to Supplement lacks legal basis. Plaintiff misstates the holding in *Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008), which did not allow "supplementation for new facts under FRCP 15(d) and 6(b)(1))." [ECF No. 137, at p. 3]. Rather, in *Ruotolo*, the Second Circuit affirmed the district court's decision denying plaintiff's post-judgment motion to file an amended complaint because, among other things, the information that plaintiff sought to add had been known to him prior to filing his motion to amend. *Ruotolo*, 514 F.3d at 191-92.[2]

The reality is that Plaintiff's Motion to Supplement improperly seeks leave to file a second reply, highlighting the vexatious nature of his litigation strategy. After forcing FINRA to expend substantial resources engaging in motion practice to defend against the spurious allegations in his First Amended Complaint, Plaintiff voluntarily dismissed his claims and filed his Motion to Amend [ECF Nos. 88, 103, 112]. Now, with the Motion to Amend fully briefed, Plaintiff wants to supplement it with aged and immaterial information. In other words, after 136 docket entries, and

---

[2] The remaining cases Plaintiff cites are irrelevant and do not warrant further discussion. *See e.g.*, *See Knelman v. Middlebury College*, 570 Fed. Appx. 66, 68 (2d Cir. 2014) (discussing a fiduciary relationship among the parties to that case which does not exist between FINRA and Plaintiff, or any other MMTLP shareholder); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) (interpretating Rule 9006 of the Bankruptcy Rules of Procedure—not any standard under the Federal Rules of Civil Procedure—and "excusable neglect" which is irrelevant here because the information Plaintiff seeks to add is neither recently discovered nor highly relevant); *In re Petition of Stowell*, 2008 VT 48, 184 Vt. 192, 958 A.2d 1114 (Vt. 2008) (FINRA is unable to locate this case, but Plaintiff cites it for the standard for amending filings under the Vermont Rules of Civil Procedure, which is not relevant to standard under the Federal Rules of Civil Procedure) (s*ee McNamara v. Dionne*, 298 F.2d 352, 355 (2d Cir. 1962) ("[F]ederal courts are not bound by procedural rules of the States . . . , even though the outcome of the litigation might be different.") (citation omitted)).

without an operative complaint on file due to his own voluntary dismissal, Plaintiff files his *twenty-ninth* (29th) motion, now asking that he be able to further explain why he should be granted leave to file another complaint. [ECF No. 137].

Plaintiff's antics should not be tolerated any longer. FINRA respectfully requests that the Court deny Plaintiff's Motion to Supplement, deny Plaintiff's Motion to Amend, impose sanctions and costs, and require that Plaintiff seek and obtain leave of Court prior to making any additional motions in this action.

Respectfully submitted this 18th day of March, 2025.

                DOWNS RACHLIN MARTIN PLLC

By:   /s/ Matthew S. Borick
      Walter E. Judge, Jr.
      Matthew S. Borick
      199 Main Street, P.O. Box 190
      Burlington, VT 05402-0190
      Telephone: 802-863-2375
      Fax: 802-862-7512
      E-mail: wjudge@drm.com
      E-mail: mborick@drm.com

      John P. Mitchell, *Pro Hac Vice*
      Faegre Drinker Biddle & Reath, LLP
      105 College Rd. East, P.O. Box 627
      Princeton, NJ 08542
      Telephone: 609-716-6500
      Fax: 609-799-7000
      Email: john.mitchell@faegredrinker.com

      *Attorneys for Financial Industry Regulatory Authority, Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on Tuesday, March 18, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties. In addition, an electronic copy of the filed document is being e-mailed to all parties in the case.

                  /s/ Matthew S. Borick
                  Matthew S. Borick

23426440.1

DMS_US.369958495.4