UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SCOTT TRAUDT,

Plaintiff,

v.

ARI RUBINSTEIN, GTS SECURITIES
LLC, GTS EQUITY PARTNERS LLC,
GTS EXECUTION SERVICES LLC,
CHARLES W. SCHWAB AND CO. INC.,
SCHWAB HOLDINGS, INC., FINANCIAL
INDUSTRY REGULATORY AUTHORITY,

Defendants,

CASE NO.  2:24-cv-782

## DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM

Plaintiff Scott Traudt ("Traudt"), despite this Court's repeated warnings about vexatious and frivolous litigation activity, just obtained from the Clerk and served a subpoena to third-party U.S. Securities and Exchange Commission ("SEC") seeking irrelevant information at a time when no active complaint is even on file in this matter.  In fact, Traudt's Motion for Leave to File a Second Amended Complaint has not yet been ruled upon and is still merely under submission with the Court.  [ECF No. 112].

Under the circumstances, Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby moves to quash Traudt's subpoena duces tecum[1] pursuant to Rule 45 of the Federal Rules of Civil Procedure.

---

[1] A true and correct copy of Traudt's subpoena is attached as **Exhibit A** to the Declaration of John P. Mitchell, which is filed with this Motion.

Absent a showing of good cause, "[a] party may not seek discovery *from any source* before

the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1); *see also Ayyash v.*

*Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005); *North Atlantic Operating Co., Inc. v.*

*Evergreen Distributors, LLC*, 293 F.R.D. 363, 373 (E.D.N.Y. Oct. 4, 2013) ("Requests for leave

to issue a subpoena to a third-party prior to the required FRCP 26(f) conference are subject to the

same 'reasonableness' and good cause test . . . concerning expedited discovery.").[2] And a plaintiff

cannot establish good cause without an active complaint. *See, e.g., K-Beech, Inc. v. Does 1-29*,

2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2011) (denying request for third-party subpoena

prior to Rule 26(f) conference because plaintiff "has not pleaded a prima facie claim . . . .").

Here, Traudt has not pled a prima facie claim. Indeed, he has not pled anything because,

at present, there is no active complaint. Traudt voluntarily dismissed his first amended complaint

on November 8, 2024. [ECF No. 88]. Based on his dismissal, the Court denied FINRA's motion

for a protective order staying all discovery as moot because no discovery is permitted when there

are no active claims pending. [ECF No. 108].

The only issue presently before the Court is Traudt's Motion for Leave to File a Second

Amended Complaint. [ECF No. 112]. Traudt's subpoena is further improper because, like his

prior motion for expedited discovery [ECF No. 14], it is nothing more than a "thinly veiled attempt

to circumvent the normal litigation process" inasmuch as it similarly lacks good cause. *In re*

*Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142 (D.D.C. 2005); *see also* [ECF No. 82

---

[2] Traudt appears to have obtained a subpoena duces tecum from the Clerk of Court under Rule 45(a)(3) of the Federal Rules of Civil Procedure, but no Rule 26(f) conference has occurred. Thus, under Rule 26(d)(1), before requesting a third-party subpoena from the Clerk of Court, Traudt was required to obtain a stipulation or court order. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). Traudt ignored this requirement, instead requesting the subpoena directly from the Clerk of Court, who was required to issue the subpoena (despite the request being improper). *See* Fed. R. Civ. P. 45(a)(3) ("The clerk *must* issue a subpoena, signed but otherwise in blank, to a party who requests it.") (emphasis added).

(denying Traudt's motion for expedited discovery because he "ha[d] not shown 'good cause' for expediting discovery.")]. Simply put, Traudt was unable to establish good cause for expedited discovery while he had an active complaint on file. Without an active complaint, he certainly cannot establish good cause now. As a matter of law, third-party subpoenas are not a vehicle for discovering potential claims prior to the filing a viable complaint. *See, e.g., Micro Motion v. Kane Steel Co.*, 894 F.2d 1318, 1327-28 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request."). Accordingly, for these reasons, FINRA respectfully requests that the Court quash Traudt's subpoena to the SEC.

Respectfully submitted this 7th day of April, 2025.

DOWNS RACHLIN MARTIN PLLC

By:    /s/ Matthew S. Borick
       Walter E. Judge, Jr.
       Matthew S. Borick
       199 Main Street, P.O. Box 190
       Burlington, VT 05402-0190
       Telephone: 802-863-2375
       Fax: 802-862-7512
       E-mail: wjudge@drm.com
       E-mail: mborick@drm.com

       John P. Mitchell, *Pro Hac Vice*
       Faegre Drinker Biddle & Reath, LLP
       105 College Rd. East, P.O. Box 627
       Princeton, NJ  08542
       Telephone: 609-716-6500
       Fax: 609-799-7000
       Email:john.mitchell@faegredrinker.com

       *Attorneys for Financial Industry Regulatory Authority, Inc.*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Monday, April 7, 2025, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing to counsel for the parties. In addition, an electronic copy of the filed document is being e-mailed to all parties in the case.

_/s/ Matthew S. Borick_
Matthew S. Borick

23473011.2