U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 APR 16 PM 4:05

CLERK

BY /s/ LMW
DEPUTY CLERK

SCOTT TRAUDT, )
)
Plaintiff, )
)
v. ) Case No. 2:24-cv-782
)
ARI RUBENSTEIN, )
GTS SECURITIES LLC, )
GTS EQUITY PARTNERS LLC, )
GTS EXECUTION SERVICES LLC, )
CHARLES W. SCHWAB AND CO. INC., )
SCHWAB HOLDINGS, INC., )
FINANCIAL INDUSTRY REGULATORY )
AUTHORITY, )
Defendants. )

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT**
(Docs. 117, 135)

Plaintiff Scott Traudt brings this action against Defendants Ari Rubenstein, GTS Securities LLC, GTS Equity Partners LLC, GTS Execution Services LLC, Charles W. Schwab and Co. Inc., Schwab Holdings, Inc., and the Financial Industry Regulatory Authority ("FINRA") seeking damages for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j; Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; and Vermont Uniform Securities Act, 9 V.S.A. § 5605.[1] Plaintiff's claims against Schwab are related to his purchase of "Non-Voting Series A Preferred Shares of Meta Materials" ("MMTLP") on November 30, 2022, through his TD Ameritrade brokerage account. (Doc. 4 at 2.)

---

[1] Plaintiff abandoned most of his claims and the court subsequently dismissed them on November 19, 2024. (Doc. 103.) Plaintiff made a motion to file a Second Amended Complaint that is still pending. (Doc. 112.)

On December 16, 2024, the court granted Schwab's motion to stay this action and refer the matter to arbitration. (Doc. 113.) Plaintiff moved for reconsideration pursuant to Fed. R. Civ. P. 59(e) on December 30, 2024. (Doc. 117.) Schwab filed a response on January 13, 2025, (Doc. 124), and Plaintiff replied on January 31, 2025, (Doc. 129), at which point the court took the motion for reconsideration under advisement. On February 28, 2025, Plaintiff filed a motion for relief from judgment from the same order under Fed. R. Civ. P. 60(b). (Doc. 135.) Schwab responded on March 10, 2025, (Doc. 138), and Plaintiff did not file a reply.

Plaintiff is self-represented. Schwab is represented by Anne B. Rosenblum, Esq., Jeff Goldman, Esq., Justin B. Barnard, Esq., and Luis Felipe Escobedo, Esq.

## I.    Conclusions of Law and Analysis.

Rule 59 allows parties to file "[a] motion to alter or amend a judgment[,]" Fed. R. Civ. P. 59(e), and Rule 60 allows "the court [to] relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons, Fed. R. Civ. P. 60(b). For purposes of Rule 59(e), a judgment is defined to "include 'a decree and any order from which an appeal lies.'" *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 396 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 54(a)). Because Rule 60(b) only applies to "final" judgments and orders, "[c]ourts in this Circuit have found that Rule 60(b) motions may not be brought against interlocutory orders[.]" *Up State Tower Co., LLC v. Town of Southport, New York*, 468 F. Supp. 3d 583, 593 (W.D.N.Y. 2020).

Although Plaintiff styles his motions as seeking reconsideration under Rule 59(e) and relief from judgment under Rule 60(b), the court's December 16, 2025 order granting Schwab's motion to stay this action and refer the matter to arbitration was neither a final judgment for the purposes of Rule 59(e) nor a final order for purposes of Rule 60(b). *See Bernardino v. Barnes & Noble Booksellers, Inc.*, 763 F. App'x 101, 104 (2d Cir. 2019) (summary order) (holding that district court's entry of stay pending arbitration "was an interlocutory order rather than a final decision" and thus not appealable under the Federal Arbitration Act). Accordingly, neither of these rules provides grounds for relief. *See Kew*

2

*v. Town of Northfield, VT*, 681 F. Supp. 3d 247, 250 (D. Vt. 2023) (finding Rule 59(e) inapplicable because "[t]here has been no judgment in this case yet" and "the case remains ongoing"); *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (summary order) (finding Rule 60(b) inapplicable to motion because counterclaim remained pending and so court had not directed entry of final judgment).

