UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG -7 PM 2: 56

CLERK

BY _CDC_

DEPUTY CLERK

*************************************

SCOTT TRAUDT,                          *
Plaintiff                              *
                                       *
                                       *
v.                                     *
                                       *     Docket Number: 2:24-cv-00782
                                       *     **JURY TRIAL DEMANDED**
ARI RUBENSTEIN                         *
Defendant                              *     2ND Amended Complaint
                                       *
GTS SECURITIES LLC                     *
Defendant                              *
                                       *
CHARLES W. SCHWAB AND CO. INC.         *
SCHWAB HOLDINGS, INC.                  *
Defendant                              *
                                       *
FINANCIAL INDUSTRY                     *
REGULATORY AUTHORITY                   *
Defendant                              *
                                       *
GARY GENSLER                           *
US SECURITIES AND EXCHANGE             *
COMMISSION                             *
Respondent                             *
                                       *
*************************************

## PLAINTIFF TRAUDT'S MOTION FOR AN EXTENSION OF TIME OF 90 DAYS TO FILE A MOTION TO AMEND THE COMPLAINT AGAINST DEFENDANT FINRA

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rules 7(a)(4)(A) and 7(a)(7)

of the United States District Court for the District of Vermont, Plaintiff respectfully

moves this Court for an extension of time of ninety (90) days to file a motion to amend

the complaint against Defendant Financial Industry Regulatory Authority (FINRA). In

support of this motion, Plaintiff submits the following:

**Grounds for Extension**

1. Pending Arbitration with Charles Schwab and Co.: The Court has ordered arbitration to resolve Plaintiff's dispute with Defendant Charles Schwab and Co., and Plaintiff intends to refile for arbitration in September 2025. To proceed in an orderly fashion, Plaintiff must prioritize compliance with the Court's order, which impacts the timing of additional filings against FINRA. (Plaintiff filed for arbitration with the American Arbitration Association in July, 2025, but this was objected to by Schwab under the terms of the arbitration agreement. This has been withdrawn. A FINRA approved arbitration board is being filed for.)

2. Financial and Temporal Burden of FINRA's Arbitration: The arbitration process mandated by Plaintiff's arbitration agreement with Charles Schwab and Co. FINRA imposes a significant financial burden on Plaintiff, requiring filing fees of $1,475. (**See Appendix A**). Additionally, according to FINRA's website, the arbitration process is expected to take approximately one year to complete. This extended timeline and cost necessitate careful consideration of the timing of further motions in this matter.

3. Judicial Economy and Pending Related Cases: Several federal courts, including the United States District Court for the Northern District of Texas, are currently reviewing challenges to FINRA's constitutionality that are substantially similar to those raised by Plaintiff in this case. Awaiting decisions in these related cases will provide new legal authorities that may guide and strengthen Plaintiff's motion to amend the complaint. Granting an extension promotes judicial economy by avoiding duplicative or premature litigation on issues pending resolution elsewhere.

4. Plaintiff's Ongoing Litigation Commitments: Plaintiff is currently involved in multiple legal proceedings that further constrain his ability to timely file a motion to amend the

complaint. These include: (a) serving as Plaintiff in *Traudt v. Atkins*, US District Court, District of Vermont, Case No. 2:24-cv-01360-cr; (b) serving as Plaintiff in *Traudt v. Lebanon Police Department et al.*, US District Court, District of New Hampshire, Case No. 23-cv-500-LM-TSM; (c) defending against a Strategic Lawsuit Against Public Participation (SLAPP) filed by a Texas lawyer, Wes Christian, with a history of market manipulation, sanctions, and fraudulent statements to courts and the public, in *Christian v. Traudt*, Cause No. 202508460, 129th Judicial District, Harris County, Texas; and (d) a scheduled hearing on September 4, 2025, in *In Re Meta Materials Inc. Chapter 7 Bankruptcy*, US Bankruptcy Court, District of Nevada, where Plaintiff seeks to disqualify the same attorney, Wes Christian, involved in the Texas defamation suit. Wes Christian serves as a legal advisor to the trustee in the Meta Materials Inc. bankruptcy and has refused to disclose the source of $11 million in litigation funding, which may materially affect Plaintiff's claims in this matter, as Meta Materials Inc. spun off the MMTLP ticker prior to bankruptcy. These concurrent legal obligations significantly limit Plaintiff's capacity to prepare and file the motion to amend within the current timeframe.

5. Plaintiff's Maritime Service Obligations: Plaintiff, a United States sailor under the Jones Act, is a ward of the admiralty and is entitled to certain protections and deference in legal proceedings. Plaintiff is scheduled to be on sea duty from August 12, 2025, to September 10, 2025, during which time he will have limited access to resources and ability to prepare legal filings. Given this maritime service obligation, Plaintiff respectfully requests the Court's deference in granting a defensible extension to accommodate his duties.

**Request for Relief**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant a ninety (90) day extension of time to file a motion to amend the complaint against FINRA. This extension will allow Plaintiff to await decisions in related federal cases, manage ongoing litigation commitments, fulfill his maritime service obligations, conserve judicial resources, and ensure that any motion to amend is informed by the most current legal authorities.

Dated: August __7__, 2025

_____
Scott Traudt, *pro se ipso*
191 Kibling Hill Road
Strafford, VT 05072

I hereby certify that a true copy of the foregoing was sent to all named defendants and respondent at the addresses delineated below either by 1st Class mail or via email on this ___ day of August, 2025.

_____
SCOTT TRAUDT

**Ari Rubenstein/GTS Securities LLC** Atty. Jonathan R. Voegele, Morris Kandinov LLP, 4915 Mountain Rd., Stowe, VT 05672

**Ari Rubenstein/GTS Securities LLC** Atty. Aaron T. Morris, Morris Kandinov LLP, 4915 Mountain Rd., Stowe, VT 05672

**Ari Rubenstein/GTS Securities LLC** Atty. Jonathan Miller, Williams, Barber & Morel Ltd., Willis Tower, 233 S. Wacker Dr., Ste. 6800, Chicago, IL 60606

**Ari Rubenstein/GTS Securities LLC** Atty. Stephen Fraser, Williams, Barber & Morel Ltd., Willis Tower, 233 S. Wacker Dr., Ste. 6800, Chicago, IL 60606

**FINRA** Atty. Walter Judge, DRM, 199 Main St. POB 190 Burlington VT 054020-190

**FINRA** Atty. John P. Mitchell, Faegre, Drinker, Biddle & Reath LLP 105 College Road East 105 College Road East, POB 627 Princeton NJ 08542-0627

**Schwab** Atty. Justin Barnard, Dinse P.C. 209 Battery St., Burlington VT 05401

**Schwab** Atty. Anne B. Rosenblum, Dinse P.C. 209 Battery St., Burlington VT 05401

**Schwab** Atty. Felipe Escobedo, Morgan, Lewis & Bockius LLP One federal St., Boston MA 02110-1726

**Schwab** Atty. Jeff Goldman Morgan, Lewis & Bockius LLP One federal St., Boston MA 02110-1726

**SEC** Atty. Mike Bailey 100 F Street, NE Washington, D.C. 20549