Because Plaintiff brought his motion for reconsideration within fourteen days of the relevant order, the court will construe his arguments in that motion as having been brought under Local Rule 7(c), which allows "[a] motion to reconsider a court order, other than one governed by Fed. R. Civ. P. 59 or 60, [to] be filed within [fourteen] days from the date of the order."[2] In his motion for reconsideration, Plaintiff argues the court failed to address his claims that Schwab spoliated evidence; failed to adequately consider certain Vermont Supreme Court cases relating to exculpatory clauses in contracts; and erred by not finding that Schwab voided any arbitration agreement it had with Plaintiff by acting in bad faith.

"It is well-settled that a party may move for reconsideration and obtain relief only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cole v. Foxmar*, 2022 WL 18456824, at *1 (D. Vt. June 13, 2022) (alteration in original) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v.*

---

[2] Because Plaintiff's Rule 60(b) motion was filed on February 28, 2025, more than fourteen days after the order from which it seeks relief, it was untimely under Local Rule 7(c). "Although the [c]ourt generally requires full compliance with its Local Rules, the [c]ourt may also excuse non-compliance where strict application of the local rules would lead to an unjust result." *Kew*, 681 F. Supp. 3d at 250 (internal quotation marks omitted) (quoting *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 431 (D. Vt. 2009)). Here, Plaintiff's Rule 60(b) motion does not raise any grounds for relief that could not have been included in his earlier motion for reconsideration, and the court declines to consider it. *See United States v. Guillette*, 2024 WL 2819331, at *2 (D. Vt. Apr. 29, 2024) (noting that "*pro se* litigants are not exempt 'from compliance with relevant rules of procedural and substantive law'") (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *Sall v. Seven Days*, 2022 WL 632931, at *1 (D. Vt. Mar. 4, 2022) (explaining that although self-represented parties "are generally accorded leniency when making objections" to a Report and Recommendation, they still must comply with deadlines for objecting).

*YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "[T]he standard for granting a . . . motion for reconsideration is strict[.]" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (alteration adopted) (internal quotation marks omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Id.* (internal quotation marks omitted) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Jenkins v. Miller*, 2021 WL 8343065, at *1 (D. Vt. Mar. 12, 2021) (explaining that "a party may not advance new facts or arguments on a motion for reconsideration that could have been raised before").

In this case, Plaintiff's request for reconsideration seeks to rehash prior arguments and build on them. The Vermont Supreme Court cases he claims the court overlooked are factually dissimilar from this case and not controlling. Plaintiff has identified no new evidence the court failed to consider. Plaintiff's argument that Schwab spoliated evidence does not defeat a valid arbitration agreement. Rather, Plaintiff may raise that as well as his arguments regarding the validity and enforceability of the arbitration agreement before the arbitrator. *See Traudt v. Rubenstein*, 2024 WL 5120050, at *8 (Dec. 16, 2024) (noting that the arbitration clause encompasses controversies "arising out of or relating to" the agreement) (quoting Doc. 8-6 at 9)); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) (noting that "an arbitration provision is severable from the remainder of the contract" and "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance"). Plaintiff's request for reconsideration is therefore DENIED. *See Williams v. Romarm*, 751 F. App'x 20, 24 (2d Cir. 2018) (summary order) (finding motion for reconsideration properly denied where the motion "merely reiterated earlier arguments without 'point[ing] to controlling decisions or data that the court overlooked'") (alteration in original) (*quoting Analytical Survs.*, 684 F.3d at 52).

## CONCLUSION

Based on the foregoing, the court DENIES Plaintiff's motion for reconsideration,

(Doc. 117), and DENIES Plaintiff's motion for relief from judgment under Rule 60(b) (Doc. 135).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of April, 2025.

Christina Reiss, Chief Judge
United States District Court